UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE
UNIVERSITY BOARD OF
TRUSTEES,

    Defendant.

Case No. 1:24-cv-01029-HYJ-SJB
Hon. Hala Y. Jarbou
Mag. Sally J. Berens

**Oral Argument Requested**

## DEFENDANT MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES' MOTION TO DISMISS

Defendant Michigan State University Board of Trustees (the "Board") moves to dismiss Plaintiff Dr. Jack Lipton's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of its motion, the Board states:

1.     Dr. Lipton alleges a single claim of First Amendment retaliation against the Board under 42 U.S.C. § 1983.

2.     Dismissal is warranted because the Board is not a "person" under 42 U.S.C. § 1983, and thus not subject to suit.

3.     Dismissal is also warranted because the Board, as an arm of the State, has sovereign immunity under the Eleventh Amendment, protecting it from this suit.

4.     Dr. Lipton has also failed to state a First Amendment retaliation claim against the Board in any event, because his allegations are solely against two

10128075.1

trustees, whose individual actions cannot be attributed to the Board as a corporate body.

5. The Board relies on and incorporates its Brief in Support by reference.

WHEREFORE, Defendant Michigan State University Board of Trustees respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

ZAUSMER, P.C.

s/ Mark J. Zausmer
MARK J. ZAUSMER (P31721)
MICHAEL A. SCHWARTZ (P74361)
JASON M. SCHNEIDER (P79296)
Attorneys for Defendant
32255 Northwestern Highway, S. 225
Farmington Hills, MI 48334
(248) 851-4111; Fax: (248) 851-0100
mzausmer@zausmer.com
mschwartz@zausmer.com
jschneider@zausmer.com

Dated: December 2, 2024

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE
UNIVERSITY BOARD OF
TRUSTEES,

    Defendant.

Case No. 1:24-cv-01029-HYJ-SJB
Hon. Hala Y. Jarbou
Mag. Sally J. Berens

**ORAL ARGUMENT REQUESTED**

# BRIEF IN SUPPORT OF
# DEFENDANT MICHIGAN STATE UNIVERSITY
# BOARD OF TRUSTEES' MOTION TO DISMISS

10128075.1

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Should the Court dismiss Plaintiff Dr. Jack Lipton's claim under 42 U.S.C. § 1983 against Defendant Michigan State University Board of Trustees (the "Board") where courts in this District have consistently held that the Board is an arm of the State and therefore not subject to suit under § 1983?

   The Board says:  Yes.
   Lipton says: No.

2. Is the Board, as an arm of the State, also entitled to dismissal under the sovereign immunity protections afforded to it under the Eleventh Amendment, which courts in this District have also consistently applied to the Board?

   The Board says: Yes.
   Lipton says: No.

3. Has Dr. Lipton failed to state a claim against the Board for First Amendment retaliation where his allegations are solely against two trustees, whose individual actions cannot be attributed to the Board as a corporate body?

   The Board says: Yes.
   Lipton says: No.

ii

10128075.1

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED .................................... ii

INDEX OF AUTHORITIES ........................................................................................ iv

   I.  INTRODUCTION ............................................................................................ 1

   II. FACTUAL ALLEGATIONS ........................................................................... 1

   III. MOTION STANDARDS ................................................................................ 8

   IV. LEGAL ANALYSIS ...................................................................................... 9

     A. Dr. Lipton has failed to state a claim against the Board under 42 U.S.C. § 1983 because the Board is not a "person." ............................................................... 9

     B. The Board is protected from suit by the Eleventh Amendment and sovereign immunity. ................................................................................................... 11

     C. Dr. Lipton has failed to state a claim against the Board because his allegations relate only to the individual actions of two Trustees. .................................. 12

   V. CONCLUSION ............................................................................................. 13

# **INDEX OF AUTHORITIES**

**Cases**

*Amini v. Oberlin Coll.*,
   259 F.3d 493 (6th Cir. 2001) ................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 8

*Catlett v. Washington*,
   2021 WL 3363394 (W.D. Mich. Aug. 3, 2021) ................................................... 10

*Directv, Inc. v. Treesh*,
   487 F.3d 471 (6th Cir. 2007) ................................................................................... 8

*Edelman v. Jordan*,
   415 U.S. 651 (1974) .............................................................................................. 11

*Gardner v. Mich. St. Univ. Bd. of Trustees*,
   2014 WL 558818 (W.D. Mich. Feb. 11, 2014) ..................................................... 10

