UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

       Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES DIANNE BYRUM, DENNIS DENNO,
DAN KELLY, RENEE KNAKE JEFFERSON,
SANDY PIERCE, BRIANNA T. SCOTT,
KELLY TEBAY and REMA VASSAR,
in their individual and official capacities,

       Defendants.

Case No. 1:24-cv-01029-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

**ORAL ARGUMENT
REQUESTED**

---

## MOTION BY DEFENDANT REMA VASSAR TO
## QUASH SUBPOENA DUCES TECUM ISSUED TO
## NON-PARTY PRIOR TO OPENING OF DISCOVERY

       Defendant Rema Vassar, through her counsel, Lipson Neilson P.C., pursuant to Federal

Rules of Civil Procedure 26(c) and (d)(1) and 45(d)(3)(A) for her Motion to Quash Subpoena

Duces Tecum, states as follows:

       1.     This Motion asks this Court to quash a subpoena duces tecum[1] that Plaintiff has

issued to a Michigan State University ("MSU") student before discovery has commenced in this

case. Even if discovery had commenced, a stay of discovery would be appropriate while this Court

reviews the pending motions to dismiss. Finally, the subpoena itself is overly broad, extremely

onerous and outside the scope of permissible discovery even if discovery were appropriate at this

---

[1] Plaintiff has filed the Subpoena. *See* ECF No. 42, PageID.275-278. A copy is attached as Exhibit
A for the convenience of this Court.

time.

2.      This lawsuit was filed on October 1, 2024.[2] After the original Defendant, MSU

Board of Trustees, filed a Motion to Dismiss[3] as its initial response to the original Complaint,

Plaintiff filed his Amended Complaint on December 23, 2024.[4]

3.      The Amended Complaint added the members of the MSU Board of Trustees, in

both their individual and official capacities as Defendants to this lawsuit.[5] All of the Defendants

have filed Motions to Dismiss as their initial response to the Amended Complaint.[6]

4.      These motions seek dismissal under the Eleventh Amendment bar to suing state

entities and officials in federal court, sovereign immunity and qualified immunity.[7] They also ask

for dismissal of Plaintiff's *Monell* claims in Count II because such claims only apply to local

governing bodies, not state officials.[8] Defendants also seek dismissal of Counts I and II because

neither states a claim on which relief can be granted. Finally, Defendants seek dismissal of Count

III, entitled injunctive relief, because injunctive relief is a remedy, not an independent cause of

action.[9] In addition, the injunctive remedy Plaintiff is seeking, removing elected state officials

from public offices, simply does not exist.[10]

5.      The Federal Rules expressly provides that "A party may not seek discovery from

---

[2] *See, e.g.,* ECF No. 1: Complaint, PageID.1.
[3] ECF No. 6: Motion to Dismiss, PageID.38-57.
[4] ECF No. 10: Amended Complaint, PageID.65–104.
[5] *See* ECF No. 10: Amended Complaint, ¶¶ 40-41, PageID.72.
[6] ECF No. 38: Dr. Vassar's Motion to Dismiss, PageID.230-268; ECF No. 35: Trustee Denno's Motion to Dismiss, PageID.186-225; ECF No. 33: Motion to Dismiss by MSU Board of Trustees and other Trustees, PageID.148-185.
[7] *See, e.g.,* ECF No. 38, Vassar Motion to Dismiss, pp. 9-12, 22-23, PageID.244-247, 257-258.
[8] *See, e.g., Id.*, pp. 23-25, PageID.258-260.
[9] See, e.g., *Id.*, p. 25, PageID.260
[10] *See, e.g., Id.*, pp. 25-27, PageID.260-262

any source before the parties have conferred as required by Rule 26(f)."[11] There has been no such conference, and none is currently scheduled to take place. Therefore, the subpoena is premature.

