UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES DIANNE BYRUM, DENNIS DENNO,
DAN KELLY, RENEE KNAKE JEFFERSON,
SANDY PIERCE, BRIANNA T. SCOTT,
KELLY TEBAY and REMA VASSAR,
in their individual and official capacities,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(d)

On April 4, 2025, Plaintiff filed a Subpoena to Produce Documents.[1] This subpoena requested that a non-party produce documents by 3:00 PM on Friday. April 11, 2025. Undersigned counsel contacted counsel for Plaintiff by email on April 4, 2025 and requested that they meet and confer by Tuesday, April 8, 2025 at 12 Noon given the April 11, 2025 return date on the subpoena. At that time, he explained the primary legal and factual basis for the subpoena, the prohibition under Rule 26(d)(1) of serving discovery before the parties hold a Rule 26(f) conference.

Counsel for all parties agreed to meet and confer at 12:30 PM on Monday, April 7, 2025. The meeting took place by Teams on that date and time. It was attended by Liz Abdnour for Plaintiff, C. Thomas Ludden for Dr. Vassar, Daniel C. Waslawski for Mr. Denno and Michael A. Schwartz for the other Defendants.

Mr. Ludden again explained that discovery was not yet authorized under the federal rules

---

[1] ECF Doc. 42, PageID.275-278.

{00775978.DOCX}

and that all of the Defendants had moved to dismiss based upon immunity. Moreover, if any of the motions to dismiss were denied, the moving Defendant would have the right to seek immediate appellate review. He also explained that the discovery was very burdensome upon a third-party to the case and that almost all of the documents being requested should also be in the possession or control of parties. Ms. Abnour stated that the discovery was being sought from the Michigan State student that was believed to be leaving the jurisdiction soon. Ms. Abnour also claimed that she believed that some of the Defendants may have destroyed documents that she was seeking, but would not provide any details about this issue when asked by Mr. Waslawski. Ms. Abnour was also not willing to discuss limiting the scope of the subpoena to make it less burdensome.

       Therefore, counsel agreed that no issues had been resolved or narrowed and that motion practice was necessary.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tludden@lipsonneilson.com

Dated: April 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ C. Thomas Ludden