UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES, *et al.*,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB
Chief Judge: Hala Y. Jarbou
Magistrate Judge: Sally J. Berens

### PLAINTIFF'S EXPEDITED MOTION TO PERMIT LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

NOW COMES Plaintiff Jack Lipton, by and through counsel Abdnour Weiker LLP, who respectfully moves this Court for an expedited motion to permit limited discovery, namely, the subpoena of student Missy Chola, outside of the discovery timeline under Fed. R. Civ. P. 26(d)(1) to preserve such evidence.

In support of such motion, Plaintiff states as follows:

1. The Complaint in this matter was filed on October 1, 2024. ECF No. 1.

2. The Complaint was filed by Plaintiff Jack Lipton, the Chair of the Michigan State University Faculty Senate, for damage to his reputation and career caused by actions of two members of the MSU Board of Trustees. PageID.1.

3. The complaint alleges that those two members, Defendants Vassar and Denno, engaged in a campaign of retaliation against Plaintiff to discredit his truthful statements sought out by the media about the harmful actions Defendant Vassar was taking against MSU, completely

    adverse to their duties as board members, which constituted speech as a private citizen on a matter of public concern. PageID.4-5, 10-18.

4. In further retaliation, and in an effort to pit campus groups against Plaintiff for their own political agenda, Defendants Vassar and Denno falsely accused Plaintiff of being racist in his statements made to the media regarding a chaotic Trustee Board meeting that Defendant Vassar, as Chair, did not manage or quell. *Id.*

5. Defendants Vassar and Denno began working with MSU student-groups, encouraging them to label Plaintiff a racist, publicly attack him in the media, post defamatory letters on social media and other platforms, and file complaints with MSU's internal departments as well as its external accrediting body. *Id.*

6. MSU undergraduate student Miselo "Missy" Chola authored several complaints against Plaintiff, including to MSU's Office of Civil Rights and Title IX Education and Compliance and The Higher Learning Commission. Ex. 4, Pl. Dec. ¶ 4. These complaints praised Defendants Vassar and Denno.[1]

7. Upon information and belief, Chola also authored published letters against Plaintiff on behalf of the MSU Chapter of the ("NAACP"), of which she is the Co-Liaison Chair, and the MSU Black Students Alliance. Ex. 4, Pl. Dec. ¶ 5.

8. Upon information and belief, Chola has relevant and material evidence related to the communications between MSU students, including herself, and Defendants Vassar and

---

[1] "Criminal justice senior Missy Chola, currently the political affairs director for the Black Students' Alliance, wrote to the HLC that she was 'troubled by the alleged claims' in the Faculty Senate letter and that Vassar and Trustee Dennis Denno were the only trustees who consistently provided support for students." Theo Scheer, *MSU's accreditors visit campus for review amid concerns over board*, THE STATE NEWS (Nov. 21, 2024), https://statenews.com/article/2024/11/msu-s-accreditors-visit-campus-for-decennial-review-amid-concerns-over-board.

    Denno regarding efforts to cause damage to Plaintiff's reputation and career. Ex. 4, Pl. Dec. ¶ 6.

9. Upon information and belief, Chola has relevant and material evidence related to coordinated efforts between MSU students, including herself, and Defendants Vassar and Denno regarding the statements and complaints against Plaintiff that occurred in in-person communication and of which there may be no documentary evidence that can be provided by another party. Ex. 4, Pl. Dec. ¶ 7.

10. Upon information and belief, Chola has information regarding whether she was induced to act against Plaintiff by accepting things of value from Defendant Vassar, such as an April 2024 trip to Philadelphia for the American Educational Research Association ("AERA"), where she served on a panel.

11. Chola also received a Sankofa Scholarship from Centering Black Children in Education ("CBCE"), a Detroit-based nonprofit organization founded and run by Defendant Vassar.[2,3]

12. Upon information and belief, Chola received the trip and panel opportunity and the scholarship above all other students at MSU.

13. Upon information and belief, Chola also possesses a recording of a meeting with Plaintiff that no other person or witness maintains and to which no other party or witness has access. Ex. 4, Pl. Dec. ¶ 8.

14. Upon information and belief, Chola possesses records of communications with other students or faculty members of or relating to her interactions or communications with

---

[2] WAYNE STATE UNIVERSITY COLLEGE OF EDUCATION PROFESSOR REMA VASSAR NAMED 2025 TOP U.S. EDUCATION SCHOLAR, WAYNE STATE UNIVERSITY (Jan. 29, 2025), available at https://education.wayne.edu/news/wayne-state-university-college-of-education-professor-rema-vassar-named-2025-top-us-education-scholar-65362.
[3] Miselo (Missy) Chola, LINKEDIN, https://www.linkedin.com/posts/miselo-missy-chola-468688253_leadership-advocacy-aera2024-activity-7278841199518437376-fkFR/ (last visited Apr. 14, 2025).

