UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES, *et al.*,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB
Chief Judge: Hala Y. Jarbou
Magistrate Judge: Sally J. Berens

___

**PLAINTIFF'S BRIEF IN SUPPORT OF
EXPEDITED MOTION TO PERMIT LIMITED DISCOVERY
PRIOR TO A RULE 26(f) CONFERENCE**

NOW COMES Plaintiff Jack Lipton, by and through counsel Abdnour Weiker LLP, and in support of the expedited motion to permit limited discovery, namely, the subpoena of student Missy Chola, outside of the discovery timeline under Fed. R. Civ. P. 26(d)(1) to preserve such evidence, provides the following law and facts in support of such motion:

**I.    Factual Background**

Plaintiff incorporates by reference the facts and allegations in the Motion and incorporates them as if fully restated herein. Further, student Miselo "Missy" Chola authored certain complaints directed at Plaintiff as a part of the targeted attack on his character and reputation following statements sought out by the media were published after the October 27, 2023 MSU Board of Trustees meeting. PageID.12. Chola made such complaints against Plaintiff to MSU's Office of Civil Rights and Title IX Compliance and Education and the Higher Learning Commission. Ex. 4, Pl. Dec. ¶ 4. Chola also authored published letters against Plaintiff on behalf of the MSU Chapter

of the National Association for the Advancement of Colored People ("NAACP"), of which she is the Co-Liaison Chair, and the MSU Black Students Alliance. Ex. 4, Pl. Dec. ¶ 5.

An integral component of Plaintiff's Complaint is that Defendants Vassar and Denno engaged in a plan of targeted attack against him to damage his character and reputation and encouraged and solicited support from other community members and students of MSU in such efforts. PageID.4-5, 10-18.  Upon information and belief, Chola has relevant and material evidence and testimony related to the communications between MSU students, including herself, and Defendants Vassar and Denno regarding efforts to cause damage to Plaintiff's reputation and career. Ex. 4, Pl. Dec. ¶ 6.

In this matter, there are pending Motions to Dismiss the Plaintiff's claims that Defendants filed in lieu of responsive pleadings. ECF Nos. 33, 35, and 38.  Such motions necessarily delay the initiation of discovery until the resolution of the motions and subsequent survival of Plaintiff's claims. Plaintiff's Responses to the Defendants' Motions to Dismiss are due May 2, 2025. Upon information and belief, Chola, an international student, is graduating from MSU sometime May 2-4, 2025, and will return to her home country shortly thereafter, at which point she will likely be inaccessible for purposes of discovery in this matter. Ex. 4, Pl. Dec. ¶ 10.

**II.    Legal Standard**

"[A] district court has the discretion to permit the early issuance of a Rule 45 subpoena prior to a Rule 26(f) conference."  *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 4795, *1 (E.D. Mich. Jan. 15, 2015).

> Pursuant to Federal Rule of Civil Procedure 26(d)(1), parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to do so upon a showing of good cause. Fed. R. Civ. P. 26(d)(1). Within this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving

2

> party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case [**7] forward. *See, e.g., Arista Records, LLC v. Does 1-4*, 2007 U.S. Dist. LEXIS 85652, 2007 WL 4178641, *1 (W.D. Mich. Nov. 20, 2007).

*N. Atl. Operating Co. v. Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016). Further, courts have found that orders permitting early discovery are appropriate when the scope of the discovery sought is limited and when the nature of the discovery sought is time sensitive. *Id.*

In general, "'Good cause for expedited discovery exists when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances.' 6-26 Moore's Federal Practice - Civil § 26.121 (2016)." *N. Atl. Operating Co. v. Dealz_for_you,* No. 2:17-10964, VLEX-887336142 (E.D. Mich. Dec. 17, 2017), unpublished. Ex. 3.

### III.  Argument

> Jurisdictions differ as to what factors to consider under the good cause standard, but generally they include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 U.S. Dist. LEXIS 221148, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017) (collecting cases). In determining whether "good cause" exists, courts should consider whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Fabreeka Int'l Holdings, Inc. v. Haley*, No. 15-12958, 2015 U.S. Dist. LEXIS 116007, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015). The party seeking discovery bears the burden of demonstrating the need to deviate from the normal timing of discovery. *Arab Am.*, 2017 U.S. Dist. LEXIS 221148, 2017 WL 5639928 at *2.

*Usi Ins. Servs. v. Baines*, 2022 U.S. Dist. LEXIS 240734, *2 (W.D. Mich. Sept. 14, 2022).  A party seeking discovery in advance of a Rule 26(f) conference must show "good cause in order to justify deviation from the normal timing of discovery." Fed.

