Downloaded from vLex by Coriann Gastol

vLex

**NORTH ATLANTIC OPERATING COMPANY, INC.;NATIONAL TOBACCO COMPANY, L.P., Plaintiffs v. EBAY SELLER DEALZ_FOR_YOU, et al., Defendants.**

Case No. 2:17-10964

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

December 7, 2017

District Judge Linda V. Parker

Magistrate Judge Anthony P. Patti

### ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LIMITED EXPEDITED DISCOVERY (DE 95)

On March 28, 2017, Plaintiffs North Atlantic Operating Company, Inc. and National Tobacco Company, L.P. ("Plaintiffs") filed this lawsuit against Defendants, alleging claims under the Lanham and Copyright Acts as well as Michigan state law. In their Complaint, Plaintiffs claim that Defendants have been manufacturing, distributing, and selling counterfeit versions of Plaintiffs' ZIG-ZAG® brand cigarette paper products in Michigan and nationwide. Plaintiffs argue that the products are inferior cigarette paper products, "sold without any known quality control or authorization." (DE 1 at 5.) On May 3, 2017, following an *ex parte* hearing, the Court entered an Order granting Plaintiffs' *ex parte* motion for a temporary restraining order, preliminary injunction, and other relief, including: an account and asset freeze order; an order permitting alternative service; and, an order granting expedited discovery from Defendants and third-party e-commerce platforms. (DE 16.) The expedited discovery order required operators of e-commerce platforms to cooperate with this lawsuit by, among other things, sharing information with North Atlantic about the true names and identities of the counterfeiters, and their purchase and sales history over several years. (*Id*. at 17-18.)

Plaintiffs state that while most e-commerce platforms cooperated with the expedited discovery order, DHgate, DHport, DHlink, DHpay, and others within the Dunhuang Group of e-commerce companies ("DHgate Parties") did not "because of a mistaken belief that the *ex parte* expedited discovery order expired with the *ex parte* temporary restraining order in May 2017." (DE 95 at 2-3; DE 96 at 3.) Accordingly, Plaintiffs filed the instant *Ex Parte* Motion for Limited Expedited Discovery, seeking to serve a "targeted Rule 45 subpoena on the DHgate Parties before the Rule 26(f) conference." (DE 95.) Plaintiffs assert that the DHgate Parties' cooperation with discovery is crucial for confirming the non-cooperating Defendants' identities and counterfeiting via DHgate, which Plaintiffs assert is by far the most popular e-commerce platform for U.S. counterfeiters to buy counterfeit ZIG-ZAG® Orange from China. (DE 95 at 14.) Plaintiffs contend that the DHgate Parties' opposition to discovery is untenable because: (1) the Court granted expedited discovery pursuant to Fed. R. Civ. P. 26, which has no automatic expiration date

The Court agrees that Plaintiffs here have shown good cause and that their motion should similarly be granted. Plai (2) the Court expressly extended the TRO, stating it "remains in full force and effect until further Order of this Court" (DE 25); and, (3) there has been no further order vacating the injunction or the expedited discovery provisions. (*Id*.) Although these arguments appear to have some merit at first blush, the Court will refrain from a more in-depth analysis of them, since there is an alternative basis for providing the requested relief: Plaintiff's request should be granted pursuant to Fed. R. Civ. P. 26(d)(1).

Pursuant to Federal Rule of Civil Procedure 26(d)(1), parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to do so upon a showing of good cause. Fed. R. Civ. P. 26(d)(1); *see Dessault Systemes*, *S.A. v. Childress*, No. 09-10534, 2009 WL 3602084, at *4 (E.D. Mich. Oct. 27, 2009). Plaintiffs, as the party seeking expedited discovery, bear the burden of demonstrating good cause. *Best v. Mobile Streams, Inc*., No. 1:12-cv-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012) (citing *Quest Commc'ns Int'l Inc. v. Worldquest Networks, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003)). "Good cause for expedited discovery exists when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." 6-26 Moore's Federal Practice - Civil § 26.121 (2016).

The Court in *North Atlantic Operating Co. v. JingJang Huang*, 194 F.Supp.3d 634 (E.D. Mich. 2016) (Berg, J.) considered a similar *ex parte* motion for expedited limited discovery in a near-identical online counterfeiting case, in which the same plaintiff, North Atlantic, requested to serve limited expedited discovery on the same third party, DHgate, "to establish with greater certainty the DHGate.com Defendants' identities and addresses as well as the locations of their counterfeiting operations." *Id*. at 637. The Court found good cause for expedited discovery against DHGate, noting that "[w]ithin this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward." *Id*. (citation omitted). The Court found that "[g]iven the limited scope and time-sensitive nature of this discovery request, and Plaintiffs' offer to post a $10,000 bond with the Court to compensate for any damages suffered as a result of any wrongful restraint under this order, the Court will grant this relief." *Id*.

with the Court to compensate for any damage suffered as a result of any wrongful restraint under the TRO and that t

Downloaded from vLex by Coriann Gastol

ntiffs have shown that the limited discovery sought is essential to help identify all accounts involved in Defendants' alleged counterfeiting schemes. (DE 95 at 14, 17.) Plaintiffs have further demonstrated that the requested discovery is reasonable in scope, is similar to expedited discovery this Court has already ordered, and that the discovery will not overburden the DHgate Parties. (*Id*. at 18-19.) Further, Plaintiffs have established that the discovery must be granted *ex parte* to prevent non-cooperating Defendants and known sources of counterfeit ZIG-ZAG® Orange from moving, concealing, hiding, or destroying electronic evidence. (*Id*. at 20.) Finally, the Court further notes that Plaintiffs here were previously ordered to post a $10,000 bond

hey have done so. (DE 19; DE 25 at 20-21.)

Accordingly, Plaintiff's *ex parte* motion for limited expedited discovery (DE 95) is **GRANTED** and Plaintiffs may serve the proposed Rule 45 subpoena (DE 96-2) on the DHgate Parties. The DHgate Parties must, within **fourteen (14) days** of service of the subpoena, respond and produce to Plaintiffs the information requested.

**IT IS SO ORDERED.**

Dated: December 7, 2017

s/Anthony P. Patti

Anthony P. Patti

UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on December 7, 2017, electronically and/or by U.S. Mail.

s/Michael Williams

Case Manager for the

Honorable Anthony P. Patti