# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES, *et al.*,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB
Chief Judge: Hala Y. Jarbou
Magistrate Judge: Sally J. Berens

_____

### DECLARATION OF JACK LIPTON IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO PERMIT LIMITED DISCOVERY PRIOR TO A RULE 26(F) CONFERENCE

I, Jack Lipton, do hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief. I am aware that this Declaration will be filed in the United States District Court for the Western District of Michigan and that it is the legal equivalent of a statement under oath.

1. I am over the age of 18 and competent in all respects to make this Declaration. The facts contained herein are based upon my personal knowledge.

2. I am the Plaintiff in this matter.

3. This Declaration is offered in support of Plaintiff's Expedited Motion to Permit Limited Discovery Prior to a Rule 26(f) Conference.

4. Upon information and belief, certain complaints filed against me were authored by student Missy Chola, including complaints to the Office of Institutional Equity, Office of Civil Rights, and the Higher Learning Commission.

5. Upon information and belief, student Missy Chola also authored published letters on behalf of the MSU Chapter of the NAACP, of which she is the Co-Liaison Chair, and the MSU Black Students Alliance which contained defamatory language against me.

6. Upon information and belief, Student Missy Chola has relevant and material evidence related to the communications between MSU students, including herself, and Trustees Vassar and Denno regarding efforts to cause damage to Dr. Lipton's reputation and career.

7. Upon information and belief, Student Missy Chola has relevant and material evidence related to coordinated efforts between MSU students, including herself, and Trustees Vassar and Denno regarding the statements and complaints against me that occurred in in-person communication and of which there may be no documentary evidence that can be provided by another party.

8. Upon information and belief, Student Missy Chola also maintains a recording of a meeting with me that no other person or witness maintains or to which no other party or witness has access.

9. Upon information and belief, Student Missy Chola maintains records of communications with other students or faculty members regarding or relating to her interactions or communications with Chair Vassar and Trustee Denno, that no other party or witness maintains or to which no other party or witness has access.

10. Student Missy Chola is, upon information and belief, set to graduate the weekend of May 2-4, 2025, and thereafter is likely to return to her home country, making her unavailable as a witness in this case after that date.

11. If called as a witness to testify, I would competently testify to each fact contained in this Declaration.

2

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that I have read the foregoing declaration and that it is true and correct to the best of my knowledge, information, and belief.

Dated: 4/14/25                              _____
                                                            Jack Lipton