UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES DIANNE BYRUM, DENNIS DENNO, DAN KELLY, RENEE KNAKE JEFFERSON, SANDY PIERCE, BRIANNA T. SCOTT, KELLY TEBAY and REMA VASSAR, in their individual and official capacities,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

---

**RESPONSE BY DEFENDANT REMA VASSAR TO PLAINTIFF'S MOTION TO AUTHORIZE SUBPOENA COMPELLING MICHIGAN STATE STUDENT TO SEARCH FOR AND PRODUCE DOCUMENTS DURING FINAL EXAM WEEK**

    This lawsuit was filed on October 1, 2024.[1] Plaintiff filed his Amended Complaint on December 23, 2024.[2] Counsel for all the Defendants had contacted Plaintiff's counsel by January 28, 2025. But, Plaintiff waited until after the close of business on April 14, 2025 to file a motion asking this Court to authorize the issuance of a subpoena directed to a student at Michigan State University ("MSU"). Plaintiff further asks this Court to decide this Motion by April 24, 2025 and to order this student to respond to the subpoena within seven days.

    Plaintiff, a member of the MSU faculty, does not mention that final examinations start at MSU on April 28, 2025 and continue through May 2, 2025.[3] In other words, having waited for

---

[1] *See, e.g.,* ECF No. 1: Complaint, PageID.1.
[2] ECF No. 10: Amended Complaint, PageID.65–104.
[3] *See* https://reg.msu.edu/ROInfo/Calendar/academic.aspx (last visited April 15, 2025).

{00776284.DOCX}    1

months to file this Motion, an MSU professor now demands that an MSU student place the professor's personal financial interests above the student's studying for and taking final examinations. Under the case law cited by Plaintiff, the potential prejudice to the MSU student's future far outweighs the marginal benefit to the MSU professor's obtaining documents he has requested from that student.

Moreover, all Defendants have moved to dismiss Plaintiff's claims because of the numerous legal defects in his claims. The first is created by the Eleventh Amendment to the United States Constitution, which prevents this Court from exercising subject matter jurisdiction over the claims against all the Defendants. Other legal defenses to his claims include:

- Sovereign immunity;

- Qualified immunity;

- The inapplicability of *Monell* liability to state officials like MSU Trustees;

- Plaintiff's inability to prove prerequisites to his claim, including that he was not speaking to the *Detroit News* as an employee of MSU;

- The fact that Plaintiff was promoted instead of disciplined after he criticized some of the MSU Trustees in an interview with the *Detroit News*; and

- Plaintiff's seeking relief that he cannot obtain, such as an injunction removing Defendants from the public offices to which the people of the state of Michigan elected them.

It is unlikely that Plaintiff's claims will survive the dispositive motions that Defendants have already been filed. Defendants' immunity from suit includes a prohibition upon discovery not only while their motions to dismiss are pending, but also on any appeal from the decision of these motions. As a result, there is good cause to delay discovery until there is final resolution of those motions. Therefore, this Court should deny this Motion and bar Plaintiff from serving or enforcing the subpoena that he wants to have issued. In the alternative, this Court should

{00776284.DOCX}                                    2

significantly reduce its scope of the proposed subpoena and extend the production deadline.

Defendant Dr. Rema Vassar has previously filed a motion[4] asking this Court to quash a subpoena duces tecum directed to the same MSU student that Plaintiff had filed with this Court on April 4, 2025.[5] This Court has set the hearing on Dr. Vassar's Motion for May 1, 2025 while it has set the hearing for Plaintiff's Motion for April 24, 2025.[6] Both motions raise the same basic issues. Therefore, deciding this Motion should resolve the issues raised by Dr. Vassar in her Motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this lawsuit on October 1, 2024.[7] On December 23, 2024, Plaintiff filed his Amended Complaint,[8] which named as Defendants the MSU Board of Trustees, and eight MSU Trustees, in both their individual and official capacities.[9] All the Defendants have moved to dismiss the Amended Complaint as their initial response to this pleading.[10]

Plaintiff is allegedly "the Founding Chair of the Department of Translational Neuroscience and Associate Dean for Research Analytics at the College of Human Medicine at MSU."[11] He was elected to serve as Chair of the MSU Faculty Senate in August 2023.[12] In that capacity, Plaintiff spoke at the October 27, 2023 meeting of the Board of Trustees in this capacity and presented a Faculty Resolution that *inter alia* called on Dr. Rema Vassar to resign from the Board of

