UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK LIPTON,

        Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD
OF TRUSTEES, et al.,

        Defendants.

Case No. 24-01029
Chief Judge: Hala Y. Jarbou
Magistrate Judge: Sally J. Berens

## FED. R. CIV. P. 26(f) JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

1. <u>Jurisdiction</u>: Plaintiff contends that jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

    Defendants dispute the Court's subject matter jurisdiction over Plaintiff's damages claims, as the Board and its Trustees are an arm of the State of Michigan and thus entitled to sovereign immunity. Defendants' sovereign immunity also bars Plaintiff's requests for injunctive relief as remedies for the past harms he alleges. Defendants have presented these arguments in more detail in motions to dismiss under Fed. R. Civ. P 12(b)(6).

    Defendants also dispute the applicability of certain jurisdictional statutes identified in Plaintiff's Amended Complaint. 28 U.S.C. § 1361 applies only to mandamus claims against United States officers, agents, and agencies, which is not the nature of this case. Additionally, 5 U.S.C. §§ 702, 704, and 706 also do not apply here.

2. <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct proceedings, with the exception of discovery proceedings, in the case.

4. <u>Statement of the Case</u>:

Plaintiff's Statement: Plaintiff brings claims against the Named Board Members for First Amendment retaliation and injunctive relief and against all Defendants for *Monell* liability. Plaintiff is a former employee of MSU. Plaintiff spoke out against Defendant Vassar in his personal capacity to a journalist. His comments were published in The Detroit News. Subsequently, Defendants Denno and Vassar began a campaign of retaliation and defamation against Plaintiff, actively encouraging and assisting students, faculty, and other individuals to file complaints against Plaintiff, publicly label him a "racist," and accusing him of "criminalizing students." The Named Board Members were on notice of this ongoing retaliation and failed to take appropriate measures to protect Plaintiff from further harm and remedy the harms to which he was, and continues to be, exposed. He has been notified that the harm his reputation has suffered due to Defendants Denno and Vassar's attacks on his character has caused him to lose the ability to advance professionally, both internally and outside of MSU.

Defendants' Statement: Plaintiff's claims lack merit both jurisdictionally and substantively. From a jurisdictional standpoint, Defendants' sovereign immunity bars Plaintiff's claims for damages and injunctive relief to the extent Plaintiff seeks to correct alleged past harms. Relatedly, Plaintiff's claims under 42 U.S.C. § 1983 fail to the extent they are official-capacity suits, as state entities and their agents are not subject to suit under § 1983.

  Plaintiff's claims also lack substantive merit. Among other issues, the speech at the center of Plaintiff's retaliation claim was not protected speech. Rather, it was part of his ordinary job duties. Moreover, Plaintiff never suffered an adverse action that would have chilled an ordinary person from engaging in the alleged activity—indeed, nothing ever chilled *Plaintiff's own activity.* Nor can Plaintiff attribute the anti-speech actions he alleges to any type of policy (explicit or implicit) of the Board or its Trustees. Thus, even setting aside that the Board and its Trustees are not municipal entities as required to sustain such a claim, Plaintiff's claim of *Monell* liability is fatally flawed. And, on top of this lack of substantive merit, the individual Trustees whom Plaintiff has sued are all entitled to qualified immunity under the facts and circumstances presented.

5. <u>Prospects of Settlement</u>: Settlement negotiations have not yet begun.

6. <u>Pendent State Claims</u>: This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by <u>June 6, 2025</u>.  The parties do not expect to file any such motions.