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*,
   491 F.3d 320 (6th Cir. 2007) ................................................................................... 9

*Hill v. Bd. of Trustees of Mich. St. Univ.*,
   182 F. Supp. 2d 621 (W.D. Mich. 2001) .............................................................. 10

*Hutchins v. Bd. of Trustees of Mich. State Univ.*,
   595 F. Supp. 862 (W.D. Mich. 1984) ................................................................... 10

*Kaplan v. Univ. of Louisville*,
   10 F.4th 569 (6th Cir. 2021) .................................................................................. 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ...................................................................................................9

*McKenna v. Bowling Green State Univ.*,
  568 F. App'x 450 (6th Cir. 2014) ..............................................................................10

*S&M Brands, Inc. v. Cooper*,
  527 F.3d 500 (6th Cir. 2008) .....................................................................................10

*Stephens v. Hayes*,
  374 F. App'x 620 (6th Cir. 2010) ..............................................................................10

*Uraz v. Mich. St. Univ. Bd. of Trustees*,
  2019 WL 2442314 (W.D. Mich. June 12, 2019) ......................................................11

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ......................................................................................................9

## Constitutions

Mich. Const. art. VIII, § 5 ..................................................................................................12

U.S. Const. amend. XI ......................................................................................................11

## Statutes

42 U.S.C. § 1983 ..........................................................................................................9, 10

## Rules

Fed. R. Civ. P. 12(b)(1) .......................................................................................................9

Fed. R. Civ. P. 12(b)(6) ...................................................................................................8, 9

## I. INTRODUCTION

Dr. Jack Lipton has filed a claim for First Amendment retaliation under 42 U.S.C. § 1983 against the Michigan State University Board of Trustees (the "Board"). Yet for more than 25 years, U.S. Supreme Court precedent has established that arms of the State, like the Board, are not "persons" subject to suit under § 1983. And courts in this District have regularly applied that precedent to bar § 1983 suits like this one against the Board. Additionally, the Board is entitled to sovereign immunity under the Eleventh Amendment.

Dr. Lipton has also failed substantively to state a claim against the Board. All the alleged actions underlying Dr. Lipton's claim were performed by individual Trustees. Dr. Lipton alleges that after he made a statement to The Detroit News about an October 27, 2023 Board meeting, two individual Trustees interpreted his comments as having negative racial undertones and allegedly began a retaliation campaign against him. But the Board's Bylaws provide explicitly that the Board can only act as a corporate body and the actions of individual Trustees cannot bind it.

In short, there are multiple grounds for the Court to dismiss Dr. Lipton's Complaint against the Board.

## II. FACTUAL ALLEGATIONS

Dr. Lipton "is the Founding Chair of the Department of Translational Neuroscience and Associate Dean for Research Analytics in the College of Human

10128075.1

Medicine at MSU." ECF No. 1, PageID.1, ¶ 1. He has had success in that role, and "was elected to serve as the Chair of MSU's Faculty Senate from August 16, 2023 to August 15, 2024." *Id.* at PageID.3, ¶ 11. "The Faculty Senate Chair is a liaison to the Board of Trustees ('BOT') for over 3800 faculty members and delivers a formal address to the Board at each public meeting on behalf of the faculty they represent." *Id.*, ¶ 12.

In his role as Faculty Senate Chair, Dr. Lipton spoke at an October 27, 2023 Board meeting. *Id.*, ¶ 14. A principal focus of that meeting was a letter written by Trustee Brianna Scott to the other Board members asserting that Board Chair Dr. Rema Vassar committed various ethical violations. *Id.*, ¶ 13. "During his address, Dr. Lipton read a passed resolution from the Faculty Senate that requested further investigation into Vassar's actions and called for Vassar's resignation." *Id.*, ¶ 15. "Chair Vassar and MSU Trustee Dennis Denno had coordinated a large number of Vassar supporters to be in attendance, which ultimately resulted in an unusual level of disorder and chaos. The meeting and resulting chaos garnered widespread public attention." *Id.*, ¶ 16.

After the meeting at which he had participated in his capacity as Faculty Senate Chair, Dr. Lipton made the following statement to a Detroit News reporter:

> The board meeting yesterday, filled with Chair Vassar supporters, demonstrated Trustee Scott's charges of intimidation and bullying in action . . . . The chaos brought and disrespect shown by her

2

10128075.1

> supporters could have been stopped by a single statement from Chair Vassar, yet she elected to let the mob rule the room.