6.    Moreover, all Defendants have moved to dismiss the claims against them based upon their immunity from suit. This immunity includes a prohibition upon discovery not only while their motions to dismiss are pending, but also on any appeal from the decision of these motions.[12]

7.    Finally, this subpoena is incredibly broad and onerous. It seeks production of several different categories of documents from an MSU student toward the end of a college semester. It was issued only seven days before the deadline for producing the documents. Plaintiff has not yet filed a proof of service for this subpoena so this subpoena may not be served until after the document production deadline. Most of the documents requested are available from other sources. Therefore, if this Court does not quash this subpoena in its entirety, it should significantly reduce its scope and extend the production deadline.

8.    Undersigned counsel has sought concurrence as required by Local Rule 7.1(d), including holding a meet and confer conference, before filing this Motion and will be filing a Certificate of Compliance with Local Rule 7.1(d) with this Court.

WHEREFORE Defendant Dr. Rema Vassar requests that this Honorable Court grant this Motion, quash the subpoena duces tecum attached as Exhibit A, award her all of the costs, including reasonable attorney fees incurred to obtain this Order, and grant such other relief as this Court deems just or equitable.

---

[11] Fed. R. Civ. P. 26(d)(1).

[12] *See, e.g., infra* at argument, Section B, pp. 10-11.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000

Dated: April 11, 2025                           tludden@lipsonneilson.com

## SUPPORTING BRIEF

## INTRODUCTION

Plaintiff Jack Lipton claims that Defendants have unlawfully retaliated against him, in violation of his rights under the First Amendment to the United States Constitution. But, there are numerous, insurmountable, deficiencies in the claims that he attempts to allege in his Amended Complaint. The first is created by the Eleventh Amendment to the United States Constitution, which prevents this Court from exercising subject matter jurisdiction over the claims against all the Defendants in their official capacity as a MSU Trustees. Other legal defenses to his claims include:

- Sovereign immunity;

- Qualified immunity;

- In applicability of *Monell* liability to state officials like MSU Trustees;

- Plaintiff's inability to prove prerequisites to his claim, including that he was not speaking to the *Detroit News* as an employee of MSU;

- The fact that Plaintiff was promoted instead of disciplined after he criticized some of the MSU Trustees in an interview with the *Detroit News*; and

- Plaintiff's seeking relief that he cannot obtain, such as an injunction removing Defendants from the public offices to which the people of the state of Michigan elected them.

{00776010.DOCX}                           4

On April 4, 2025, Plaintiff filed a subpoena duces tecum directing a MSU student to produce numerous documents by 3:00 PM on April 11, 2025. This Court should quash this subpoena because (1) it was issued before discovery opened in this case and (2) discovery should not be permitted at all in this case because all Defendants seek dismissal because they are immune from suit.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 23, 2024, Plaintiff filed his Amended Complaint,[13] which named as Defendants the MSU Board of Trustees, and eight MSU Trustees, in both their individual and official capacities.[14] One of the Trustees named as a Defendant by that pleading is the movant, Dr. Rema Vassar. She and the other Defendants moved to dismiss the Amended Complaint as their initial response to this pleading.[15] This statement of facts and procedural history is limited to the information necessary for this Court to review this Motion.

Plaintiff, "Dr. Jack Lipton is the Founding Chair of the Department of Translational Neuroscience and Associate Dean for Research Analytics at the College of Human Medicine at Michigan State University ("MSU" or "Michigan State")."[16] Plaintiff was elected to serve as Chair of the MSU Faculty Senate in August 2023.[17] In that capacity, Plaintiff spoke at the October 27, 2023 meeting of the Board of Trustees in this capacity and presented a Faculty Resolution that

---

[13] PageID.65 et seq.

[14] Amended Complaint, ¶¶ 32, 40-41, PageID.71-72. The terms in office of two of the Trustees named as Defendants ended on December 31, 2024.

[15] ECF No. 38: Dr. Vassar's Motion to Dismiss, PageID.230-268; ECF No. 35: Trustee Denno's Motion to Dismiss, PageID.186-225; ECF No. 33: Motion to Dismiss by MSU Board of Trustees and other Trustees, PageID.148-185.

[16] *Id.*, ¶ 1, PageID.66.

[17] *Id.*, ¶ 11, PageID.68.