3

Defendants Vassar and Denno that no other party or witness maintains or to which no other party or witness has access. Ex. 4, Pl. Dec. ¶ 9.

15. Upon information and belief, Chola possesses documentation of certain communications that may not have been preserved by other defendants or parties in this case.

16. Upon information and belief, Chola is scheduled to graduate from MSU at the beginning of May 2025. Ex. 4, Pl. Dec. ¶ 10.

17. Upon information and belief, after graduation, Chola, an international student, is likely to return to her home country and leave the United States indefinitely. *Id*.

18. Upon information and belief, it is unlikely that Chola will return to the United States after that, given recent changes to the federal government's approach to noncitizens.

19. Under Fed. R. Civ. P. 26(d), discovery may not be obtained by any party prior to the conference provided for in Rule 26(f) which is not scheduled to occur until after the pendency of the motions to dismiss.

20. However, discovery may be allowed before the Rule 26(f) conference by court order. Fed. R. Civ. P. 26(d)(1).

21. If some or all of Plaintiff's claims survive the pending Motions to Dismiss (ECF Nos. 33, 35, and 38), Plaintiff will be disadvantaged and prejudiced if he is not able to seek discovery from Chola.

22. The information sought from Chola is integral to Plaintiff's claims that Defendants Vassar and Denno engaged with students and/or student groups to encourage them to damage Plaintiff's reputation and career and/or such students and/or student groups were induced into such action by receiving items of value.

23. Plaintiff is therefore seeking an order exempting him from the requirements of Fed. R. Civ. P. 26(d)(1) for the limited purpose of serving a limited Notice of Subpoena to Chola. Ex. 2.

24. The proposed Notice of Subpoena is narrowly tailored and limited to only the information and communications Chola maintains or to which she may have access that other parties do not have or do not maintain.

WHEREFORE, Plaintiff seeks an Order permitting him to engage in limited discovery of evidence from witness Miselo "Missy" Chola, as outlined in the proposed Notice of Subpoena (Ex. 2), prior to the Rule 26(f) conference to preserve such evidence. A draft Order is attached as Exhibit 1.

Dated: April 14, 2025                    Respectfully Submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Coriann Gastol (P74904)
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com
coriann@education-rights.com

### CERTIFICATE OF COMPLIANCE WITH LCIVR 7.1(d)

I hereby certify that this Motion complies LCivR 7.1(d). Counsel for all parties agreed to meet and confer at 12:30 p.m. on Monday, April 7, 2025. The meeting took place via Microsoft Teams on that date and time. Elizabeth K. Abdnour for Plaintiff, C. Thomas Ludden for Defendant

5

Vassar, Daniel C. Waslawski for Defendant Denno, and Michael A. Schwartz for the remaining Defendants attended the meeting.

Attorney Abdnour explained the basis for the subpoena to Defendants.  Attorney Ludden demanded that Attorney Abdnour explain to him how she believed the Complaint had merit with respect to arguments he made in Defendant Vassar's Motion to Dismiss.  Attorney Abdnour advised Attorney Ludden that she did not believe it was a good use of anyone's time to argue the matters before the Court on the Motions to Dismiss, and that Plaintiff would be addressing them via his Responses.

Attorney Abdnour explained that the purpose of the subpoena was to get limited information from a necessary witness who was, upon information and belief, leaving the country within the next month or so after she graduates from MSU.  Attorney Waslawski asked why the evidence could not be obtained directly from the Defendants.  Attorney Abdnour advised Attorney Waslawski that Plaintiff believed that at least some of the evidence was no longer in possession of those Defendants.  Attorney Waslawski asked Attorney Abdnour to she would need to consult with Plaintiff before she could provide more information on that topic as she did not have his authority at that moment to share that information.  The requested information is included in this Motion and Brief.

Attorney Abdnour has no notes indicating, and cannot recall, any request from any attorney on the call that Plaintiff limit the scope of the subpoena or that any attorney provided any basis for a request for such limitation, as asserted by Attorney Ludden.  PageID.302.  Nonetheless, Plaintiff has limited the scope of the proposed subpoena in the interest of resolving this matter.

Attorney Abdnour asked Counsel for Defendants to stipulate to the issuance of the prior subpoena (ECF No. 42), which they did not agree to do.

/s/ Elizabeth K. Abdnour
Elizabeth K. Abdnour

**PROOF OF SERVICE**

I hereby certify that on April 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Elizabeth K. Abdnour
Elizabeth K. Abdnour

7