3

R. Civ. P. 26(d); *Westfield Ins. Co. v. Pavex Corp.*, No. 17-14042, 2017 U.S. Dist. LEXIS 206405, 2017 WL 6407459 (E.D. Mich. Dec. 15, 2017).

> Generally, parties may only depose witnesses or request documents before completing a Rule 26(f) conference when it is authorized by "[rules of civil procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Thus, under Rule 26(d)(1), a finding of exigent circumstances is sufficient to satisfy the "good cause" standard.
>
> Exigent circumstances and/or "[g]ood cause may be found where plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." *In re Paradise Valley Holdings, Inc.*, No. 03-34704, 2005 Bankr. LEXIS 2951, 2005 WL 3841866, at *2 (Bankr. E.D. Tenn. Dec. 29, 2005). "In each case, good cause is found [where there is] the urgency to . . . obtain evidence before it is lost." *Elektra Entm't Group v. Does*, No. 1:08-CV-444, 2009 U.S. Dist. LEXIS 146601, 2009 WL 10679073, at *2 (S.D. Ohio Feb. 5, 2009). Such a showing requires litigants to establish that deponents have "unique personal knowledge of the relevant fact surrounding the case." *Lossia v. Detroit Bd. of Educ.*, No 11-12607, 2012 U.S. Dist. LEXIS 121661, 2012 WL 3587339, at *2 (E.D. Mich. Aug 20, 2012).

*Doe v. Univ. of Mich.*, 2021 U.S. Dist. LEXIS 211126, *12 (E.D. Mich. Nov. 2, 2021). In *Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, 2010 U.S. Dist. LEXIS 33571 (W.D. Mich. Apr. 6, 2010), this Court denied a request for expedited discovery because the request was seeking information that was overly broad (seeking "all facts" in relation) and not limited or narrow in scope. In contrast, the request here is narrow in scope as to the limited information sought.

In *Usi*, this Court denied the plaintiff's request for expedited discovery as too premature because the defendant was not yet served nor retained an attorney, in contrast to the circumstances here where the Defendants were properly served and are represented by counsel. *Usi* can assure this Court the case is not so new as to prohibit expedited discovery when supported by the five factors for good cause as here. First, there is no preliminary injunction pending here. Second, the breadth of the discovery request is not overly broad or unlimited but narrow in scope. Third, the

4

purpose for the request is reasonable considering the witness' anticipated departure from the United States' jurisdiction. Fourth, there is no major burden to comply. Fifth, this request for expedited discovery is presented in advance of the typical discovery process, but Plaintiff waited as long as possible to make the request. Here, the need for expedited discovery, in consideration of the administration of justice, substantially outweighs any minimal prejudice to the responding party.

Upon information and belief, student Missy Chola has relevant and material evidence and testimony related to coordinated efforts between MSU students, including herself, and Defendants Vassar and Denno regarding the statements and complaints against Plaintiff that occurred in in-person communication and of which there is no documentary evidence that can be provided by another party. Ex. 4, Pl. Dec. ¶ 7. Upon information and belief, she has information regarding whether she was induced to act by receiving things of value from Defendant Vassar, such as a trip to Philadelphia for the April 2024 American Educational Research Association ("AERA"), meeting.[1] She also received a scholarship funded by Vassar's nonprofit organization.[2,3] Upon information and belief, Chola received the trip and panel opportunity and the scholarship above all other students at MSU.

Upon information and belief, Chola also maintains a recording of a meeting with Plaintiff that no other person or witness maintains or to which no other party or witness has access, including Plaintiff. Ex. 4, Pl. Dec. ¶ 8. Upon information and belief, she has records of communications with other students or faculty members regarding or relating to her interactions

---

[1] Miselo (Missy) Chola, LINKEDIN, https://www.linkedin.com/posts/miselo-missy-chola-468688253_leadership-advocacy-aera2024-activity-7278841199518437376-fkFR/ (last visited Apr. 14, 2025).
[2] WAYNE STATE UNIVERSITY COLLEGE OF EDUCATION PROFESSOR REMA VASSAR NAMED 2025 TOP U.S. EDUCATION SCHOLAR, WAYNE STATE UNIVERSITY (Jan. 29, 2025), available at https://education.wayne.edu/news/wayne-state-university-college-of-education-professor-rema-vassar-named-2025-top-us-education-scholar-65362.
[3] Miselo (Missy) Chola, LINKEDIN, *supra* note 1.

5

or communications with Defendants Vassar and Denno that no other party or witness maintains or to which no other party or witness has access. Ex. 4, Pl. Dec. ¶ 9. Further, Chola has documentation of certain communications that may not have been preserved by other defendants or parties in this case, necessitating gathering the information from Chola alone. *Id*. The information sought from Chola may not only be in the form of shared documentation, but in records maintained by Chola but not by other parties to said communications. The limited scope of the subpoena is tailored to gather only such evidence to which Chola has access or maintains that no other party may be able to provide or that no other party maintains.