---

[4] ECF No. 43: Motion to Quash Subpoena, PageID.279-300.
[5] ECF No. 42, PageID.275-278.
[6] ECF No. 45: Notice of Hearing, PageID.303 and ECF No. 49: Notice of Hearing, PageID.331.
[7] *See, e.g.,* ECF No. 1: Complaint, PageID.1.
[8] PageID.65 et seq.
[9] Amended Complaint, ¶¶ 32, 40-41, PageID.71-72.
[10] ECF No. 38: Dr. Vassar's Motion to Dismiss, PageID.230-268; ECF No. 35: Trustee Denno's Motion to Dismiss, PageID.186-225; ECF No. 33: Motion to Dismiss by MSU Board of Trustees and other Trustees, PageID.148-185.
[11] *Id.*, ¶ 1, PageID.66.
[12] *Id.*, ¶ 11, PageID.68.

{00776284.DOCX}                              3

Trustees.[13] After the October 27, 2023 meeting, Dr. Lipton communicated with reporters.[14] Plaintiff alleges he was speaking "as a private individual."[15] But, the Detroit News article that he references, and thereby incorporates into his pleadings,[16] is entitled "MSU Faculty Senate chair slams board leader Rema Vassar for chaos, outbursts at meeting."[17] This article then quotes Dr. Lipton several more times in his capacity as chair of the Faculty Senate.

In his Amended Complaint, Plaintiff makes a number of allegations regarding the response by students, faculty and campus organizations to the statement he issued to the Detroit News. He claims that student and faculty groups released statements that accused him of targeting a specific racial group.[18] Plaintiff also claims that a website "published an op-ed authored by Vassar associate Clyde Barnett III that made similar accusations."[19] Dr. Lipton contends that Dr. Vassar and Trustee Denno coordinated these activities. He also complains that another faculty member was critical of Dr. Lipton's statement to the Detroit News at a faculty meeting.[20] But, Plaintiff does not blame this criticism upon any of the Defendants.

Plaintiff also alleges that Dr. Vassar and Trustee Denno attended the December 15, 2023 Board of Trustees meeting "together in the same room with multiple student members of BSA,

---

[13] *Id.*, ¶¶ 14-15, PageID.68.
[14] *Id.*, ¶ 17, PageID.68.
[15] *Id.*
[16] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").
[17] Amended Complaint, p 5 n. 5, PageID.69.
[18] Amended Complaint, ¶¶ 78-80, PageID.78-79.
[19] *Id.*, ¶ 81, PageID.79.
[20] *Id.*

MSU NAACP, and the MSU Hurriya Coalition"[21] Dr. Lipton does not like what these students said or how they behaved.[22] Plaintiff is also critical of the failure of any Trustee to support him.[23] In any event, Dr. Lipton issued a lengthy apology at the December 15, 2023 Board Meeting for the statement that he had issued to the Detroit News after the October 27, 2023 Board Meeting.[24]

Other allegations include Dr. Vassar's canceling one meeting with him[25] and then disagreeing with him at another meeting.[26] Plaintiff was also "shocked" that Dr. Vassar and Trustee Denno attended the September 24, 2024 investiture of new MSU President Guskiewicz and had their picture taken with him.[27] Finally, Plaintiff alleges that the Board of Trustees could have imposed additional sanctions on Dr. Vassar and Trustee Denno and that Governor Whitmer could remove them from office.[28]

In Count I of his Amended Complaint, the Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 because Defendants allegedly retaliated against him for exercising his First Amendment rights.  All of the Defendants have moved to dismiss this claim because the Eleventh Amendment bars suits against a state, its agencies or state officials sued in their official capacity.[29]  They also seek dismissal of his claims on the ground that Plaintiff cannot to prove his retaliation claims because he was speaking in his capacity as an employee of MSU.[30] The Sixth Circuit has

---

[21] *Id.*, ¶ 98, PageID.98.
[22] *Id.*, ¶¶ 102-103, PageID.83.
[23] *Id.*, ¶ 106, PageID.83.
[24] *Id.*, ¶ 113, PageID.84-86.
[25] *Id.*, ¶¶ 73-75, PageID.78.
[26] *Id.*, ¶¶ 148 – 157, PageID.91-92.
[27] *Id.*, ¶¶ 162-170, PageID.93-95.
[28] *Id.*, ¶¶ 160, 177-181, PageID.93, 96.
[29] *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (cleaned up).
[30] *See, e.g.,* ECF No. 38: Vassar Motion to Dismiss, pp. 13-16, PageID.248-251 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); and *Connick v. Myers*, 461 U.S. 138, 140, 143 (1983).