8. <u>Disclosures and Exchanges</u>:   Defendants have filed motions to dismiss that are currently pending. Plaintiff is prepared to proceed with discovery at such time as the Court orders. Defendants ask to stay discovery pending the outcome of the motions to dismiss, except for a discovery subpoena to be served by Plaintiff upon witness Miselo "Missy" Chola, which the Court has already permitted. Defendants' position is consistent with Plaintiff's previous representation to the Court that discovery should be stayed until the motions to dismiss are decided. See ECF No. 48, PageID.313 ("there are pending Motions to Dismiss the Plaintiff's claims that Defendants filed in lieu of responsive pleadings . . . Such motions

3

necessarily delay the initiation of discovery until the resolution of the motions and subsequent survival of Plaintiff's claims.").

    a. FED R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: <u>30 days after the Court's issues its decision on Defendants' motions to dismiss.</u>

    b. The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by <u>150 days after the Court issues its decision on Defendants' motions to dismiss</u>. Defendants expect to be able to furnish the names of defendants' expert witness(es) by <u>180 days after the Court issues its decision on Defendants' motions to dismiss</u>.

    c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

Plaintiff's expert reports: <u>180 days after the Court issues its decision on Defendants' motions to dismiss.</u>

Defendant's expert reports: <u>210 days after the Court issues its decision on Defendants' motions to dismiss.</u>

Rebuttal expert disclosures: <u>240 days after the Court issues its decision on Defendants' motions to dismiss.</u>

    d. The parties have agreed to make available the following documents without the need of a formal request for production: None

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed within 9 months after the Court issues a decision on Defendants' pending motions to dismiss. The parties recommend the following discovery plan:

   Initial disclosures: <u>30 days after the Court issues its decision on Defendants' motions to dismiss</u>.

   Written discovery deadline: <u>270 days after the Court issues its decision on Defendants' motions to dismiss</u>.

   Deposition deadline: <u>270 days after the Court issues its decision on Defendants' motions to dismiss</u>.

   Fed. R. Civ. P. 26(a)(3) Pretrial disclosures: To be determined once trial is set.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney-client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privilege claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering

claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

- Plaintiff: Daubert motions, motions in limine, motion for summary judgment
- Defendants: Motions to dismiss under Fed. R. Civ. P. 12(b)(6) (already filed), *Daubert* motions, motion for summary judgment.

The parties anticipate that all dispositive motions will be filed within 45 days after the close of discovery.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff is open to ADR at any time but is willing to wait until Defendants are prepared to proceed, as ADR before such time will not be productive.

Defendants believe that ADR will not be useful until after the Court reaches a decision on the pending motions to dismiss. If any of Plaintiff's claims survive the motions to dismiss, Defendants—with the exception of Defendant Denno—anticipate that before

6

ADR occurs, the parties will need to complete at least an initial phase of written discovery and Plaintiff's deposition. With respect to Defendant Denno, if any of Plaintiff's claims survive the motions to dismiss, Defendant Denno is agreeable to early ADR before engaging in formal discovery.

14. Length of Trial: Counsel estimate the trial will last approximately 6-7 days total, allocated as follows: 3 days for plaintiff's case, 3-4 days for defendants' case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other</u>:  At this time, the parties do not believe there are any special characteristics of this case that would warrant extended discovery or accelerated motion practice. Defendants have filed motions to dismiss that raise immunity from suit as a defense to Plaintiff's claims. The denial of a motion to dismiss on immunity grounds is a final order that can be reviewed as a matter of right by the Circuit Court of Appeals. By agreeing to the deadlines proposed herein, Defendant Vassar and Defendant Denno are not waiving their right to seek immediate interlocutory review of any denial of their separate motions to dismiss or to seek a stay of discovery during that interlocutory appeal.

Respectfully submitted,

s/ Elizabeth K. Abdnour
Elizabeth K. Abdnour (P78203)
Abdnour Weiker LLP
Attorneys for Plaintiff


s/ Michael S. Schwartz
Michael A. Schwartz (P74361)
Zausmer, P.C.
Attorneys for Defendant Michigan State
University Board of Trustees


s/ C. Thomas Ludden
C. Thomas Ludden (P45481)
Lipson Neilson P.C.
Attorneys for Defendant Vassar Only


s/ Daniel C. Waslawski
Daniel C. Waslawski (P78037)
Starr, Butler & Stoner, PLLC
Attorney for Defendant Denno only

Dated: May 9, 2025

## CERTIFICATE OF SERVICE

The undersigned says that on May 9, 2025, she has caused to be served a copy of **Fed. R. Civ. P. 26(f) Joint Status Report and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

s/ Kiersten Plane