*Id.* at PageID.4, ¶ 17. Dr. Lipton now claims that he made that statement as a "private individual" and that after he made the statement, Trustees "Vassar and Denno began a sustained effort of retaliation to discredit" him. *Id.*, ¶¶ 17, 18. He alleges that "[o]n or around October 27, 2023, Vassar requested a meeting with Dr. Lipton to discuss the Faculty Senate Resolution." *Id.*, PageID.11, ¶ 59. Dr. Lipton agreed to meet. *Id.* Dr. Vassar then emailed Dr. Lipton, stating that one of the purposes of the meeting would be to address her "concern regarding [Dr. Lipton's] depiction of Black students." *Id.*, ¶ 60. Dr. Vassar then "retracted her offer to meet through a message from the Board Secretary." *Id.*, ¶ 61.

Dr. Lipton also alleges that, "[i]n parallel, Vassar's supporters began to accuse Dr. Lipton of using racially charged language and exhibiting racial bias in his statement to The Detroit News, in particular citing to his use of the word 'mob.'" *Id.*, ¶ 62. These efforts included several alleged attacks against Dr. Lipton:

- "On or around November 1, 2023, Vassar and Denno met with MSU students and encouraged them to attack Dr. Lipton and file false complaints of race discrimination against him." *Id.*, ¶ 63.

- "On November 2, 2023, the National Association for the Advancement of Colored People ('NAACP') Michigan State Conference Youth & College

3

10128075.1

Division released a statement accusing Dr. Lipton of 'racial terrorism.'" *Id.*, ¶ 64.

- "On November 4, 2023, the MSU Black Students Alliance ('BSA') issued a similar statement, accusing Dr. Lipton of 'targeting a specific racial group,' of engaging in a 'direct attack on Black students' character,' and of '[e]luding [sic] that black students intend to cause violence." *Id.* ¶ 65.

- "On November 14, 2023, the MSU Black Faculty, Staff and Administrators Association ('BFSAA') released a similar public statement." *Id.*, PageID.12, ¶ 66.

- "On November 20, 2023, the organization *Diverse: Issues in Higher Education*, on their nationally known website, published an op-ed authored by Vassar associate Clyde Barnett III, who accused Dr. Lipton of using the term 'mob' in an effort to traumatize and silence students who are Black and Palestinian." *Id.*, ¶ 67.

- "Upon information and belief, student Miselo Chola also filed a complaint with MSU's Office of Institutional Equity ('OIE') accusing Dr. Lipton of race discrimination" and did so "at Vassar's behest." *Id.*, ¶¶ 68-69. This "complaint was closed without investigation and without making any finding against Dr. Lipton." *Id.* at PageID.18, ¶ 93.

4

- "On December 14, 2023, the MSU Board of Trustees held a private virtual lunch meeting with faculty liaisons, including Dr. Lipton, board members, and top MSU administrators" during which Denno allegedly "read a prepared statement in which he and Vassar accused Dr. Lipton of 'criminalizing students.'" *Id.* at PageID.12, ¶¶ 70-71.

- "Two hours later, the Instagram account of the MSU Hurriya Coalition, which defines itself as 'a collective of 20+ organizations fighting for freedom & justice in Palestine at MSU,' posted an image of a complaint it had filed with the Higher Learning Commission that accused Dr. Lipton of 'criminalizing' students—the very same language Denno had used at the lunch meeting two hours earlier." *Id.* at PageID. 13, ¶¶ 74-75. The HLC complaint was also closed, "finding no grounds to investigate Dr. Lipton." *Id.* at PageID.18, ¶ 94.

- Denno also allegedly "encouraged Arab-American student organizations to attack Dr. Lipton in the media and in complaints to the university." *Id.* at PageID.13, ¶ 76.

- During a December 15, 2023 Board meeting that was held virtually, Vassar and Denno allegedly appeared at the meeting in the same room as a group of students from the BSA, MSU NAACP, and MSU Hurriya Coalition, and

5

many of the students "disparaged Dr. Lipton during the public comments portion of the meeting." *Id.* at PageID.15, ¶ 82.