*inter alia* called on Dr. Rema Vassar to resign from the Board of Trustees.[18] After the October 27, 2023 meeting, Dr. Lipton communicated with reporters.[19] Plaintiff alleges he was speaking "as a private individual." [20] But, the Detroit News article that he references, and thereby incorporates into his pleadings,[21] is entitled "MSU Faculty Senate chair slams board leader Rema Vassar for chaos, outbursts at meeting."[22] This article then quotes Dr. Lipton several more times in his capacity as chair of the Faculty Senate.[23]

In his Amended Complaint, Plaintiff makes a number of allegations regarding the response by students, faculty and campus organizations to the statement he issued to the Detroit News. He claims that student and faculty groups released statements that accused him of targeting a specific racial group.[24] Plaintiff also claims that a website "published an op-ed authored by Vassar associate Clyde Barnett III that made similar accusations."[25] Dr. Lipton contends that Dr. Vassar and Trustee Denno coordinated these activities.  He also complains that another faculty member was critical of Dr. Lipton's statement to the Detroit News at a faculty meeting.[26]

Plaintiff also alleges that Dr. Vassar and Trustee Denno attended the December 15, 2023 Board of Trustees meeting "together in the same room with multiple student members of BSA,

---

[18] *Id.*, ¶¶ 14-15, PageID.68.

[19] *Id.*, ¶ 17, PageID.68.

[20] *Id.*

[21] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

[22] Amended Complaint, p 5 n. 5, PageID.69; and Exhibit B.

[23] Exhibit B (incorporated by referenced into Amended Complaint) (emphasis added).

[24] Amended Complaint, ¶¶ 78-80, PageID.78-79.

[25] *Id.*, ¶ 81, PageID.79.

[26] *Id.*

MSU NAACP, and the MSU Hurriya Coalition"[27] Dr. Lipton does not like what these students said or how they behaved.[28] Plaintiff is also critical of the failure of any Trustee to support him.[29] In any event, Dr. Lipton issued a lengthy apology at the December 15, 2023 Board Meeting for the statement that he had issued to the Detroit News after the October 27, 2023 Board Meeting.[30]

Other allegations include Dr. Vassar's canceling one meeting with him[31] and then disagreeing with him at another meeting.[32] Plaintiff was also "shocked" that Dr. Vassar and Trustee Denno attended the September 24, 2024 investiture of new MSU President Guskiewicz and had their picture taken with him.[33] Finally, Plaintiff alleges that the Board of Trustees could have imposed additional sanctions on Dr. Vassar and Trustee Denno and that Governor Whitmer could remove them from office.[34]

In Count I of his Amended Complaint, the Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 because Defendants allegedly retaliated against him for exercising his First Amendment rights.  All of the Defendants have moved to dismiss this claim because the Eleventh Amendment bars suits against a state, its agencies or state officials sued in their official capacity.[35]  They also seek dismissal of his claims on the ground that Plaintiff cannot to prove his retaliation claims because he was speaking in his capacity as an employee of MSU.[36] The Sixth Circuit has

---

[27] *Id.*, ¶ 98, PageID.98.
[28] *Id.*, ¶¶ 102-103, PageID.83.
[29] *Id.*, ¶ 106, PageID.83...
[30] *Id.*, ¶ 113, PageID.84-86.
[31] *Id.*, ¶¶ 73-75, PageID.78.
[32] *Id.*, ¶¶ 148 – 157, PageID.91-92.
[33] *Id.*, ¶¶ 162-170, PageID.93-95.
[34] *Id.*, ¶¶ 160, 177-181, PageID.93, 96.
[35] *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (cleaned up).
[36] *See, e.g.,* ECF No. 38: Vassar Motion to Dismiss, pp. 13-16, PageID.248-251 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); and *Connick v. Myers*, 461 U.S. 138, 140, 143 (1983).

consistently held that "the determination as to whether [a public employee] engaged in protected speech [is] one of law."[37] Plaintiff cannot prove that any adverse action was taken as a result of his statement to the *Detroit News* because he was promoted, not disciplined or fired.