In *Doe*, the Court granted the plaintiff's request to depose two witnesses on the basis of good cause through exigent circumstances – the circumstances being the witnesses were of "advanced age" and holding "unique personal knowledge" of relevant facts. *Doe* at 8-22. *Doe* argued the advanced age of the witnesses as an exigent circumstance; however, the argument here is not corollary to the witness' ages but rather witness Chola's completion of study in the United States and anticipated relocation to her home country which is outside the United States (making her similarly still unavailable). Here, like in *Doe*, the witness holds evidence that, upon information and belief, cannot be discovered by any other means. Thus, this Court can be guided by its sister court in *Doe* and similarly grant Plaintiff's subpoena request.

It cannot be assumed that the other parties to the sought communications maintained copies, and without access to Chola's records, the parties cannot determine if communication exists that the Defendants did not maintain. As documented in the Miller & Chevalier Report, which was commissioned by the MSU Board of Trustees themselves:

> Six of the eight trustees and the Board Secretary granted Miller & Chevalier access to their cell phones. Trustee Denno and Chair Vassar declined to cooperate in the cell phone review. Miller & Chevalier afforded Chair Vassar and Trustee Denno, through their

6

counsel, the opportunity to self-select cell phone data relevant to the investigation, but neither of them did so.[4]

In other words, Defendants Vassar and Denno refused to fully cooperate with an investigation that *they themselves commissioned.* Therefore, there is likely information relevant to this matter that Defendants Vassar and Denno are either attempting to obscure or they have deleted some or all of such evidence from their cell phones.

If Chola graduates and returns to her home country, such evidence will be unavailable to Plaintiff. Defendants will not suffer any prejudice as the information will be informative to the progress of this case, regardless of the information produced and will occur during the pendency of the motions to dismiss. Further, Plaintiff is willing to enter a protective order with respect to the production of any evidence provided by Chola in response to a subpoena to protect Defendants from disclosure of potentially harmful information.

The time-sensitive nature of this request related to a key witness in this case demonstrates that there is good cause to grant limited discovery prior to the Rule 26(f) conference.

### IV.    Expeditiousness

Upon information and belief, Chola will be graduating from MSU the weekend of May 2-4, 2025, and returning to her home country. Ex. 4, Pl. Dec. ¶ 10. Therefore, if a subpoena is not issued promptly, Plaintiff may suffer irreparable harm by being forever unable to seek the requested discovery from Chola. Plaintiff therefore respectfully requests that this Court handle this Motion on an expedited basis and schedule briefing such that a decision on this Motion may be issued by April 24, 2025.

---

[4] MILLER & CHEVALIER, MICHIGAN STATE UNIVERSITY INDEPENDENT INVESTIGATION REPORT ["MILLER & CHEVALIER REPORT"] at 7-8 (Feb. 28, 2024), https://msu.edu/-/media/assets/msu/docs/issues-statements/msu-independent-investigation-report--feb-28-2024--redactedupdated-links.pdf?rev=6e36cfca79374c28b9d81e4baacc0706&hash=483929D1FD6EC34599D00C3B77E870A2.

7

V.     Conclusion

WHEREFORE, Plaintiff respectfully requests this Court enter an Order permitting the limited discovery identified in the proposed Notice of Subpoena attached as Exhibit 2 to obtain evidence from witness Miselo "Missy" Chola that is likely to be unavailable after her graduation from MSU in May 2025, prior to the Rule 26(f) conference to preserve such evidence.[5]  Plaintiff further respectfully requests that this Order be issued by April 24, 2025.  A draft Order is attached as Exhibit 1.

Dated: April 14, 2025

Respectfully Submitted,

ABDNOUR WEIKER LLP

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Coriann Gastol (P74904)
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com
coriann@education-rights.com

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH LCIVR 7.2(b)(i)**

I hereby certify that this Brief complies with the limits set forth in LCivR 7.2(b)(i). Further, based on the Word Count function of Microsoft Word for Mac word processing software, applied to include all include headings, footnotes, citations and quotations, but not to include the case caption, cover sheets, any table of contents, any table of authorities, the signature block,

---

[5] This Notice of Subpoena has been reduced in scope from the previous Notice of Subpoena filed in this matter (ECF No. 42) to attempt to address the concerns raised by Defendant Vassar in her Motion to Quash (ECF No. 43).

8

attachments, exhibits, and affidavits, I certify that this Brief contains 2324 words.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour

## PROOF OF SERVICE

I hereby certify that on April 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour

9