{00776284.DOCX}                                                 5

consistently held that "the determination as to whether [a public employee] engaged in protected speech [is] one of law."[31] Plaintiff cannot prove that any adverse action was taken as a result of his statement to the *Detroit News* because he was promoted, not disciplined or fired.

Count II is entitled "*Monell* Liability,[32] 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution (All Defendants)."[33] Defendants seek dismissal of this claim because *Monell* liability applies to local governmental units, not state officials like the Trustees of MSU.[34] Dr. Vassar and the other Trustees are protected by qualified immunity from the claims against them in their personal capacity, like Count II.[35]

Count III is entitled "Injunctive Relief," which should be dismissed because injunctive relief is a remedy, not an independent cause of action.[36] Moreover, Plaintiff asks this Court to enter an injunction that results in "the recall, resignation, or removal of Vassar and Denno from their positions on the MSU Board of Trustees."[37] No legal authority authorizes any court to remove officials elected by the Michigan voters to public office.[38]

On April 4, 2025, Plaintiff filed a copy of a Subpoena Duces Tecum directed to Misselo

---

[31] *Mayhew v. Town of Smyrna*, 856 F.3d 456, 464 (6th Cir. 2017) (after reviewing case law).
[32] This Count is based upon *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).
[33] Amended Complaint, page 34, PageID.98.
[34] *See, e.g.,* ECF No. 38, pp. 23-25, PageID.258-260.
[35] ECF No. 38, pp. 22-23, PageID.257-258 (relying upon *Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985); and *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).
[36] *See, e.g., Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) (affirming district court dismissal of plaintiff's claim for injunctive relief because plaintiff "failed to state a claim for any constitutional deprivation under § 1983.").
[37] Amended Complaint, ¶ 211, PageID.100; *see also* Prayer for Relief, PageID.103 (seeking "injunction removing Vassar and Denno from their positions on the MSU Board of Trustees").
[38] *See* ECF No. 38, pp. 25-27, PageID.260-262.

{00776284.DOCX}                                6

"Missy" Chola, an MSU student.[39] This subpoena requested production of seven categories of documents by 3:00 PM on April 11, 2025. It does not appear that this subpoena was ever served. On April 11, 2025, Dr. Vassar moved to quash this subpoena.[40]

Plaintiff subsequently filed this Motion, asking this Court for authorization to issue a subpoena to Ms. Chola. The current subpoena is slightly narrower than first subpoena, but still requests that Ms. Chola produce the following categories of documents:

- Copies of all communications with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;

- Copies of all recordings of conversations with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;

- Copies of all communications asking, advising, or recommending your presence, or the presence of members of the BSA or NAACP Y&C Division at Board of Trustees meetings by Rema Vassar from August 2023 to present;

- Copies of all recordings of any meetings and/or conversations with Jack Lipton; and

- Copies of all communications that resulted in receipt or consideration for scholarships, awards, and/or attendance or travel to professional or society meetings in any way associated with Rema Vassar or Dennis Denno from August 2023 to present.

Plaintiff requests a decision by April 24, 2025. He also requests that this Court reduce the time for Ms. Chola to respond to the subpoena to only seven days after service. Although Plaintiff is an MSU faculty member, he does not mention that final examinations at MSU begin on April

---

[39] ECF No. 42, PageID.275-278.
[40] ECF No. 43: Motion to Quash Subpoena, PageID.279-300.

{00776284.DOCX}                                                7

28, 2025 and continue through May 2, 2025.[41]

Dr. Vassar now responds to Plaintiff's Motion to issue this subpoena.