After Dr. Vassar and Denno's alleged campaign against Dr. Lipton, "some MSU faculty members began to distance themselves from Dr. Lipton." *Id.* at PageID.16, ¶ 87. This included a statement by one Faculty Senate member at a Faculty Senate meeting specifically distancing herself from Dr. Lipton's statement to The Detroit News. *Id.*, ¶ 88. Dr. Lipton alleges that Dr. Vassar and Denno's efforts in connection with the MSU Hurriya Coalition occurred "because Dr. Lipton is Jewish." *Id.*, ¶ 91.

Dr. Lipton alleges that "Vassar and Denno's false and retaliatory claims have harmed and continue to harm Dr. Lipton's reputation and professional opportunities within his field." *Id.* at PageID.21, ¶ 113. He claims that he "has already suffered damages, as he has been prevented from consideration for advanced positions in his field at a time in his career where he is eminently qualified to progress." *Id.*, ¶ 114. The Complaint alleges that "[o]n or around April 15, 2024, Dr. Lipton was explicitly told by a superior that the public attack on his character was seen as a liability for a promotion to the position of Associate Dean for Research Analytics." *Id.*, ¶ 115.[1] The Complaint also claims that "[i]n Dr. Lipton's search for higher level

---

[1] Dr. Lipton currently holds the position of Associate Dean for Research Analytics. *Id*. at PageID.1, ¶ 1.

6

professional opportunities outside of MSU, an executive search firm associate shared that the public attacks on his character labeling him a 'racist' will negatively impact his employment chances, despite his superb qualifications." *Id.* at PageID.22, ¶ 116.

Based on these factual allegations, Dr. Lipton asserts a claim against the Board under § 1983 for retaliating against him for exercising his First Amendment rights. Dr. Lipton claims that his statement to The Detroit News was private and that it was "protected by the First Amendment to the U.S. Constitution as it was not ordinarily within the course of his duties as an MSU employee." *Id.* at PageID.27, ¶ 145. Dr. Lipton claims further that after he "spoke to the Detroit News, [the Board] engaged in retaliation including but not limited to calling Dr. Lipton a 'racist' and a 'tool,' engaging in public and private disparagement of his character, encouraging MSU students to file false complaints and draft false statements against him, encouraging MSU students to make false statements to the media, and other acts which harmed and damaged his reputation . . . ." *Id.*, ¶ 146.

Dr. Lipton claims that these actions have had a "chilling effect" on his exercise of free speech rights and that he has suffered damages as a result, "including, but not limited to, economic loss, loss of earnings capacity; loss of professional opportunities; mental and emotional distress in the form of anxiety, mental anguish, humiliation, and embarrassment; damage to his reputation and good name; and loss

7

of the ordinary pleasures of everyday life." *Id.* at PageID.28, ¶ 151. Dr. Lipton also includes a separate count for injunctive relief that would (1) force the resignations of Dr. Vassar and Denno, and (2) enjoin "any further disparagement or retaliation for his protected speech by any employee, agent, representative, or Trustee of MSU." *Id.* at PageID.29, ¶¶ 156, 157.

### III.  MOTION STANDARDS

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But courts are not required to treat legal conclusions as "entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Further, while a court's analysis focuses primarily on the factual allegations in the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

8

As to motions to dismiss under Fed. R. Civ. P. 12(b)(1), "[f]ederal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Id.* "When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.* Here, it is unnecessary to look beyond the pleadings for the 12(b)(1) portion of the Board's motion, as the lack of subject-matter jurisdiction stems from the Board's well-established sovereign immunity under the Eleventh Amendment.

## IV.   LEGAL ANALYSIS

### A.   Dr. Lipton has failed to state a claim against the Board under 42 U.S.C. § 1983 because the Board is not a "person."

Dr. Lipton sues the Board under 42 U.S.C. § 1983. That statue only applies to "person[s]" who act "under color of" state law. *Id.* The United States Supreme Court has held "that a State is not a person under the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). And courts in this District have expressly found that a state university's board of trustees—including the Board

9

here—is an arm or alter ego of the State of Michigan. *Hutchins v. Bd. of Trustees of Mich. State Univ.*, 595 F. Supp. 862 (W.D. Mich. 1984). And "as a state entity, MSU is a not a 'person' subject to suit for damages under § 1983." *Hill v. Bd. of Trustees of Mich. St. Univ.*, 182 F. Supp. 2d 621, 625 (W.D. Mich. 2001); *see also McKenna v. Bowling Green State Univ.*, 568 F. App'x 450, 456-57 (6th Cir. 2014).