Count II is entitled "*Monell* Liability,[38] 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution (All Defendants)."[39] Defendants seek dismissal of this claim because *Monell* liability applies to local governmental units, not state officials like the Trustees of MSU.[40] Dr. Vassar and the other Trustees are protected by qualified immunity from the claims against them in their personal capacity.[41]

Count III is entitled "Injunctive Relief." Count III should be dismissed because injunctive relief is a remedy, not an independent cause of action.[42] Moreover, Plaintiff asks this Court to enter an injunction that results in "the recall, resignation, or removal of Vassar and Denno from their positions on the MSU Board of Trustees."[43] No legal authority authorizes any court to remove officials elected by the Michigan voters to public office.[44]

On April 4, 2025, Plaintiff filed a copy of the Subpoena Duces Tecum that was directed to Misselo "Missy" Chola, who is a MSU student. This subpoena requests the production of the

---

[37] *Mayhew v. Town of Smyrna*, 856 F.3d 456, 464 (6th Cir. 2017) (after reviewing case law).

[38] This Count is based upon *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

[39] Amended Complaint, page 34, PageID.98.

[40] *See, e.g.,* ECF No. 38, pp. 23-25, PageID.258-260.

[41] ECF No. 38, pp. 22-23, PageID.257-258 (relying upon *Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985); and *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).

[42] *See, e.g, Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) (affirming district court dismissal of plaintiff's claim for injunctive relief because plaintiff "failed to state a claim for any constitutional deprivation under § 1983.").

[43] Amended Complaint, ¶ 211, PageID.100; *see also* Prayer for Relief, PageID.103 (seeking "injunction removing Vassar and Denno from their positions on the MSU Board of Trustees").

[44] *See* ECF No. 38, pp. 25-27, PageID.260-262.

following categories of documents by 3:00 PM on April 11, 2025:

> • Copies of all communications with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;
>
> • Copies of all recordings of conversations with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;
>
> • Copies of all communications asking, advising, or recommending your presence, or the presence of members of the BSA or NAACP Y&C Division at Board of Trustees meetings by Rema Vassar from August 2023 to present;
>
> • Copies of all communications with Cynthia A. Johnson or Virgil Kai Smith regarding the Oct 27th, 2023 MSU Board of Trustees meeting;
>
> • Copies of all recordings of any meetings and/or conversations with Jack Lipton;
>
> • Copies of all communications that resulted in receipt or consideration for scholarships, awards, and/or attendance or travel to professional or society meetings in any way associated with Rema Vassar or Dennis Denno from August 2023 to present; and
>
> • Copies of all communications regarding Jack Lipton that reference Rema Vassar or Dennis Denno or any other board members from August 2023 to present.

Plaintiff has not filed a return of service on this Subpoena so he may not even serve it before the deadline set for the response. Dr. Vassar now moves to quash the subpoena before the time set for production of documents.

## ARGUMENT

If Plaintiff has served the subpoena attached as Exhibit A, this Court should quash it because Plaintiff issued and served it before discovery commenced and because Defendants are entitled to immunity from suit, including participating in discovery until their immunity defenses are finally resolved. Even if this were not the case, this Court should minimally limit the scope of

{00776010.DOCX}                                                9

the subpoena duces tecum to limit its burden upon a non-party student.

> **A.    This Court should quash the subpoena duces tecum because discovery is not yet open, and Plaintiff did not seek leave of this Court to serve this subpoena.**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[45] There has been no such conference, and none is currently scheduled to take place. Moreover, Plaintiff did not seek leave of this Court to serve this subpoena before filing it. Therefore, the subpoena is premature because discovery is not open, which is the first ground to quash it.

> **B.    This Court should quash the subpoena because Defendants have moved to dismiss all claims against them under multiple theories of immunity, which would justify a stay of discovery until these motions are resolved.**

More importantly, all of the Defendants have moved to dismiss the entire Amended Complaint because the claims against them are barred by the Eleventh Amendment, sovereign immunity or qualified immunity. "The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Discovery should not continue until the threshold question of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982). The Supreme Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). The policy behind this doctrine is to "avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) (internal quotation marks omitted) (citing *Harlow*, 457

---

[45] Fed. R. Civ. P. 26(d)(1).

U.S. at 816).