## ARGUMENT

Plaintiff has created a faux crisis by waiting until the eve of MSU final exams to request an order compelling a student that criticized him to respond to his subpoena during final exams. The potential prejudice to the non-party MSU student from being forced to respond to this subpoena far outweighs any marginal benefit that Plaintiff may derive from obtaining this discovery. Moreover, Defendants are entitled to immunity from suit, which includes immunity from participating in discovery until their immunity defenses are finally resolved. Even if this were not the case, this Court should minimally limit the scope of the subpoena duces tecum to limit its burden upon a non-party student.

> **A.    This Court should deny this Motion because discovery is not yet open and the prejudice to the MSU student from requiring compliance with this subpoena far outweigh the potential harm to Plaintiff from not obtaining the documents he seeks during the student's final exams.**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[42] There has been no such conference, and none is currently scheduled to take place. The Sixth Circuit has not established a test for determining if a district court should allow early discovery. In his Brief, Plaintiff relies upon a recent decision by Judge Maloney, which considers this issue and explained that:

> Jurisdictions differ as to what factors to consider under the good cause standard, but generally they include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how

---

[41] *See* https://reg.msu.edu/ROInfo/Calendar/academic.aspx (last visited April 15, 2025).
[42] Fed. R. Civ. P. 26(d)(1).

{00776284.DOCX}                                                8

> far in advance of the typical discovery process the request was made. In determining whether "good cause" exists, courts should consider whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.[43]

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . ."[44] "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden."[45]

The factors described by Judge Maloney weigh against allowing the discovery that has been requested. There is no preliminary injunction pending, and Plaintiff does not contend that the discovery requested is needed to respond to Defendants' pending dispositive motions. Moreover, the requested discovery is not directed at issues raised by Defendant's motions. For example, nothing in the requested discovery will affect whether the Eleventh Amendment allows this Court to hear Plaintiff's claims or whether *Monell* liability applies to state, rather than local, governments and officials.

The breadth and burden of these discovery requests is also quite significant when considering the recipient of these requests. It **might** not be that burdensome for a large organization that has an IT Department, inside counsel and retained outside counsel to respond to a request to produce email. But, this subpoena is directed at a MSU student, who does not have an IT

---

[43] *Usi Insurance Services v. Baines*, 2022 U.S. Dist. Lexis 240734, * 2 (W.D. Mich. Sept. 14, 2022) (cleaned up).
[44] Fed. R. Civ. P. 45(d)(1).
[45] Fed, R. Civ. P. 45(d)(3)(A)(i), (iv).

{00776284.DOCX}                                                9

department, is not represented by counsel and is about to take final examinations. Moreover, the request is seeking "all communications" over a lengthy time period. If this student uses text messages or social media platforms to communicate, then locating and producing the requested documents will be time consuming and difficult.

Finally, Dr. Vassar notes that Plaintiff supports his motion with an affidavit by Plaintiff in which he makes statements "upon information and belief." The Sixth Circuit has dismissed claims based solely on information and belief because "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true."[46] An affidavit based upon "information and belief" will not provide a sufficient basis to survive a properly supported Rule 56 motion.[47] Therefore, this Court should put no more than limited weight upon Plaintiff's affidavit when resolving his Motion.

> B. **This Court should deny this Motion because Defendants have moved to dismiss all claims against them under multiple theories of immunity, which would justify a stay of discovery until these motions are resolved.**

In addition to the test described by Judge Maloney, Moore's Federal Practice explains that:

> Some courts have employed a preliminary injunction-style analysis, which analyzes a set of factors similar to those for obtaining a preliminary injunction. The factors relevant to that inquiry are: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery is greater than the

---

[46] *In re Darvocet, Darvon, & Propoxyphene Products Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014); *see also 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).

[47] *See, e.g., Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (finding that "statement based upon his "belief" . . . did not demonstrate the personal knowledge required by Fed. R. Civ. P. 56(e)").

injury the party will suffer if the expedited relief is granted.[48]

There is very limited probability of success for Plaintiff on the merits of his claims. All the Defendants have moved to dismiss the entire Amended Complaint because the claims against them are barred by the Eleventh Amendment, sovereign immunity or qualified immunity. "The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability."[49] Discovery should not continue until the threshold question of immunity is resolved.[50] The Supreme Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery."[51] The policy behind this doctrine is to "avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial."[52]