Dr. Lipton has thus "fail[ed] to state a claim under the statute." *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010). As a result, his Complaint should be dismissed with prejudice. *See*, *e.g.*, *Gardner v. Mich. St. Univ. Bd. of Trustees*, 2014 WL 558818, at *5 (W.D. Mich. Feb. 11, 2014) (dismissing § 1983 claim against the Board with prejudice); *Catlett v. Washington*, 2021 WL 3363394, at *4 (W.D. Mich. Aug. 3, 2021) (dismissing § 1983 claim against state official with prejudice).

Dr. Lipton may argue that the *Ex parte Young* doctrine excepts his requests for injunctive relief from the Board's § 1983 defense. Not so. "Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law . . . ." *S&M Brands*, *Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). But the *Ex parte Young* exception applies only in suits against state officials, not against corporate state *bodies* like the Board, which are considered arms of the State. *See*, *e.g.*, *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021) ("the University of Louisville is not a state official . . . So *Ex parte Young* doesn't apply"); *McKenna*, 568 F. App'x at 457

("*Ex parte Young* does not apply because Bowling Green and its Board of Trustees are not state officials"). Regardless of the type of relief Dr. Lipton seeks, *Ex parte Young* cannot save his claim against the Board.

### B. The Board is protected from suit by the Eleventh Amendment and sovereign immunity.

Under the Eleventh Amendment of the United States Constitution, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While suits by a State's own citizens are not expressly mentioned, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Applying this doctrine, "[c]ourts have repeatedly held that MSU and its Board of Trustees are arms of the state, entitled to immunity under the Eleventh Amendment." *Uraz v. Mich. St. Univ. Bd. of Trustees*, 2019 WL 2442314, at *4 (W.D. Mich. June 12, 2019) (citing several cases, including *Hill*, 182 F. Supp. 2d at 625). The Eleventh Amendment thus provides an alternative basis to dismiss Dr. Lipton's Complaint, as the Board is not subject to suit by him in federal court.

11

### C. Dr. Lipton has failed to state a claim against the Board because his allegations relate only to the individual actions of two Trustees.

According to Article 13 of the Board's Bylaws—which Dr. Lipton cites at Paragraph 121 of his Complaint—"[t]he authority of the Trustees is conferred upon them as a board, and they bind the corporation and the University only by acting together as a board. No individual member shall commit the board to any policy, declaration, or action without prior approval of the board." ECF No. 1, PageID.22, ¶ 121 (citing the Board's bylaws). This aligns with Article VIII, § 5 of the Michigan Constitution, which provides that the Board "shall constitute a body corporate" with general supervisory and other powers over MSU.

Here, Dr. Lipton's allegations of retaliatory conduct are all against individual Trustees Dr. Vassar and Denno. He alleges that Dr. Vassar and Denno met with various MSU student groups and encouraged members of those groups to publicly attack Dr. Lipton; encouraged two students to file complaints about Dr. Lipton with the OIE and HLC; and appeared with several students at a Board of Trustees meeting, where those students disparaged Dr. Lipton during the public comment period. But not once does Dr. Lipton plausibly attribute Dr. Vassar and Denno's actions to the *Board*. And even if he did—for example, by claiming that Dr. Vassar and Denno were acting in an official capacity—nothing in the Board's Bylaws allows Dr. Vassar and Denno, even in their official capacities, to act on behalf the Board as a "body corporate" without full Board approval. Thus, in addition to the

12

immunity from suit it is entitled to, the Board is entitled to dismissal based on Dr. Lipton's failure to state a plausible claim against the Board.

## V. CONCLUSION

Based on Dr. Lipton's failure to state a claim against the Board and the Board's entitlement to Eleventh Amendment immunity, the Court should dismiss Dr. Lipton's Complaint with prejudice.

                         Respectfully submitted,

                         ZAUSMER, P.C.

                         s/ Mark J. Zausmer
                         MARK J. ZAUSMER (P31721)
                         MICHAEL A. SCHWARTZ (P74361)
                         JASON M. SCHNEIDER (P79296)
                         Attorneys for Defendant
                         32255 Northwestern Highway, S. 225
                         Farmington Hills, MI  48334
                         (248) 851-4111; Fax: (248) 851-0100
                         mzausmer@zausmer.com
                         mschwartz@zausmer.com
Dated: December 2, 2024          jschneider@zausmer.com

10128075.1