The Supreme Court has held that absolute immunity is treated the same as qualified immunity as it relates to discovery during an appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985) ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable . . ."). "When the defendant takes an interlocutory appeal, all discovery must cease." *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir. 1988) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).

All the Defendants seek dismissal of all of Plaintiff's claims on numerous grounds, including different forms of immunity. The Amended Complaint is 40 pages long and contains 219 numbered paragraphs. It references numerous distinct events and alleged improper conduct by many individuals. Discovery regarding Plaintiff's allegations, and the defenses that can be raised to them, will be time consuming and onerous. But, none of that is necessary if this Court grants Defendants' motions to dismiss. Therefore, this Court should quash this subpoena because it is premature and resolve the immunity defenses before allowing any discovery in this case.

**C.    Even if this Court does not quash the entire subpoena, it should sharply narrow its scope.**

If this Court does not quash the subpoena, it should still limit it. Once discovery is permitted, it is still limited in scope. The Federal Rules provide that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[46]

To prevent discovery abuses, this Court is authorized to issue protective orders as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>  (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.][47]

The Federal Rules provide additional obligations under attorneys issuing subpoenas, stating that:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.[48]

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden."[49]

---

[46] Fed. R. Civ. P. 26(b)(1).
[47] Fed. R. Civ. P. 26(c)(1)(A) – (D).
[48] Fed. R. Civ. P. 45(d)(1).
[49] Fed, R. Civ. P. 45(d)(3)(A)(i), (iv).

Plaintiff has issued a subpoena that requires a MSU student to produce the following categories of documents only seven days after the subpoena was filed with this Court:

• Copies of all communications with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;

• Copies of all recordings of conversations with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;

• Copies of all communications asking, advising, or recommending your presence, or the presence of members of the BSA or NAACP Y&C Division at Board of Trustees meetings by Rema Vassar from August 2023 to present;

• Copies of all communications with Cynthia A. Johnson or Virgil Kai Smith regarding the Oct 27th, 2023 MSU Board of Trustees meeting;

• Copies of all recordings of any meetings and/or conversations with Jack Lipton;

• Copies of all communications that resulted in receipt or consideration for scholarships, awards, and/or attendance or travel to professional or society meetings in any way associated with Rema Vassar or Dennis Denno from August 2023 to present; and

• Copies of all communications regarding Jack Lipton that reference Rema Vassar or Dennis Denno or any other board members from August 2023 to present.

Most of these discovery requests have only the most tangential connection to the material factual disputes in this case. Therefore, the burden of responding is disproportional to the needs of this case. Moreover, electronic discovery is time consuming and expensive. It is one of the primary reasons why litigation is so much more expensive and takes so much more time than it did 30 years ago. Responding to these requests would be challenging for anyone, let alone an MSU student[50]

---

[50] According to the online MSU academic calendar, final exams start on April 28, 2025. This Court can take judicial notice that professors often assign papers that are due at the end of the semester.

{00776010.DOCX}                    13

that is not a party to this lawsuit and presumably does not have the assistance of an IT consultant. Finally, most of the documents being requested should be available from other sources to which Plaintiff would have access once discovery begins.

There are sound reasons to quash this entire subpoena. If this Court disagrees, it should limit its scope to a reasonable scope and set a reasonable deadline for production.

## CONCLUSION AND RELIEF REQUESTED

This Court should grant this Motion and quash the subpoena duces tecum that Plaintiff has filed with this Court.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tludden@lipsonneilson.com

Dated: April 11, 2025

{00776010.DOCX}                                14

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(1)**

This motion and brief comply with Local Rule 7.3(b)(1) because they contain <u>3847</u> words, excluding the caption, signature block, this certification and the certificate of service. This motion and brief were prepared in Microsoft Word for Microsoft 365 MSO, whose word count feature was used to determine compliance with rule.

<div style="margin-left:50%;">

Respectfully submitted,

LIPSON NEILSON P.C.

<u>*/s/ C. Thomas Ludden*</u>
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tludden@lipsonneilson.com

</div>

Dated: April 11, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, I electronically filed the foregoing Motion to Quash with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

<div style="margin-left:50%;">

<u>/s/ C. Thomas Ludden</u>

</div>