The Supreme Court has held that absolute immunity is treated the same as qualified immunity as it relates to discovery during an appeal.[53] "When the defendant takes an interlocutory appeal, all discovery must cease."[54]

Plaintiff does not content that there is a connection between the requested discovery and the issues raised by the pending dispositive motions. Furthermore, there is very limited risk of irreparable harm should this Court deny this Motion. Most of the requested documents are

---

[48] 6 Moore's Federal Practice - Civil § 26.121 (2025).
[49] *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).
[50] *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982).
[51] *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).
[52] *Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) (internal quotation marks omitted) (citing *Harlow*, 457 U.S. at 816).
[53] *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985) ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable . . .").
[54] *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir. 1988) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).

communications with other persons and should therefore be available should Plaintiff succeed in avoiding dismissal of his Amended Complaint. This also means that the risk of harm to Plaintiff, compared to the burden of demanding that an MSU student spend finals week responding to a subpoena, weighs in favor of denying this Motion.

Therefore, under this second test, this Court should deny this Motion.

### C. Even if this Court does not quash the entire subpoena, it should sharply narrow its scope.

If this Court does not quash the subpoena, it should still limit it. Once discovery is permitted, it is still limited in scope. The Federal Rules provide that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[55]

To prevent discovery abuses, this Court is authorized to issue protective orders as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by

---

[55] Fed. R. Civ. P. 26(b)(1).

{00776284.DOCX}    12

the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.][56]

The subpoena that Plaintiff wants to be issued would require the MSU student to produce the following categories of documents only seven days after service:

- Copies of all communications with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;

- Copies of all recordings of conversations with Rema Vassar, Dennis Denno, and any other member of the MSU Board of Trustees about Jack Lipton from August 2023 to present;

- Copies of all communications asking, advising, or recommending your presence, or the presence of members of the BSA or NAACP Y&C Division at Board of Trustees meetings by Rema Vassar from August 2023 to present;

- Copies of all recordings of any meetings and/or conversations with Jack Lipton; and

- Copies of all communications that resulted in receipt or consideration for scholarships, awards, and/or attendance or travel to professional or society meetings in any way associated with Rema Vassar or Dennis Denno from August 2023 to present.

Most of these discovery requests have only the most tangential connection to the material factual disputes in this case. None seeks documents relevant to deciding the pending dispositive motions. Therefore, the burden of responding is disproportional to the needs of this case. Moreover, electronic discovery is time consuming and expensive. It is one of the primary reasons why litigation is so much more expensive and takes so much more time than it did 30 years ago. Responding to these requests would be challenging for anyone, let alone an MSU student that is

---

[56] Fed. R. Civ. P. 26(c)(1)(A) – (D).

{00776284.DOCX} 13

not a party to this lawsuit, presumably does not have the assistance of counsel or an IT consultant and is taking final examinations. Finally, most of the documents being requested should be available from other sources to which Plaintiff would have access once discovery begins.

There are sound reasons to quash this entire subpoena. If this Court disagrees, it should limit its scope to a reasonable scope and set a reasonable deadline for production.

## CONCLUSION AND RELIEF REQUESTED

This Court should deny this Motion and not allow discovery to commence until after resolution of the defenses raised by Defendants in their pending dispositive motions.

                Respectfully submitted,

                LIPSON NEILSON P.C.

                */s/ C. Thomas Ludden*
                C. Thomas Ludden (P45481)
                Attorneys for Defendant Vassar Only
                3910 Telegraph Road, Suite 200
                Bloomfield Hills, Michigan 48302
                (248) 593-5000
Dated: April 22, 2025          tludden@lipsonneilson.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(1)

This brief complies with Local Rule 7.3(b)(1) because it contains <u>4003</u> words, excluding the caption, signature block, this certification and the certificate of service. This brief was prepared in Microsoft Word for Microsoft 365 MSO, whose word count feature was used to determine compliance with rule.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>LIPSON NEILSON P.C.<br><br><u>/s/ C. Thomas Ludden</u><br>C. Thomas Ludden (P45481)<br>Attorneys for Defendant Vassar Only<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, Michigan 48302<br>(248) 593-5000</td></tr>
<tr><td>Dated: April 22, 2025</td><td>tludden@lipsonneilson.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing Motion to Quash with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ C. Thomas Ludden