UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

      Plaintiff,

v.

MICHIGAN STATE
UNIVERSITY BOARD OF
TRUSTEES, *et al.*

      Defendants.

Case No. 1:24-cv-01029-HYJ-SJB
Hon. Hala Y. Jarbou
Mag. Sally J. Berens

**DEFENDANTS MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES' AND THE MOVING TRUSTEES'
REPLY IN SUPPORT OF THEIR
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

**I.     INTRODUCTION**

Plaintiff Jack Lipton's response in opposition to the motion to dismiss filed by Defendants Michigan State University Board of Trustees and the Moving Trustees[1] does not save any of his claims against them. Lipton's response instead *abandons* most of his claims by failing to address arguments in the motion. He has abandoned: (1) all of his claims against the Board; (2) his official-capacity claims against the Moving Trustees, except to the extent he (improperly) seeks injunctive

---

[1] As in their motion for summary disposition, the term "Moving Trustees" refers collectively to Defendants Dianne Byrum, Dan Kelly, Renee Knake Jefferson, Sandy Pierce, Brianna Scott, and Kelly Tebay. It does not include Defendants Rema Vassar or Dennis Denno.

relief; (3) his *Monell* claim; and (4) his request for an injunction removing Trustees Rema Vassar and Dennis Denno from the Board of Trustees.

Lipton's only remaining claim is for First Amendment retaliation, and only to the extent he seeks damages against the Moving Trustees in their personal capacities and vague injunctive relief against them in their official capacities. But Lipton's claim fails because he cannot escape the Moving Trustees' qualified immunity. Contrary to Supreme Court and Sixth Circuit precedent, Lipton relies on no more than a high-level definition of the supposedly clearly established right that the Moving Trustees violated. Dismissal of the First Amendment retaliation claim is thus appropriate even before discovery opens.

Lipton's claim for injunctive relief separately fails because, contrary to established jurisprudence regarding the *Ex parte Young* exception to sovereign immunity, he does not allege an *ongoing* harm. Rather, he alleges a series of discrete actions that ended at least six months ago. That is not enough to invoke the *Ex parte Young* exception.

In sum, all of Lipton's claims against the Board and the Moving Trustees fail, both due to abandonment and pleading defects. The Court should thus dismiss Lipton's claims against the Board and Moving Trustees.

## II.    LEGAL ANALYSIS

### A.    Lipton has abandoned several of his claims by failing to address them in his response brief.

Lipton has effectively abandoned several of his claims against the Board and the Moving Trustees by failing to respond to arguments raised in their motion. *See, e.g.*, *Notredan, L.L.C. v. Old Repub. Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (a plaintiff's failure to respond to arguments in a motion to dismiss "amounts to a forfeiture of the . . . claim."); *Norris v. Stanley*, 2022 WL 247507, at *4 (W.D. Mich. Jan. 21, 2022) ("Where a party fails to respond to an argument in a motion to dismiss the court assumes he concedes the point and abandons the claim.").

*First*, the Board has shown that it should be dismissed because (1) the Board is not a "person" subject to suit under 42 U.S.C. § 1983 and (2) the Board is entitled to sovereign immunity under the Eleventh Amendment. ECF No. 33, PageID.170-173. These doctrines preclude claims for damages *and* injunctive relief because, even under the *Ex parte Young* doctrine, injunctive relief is *not available* against state corporate bodies. *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021) ("the University of Louisville is not a state official . . . So *Ex parte Young* doesn't apply"); *McKenna v. Bowling Green St. Univ.*, 568 Fed. App'x 450, 457 ("*Ex parte Young* does not apply because Bowling Green and its Board of Trustees

3

are not state officials."). Because Lipton has failed to address these arguments, the Board should be dismissed from this lawsuit.

*Second*, and relatedly, the Moving Trustees have shown that all official-capacity claims against them (except Lipton's claims for prospective injunctive relief) are barred by (1) their non-personhood under 42 U.S.C. § 1983 and (2) sovereign immunity. ECF No. 33, PageID.173. Lipton does not mention the damages or retroactive injunctive relief components of his official-capacity claims against the Moving Trustees, much less respond to the arguments made by the Moving Trustees. These aspects of his claims should also be dismissed based on abandonment.

*Third*, the Moving Trustees have also shown that they are not subject to personal liability under the *Monell* doctrine because *Monell* does not apply in personal-capacity suits against public officials. ECF No. 33, PageID.173-174; *Wilson v. Civ. Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988). Lipton does not address this argument and has thus abandoned his *Monell* claim against the Moving Trustees.

*Fourth*, the Board and the Moving Trustees have shown that the authority to remove individual university trustees has been legislatively assigned to Michigan's Governor, and that a court lacks authority to *order* their removal from office. ECF No. 33, PageID.180-181; *Buback v. Romney*, 156 N.W.2d 549, 554 (Mich. 1968) ("when a particular removal power is assigned to one branch of government, that

4

power must be exercised within that branch if the doctrine of separation of powers is to be meaningful"). Lipton does not make any counterargument that his request for the removal of Trustees Vassar and Denno is tenable under Michigan law. He has thus abandoned this claim for relief.

In sum, based solely on the claims Lipton has abandoned, the *only* claim remaining for the Court to evaluate on its merits is Lipton's First Amendment retaliation claim, and only to the extent it seeks (1) damages against the Moving Trustees in their individual capacities and (2) prospective injunctive relief against the Moving Trustees, vaguely prohibiting future retaliation against Lipton. But these remaining claims should be dismissed in any event because the Moving Trustees are entitled to qualified immunity and because Lipton has not alleged any ongoing harm.

### B. The Moving Trustees are entitled to qualified immunity.

Lipton has not made any argument sufficient to strip the Moving Trustees of qualified immunity. The Board and the Moving Trustees showed in their opening brief that they are entitled to qualified immunity because their actions did not amount to a *clearly established* constitutional violation. ECF No. 33, PageID.177. Under Sixth Circuit precedent, "in the First Amendment retaliation context, an official should be charged with knowledge of the law only if there is a previously decided case with 'clearly analogous facts.'" *Higbee v. Eastern Mich. Univ.*, 399 F. Supp. 3d 694, 704 (E.D. Mich. 2019) (quoting *Evans-Marshall v. Bd. of Educ. of Tipp City*

5

*Exempted Village Sch. Dist.*, 428 F.3d 223, 233 (6th Cir. 2005)). Here, Lipton cannot point to another court that has found a First Amendment violation where (1) *some* university board of trustees members instigate a public campaign against a faculty member, and (2) the trustees *not responsible* for the alleged campaign vote to (a) censure the attacking trustees for nine months and (b) refer the attacking trustees to the Governor for removal from office. ECF No. 33, PageID.178.

Lipton's counterargument has two parts. First, he contends that specificity in defining his clearly established right is not required. Lipton quotes *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) in arguing that he does not need a "case directly on point." ECF No. 56, PageID.381. But Lipton misconstrues the standard for defining the violation of a clearly established right. Indeed, while *Ashcroft* does "not require a case directly on point," it does require "*existing precedent*" that "must have placed the statutory or constitutional question *beyond debate*." *Ashcroft*, 563 U.S. at 741 (emphasis added). The Supreme Court also reiterated in *Ashcroft* that it has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Id.* at 742.

The language in *Ashcroft* is consistent with Sixth Circuit precedent, which does not require a case "directly on point," but mandates a case that is "clearly analogous" to the facts at issue. *See Higbee*, 399 F. Supp. 3d at 704. Put differently, the Sixth Circuit requires a case with *meaningful similarities*. This comports with

6

10456164.3

the Supreme Court's directive not to define clearly established law at a high level of generality and to ensure that, based on precedent, the contours of the right are sufficiently clear.

The second part of Lipton's argument is an attempt to define, at a very high level, the clearly established right he claims was violated. Lipton contends that he has a "clearly established right to criticize a public official without facing retaliation." ECF No. 56, PageID.380. But this is not a meaningful definition. It is instead a partial recitation of the elements of a First Amendment retaliation claim. While Lipton is correct that First Amendment retaliation *can be* a viable cause of action when criticizing a public official, merely reciting the elements is insufficient to avoid application of qualified immunity.

Lipton further contends that the "Sixth Circuit has clearly established that a plaintiff may hold a supervisory official liable under § 1983 where that supervisory official 'implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" ECF No. 56, PageID.382 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Lipton then argues that the Moving Trustees violated this standard because they knew about Vassar and Denno's alleged attack campaign but failed to impose adequate measures to stop it.

But *Bellamy*—the case Lipton quotes for support—contradicts his argument. There, a blind prison inmate alleged the prison's supervisory officials "should be

7

10456164.3

subject to § 1983 liability because they negligently failed to halt harassment of him by their subordinates," with "no action" taken after being notified of the harassment. *Bellamy*, 729 F.2d at 421. The Sixth Circuit rejected that claim outright, holding that a supervisory official can only be liable under § 1983 if "the supervisor *encouraged* the specific incident of misconduct or in some other way *directly participated* in it." *Id.* It thus dismissed the inmate's claim because he "made no showing that any of the supervisory officials who were defendants in this case *actively participated* in or *authorized* any harassment of appellant." *Id.*

Here, Lipton's argument conflicts with this 40-year-old Sixth Circuit precedent. He argues, in essence, that the Moving Trustees knew about Vassar and Denno's alleged actions but did not do *enough* to stop them. But this is the *exact argument* the Sixth Circuit *rejected* in *Bellamy* (the case Lipton has cited in support of his attempt to define a clearly established right) despite allegations that the officials there took "no action." *Id.* Lipton's allegations here—that the Moving Trustees "tacit[ly] approv[ed]" Vassar and Denno's conduct—fall far short of the required "active participation" or "authorization" to justify liability. *Id.*

In short, Lipton seeks to avoid the Moving Trustees' qualified immunity by misstating the qualified immunity standard, defining his purported clearly established right at an improperly high level of generality, and supporting that definition with precedent that contradicts his position. Under the facts alleged and

8

10456164.3

elaborated on by Lipton here, the Court should apply qualified immunity and dismiss his claims against the Moving Trustees, even at this early stage of litigation.

      **C.    Lipton has not alleged ongoing harm, so the *Ex parte Young* exception to sovereign immunity does not apply.**

Lipton has also failed to establish that the *Ex parte Young* exception to sovereign immunity saves his claims against the Board and the Moving Trustees. As Lipton acknowledges, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" ECF No. 56, PageID.384 (quoting *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020)). According to the Supreme Court, this is to be a "straightforward inquiry." *Verizon Md., Inc. v. Public Srvc. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

Here, Lipton's claims are based entirely on events that occurred *in the past*. While he is correct that his claims are not based on a single past event, that is not the standard. Rather, the standard is whether—regardless of the number of occurrences—the allegations giving rise to a plaintiff's claims are *ongoing*. *See, e.g.*, *TW v. N.Y. State Bd of Law Exam.*, 110 F. 4th 71, 94 (2d Cir. 2024) (quoting *Green v. Mansour*, 474 U.S. 67, 68 (1985) ("injunctive relief under *Ex parte Young* must seek to stop ongoing "*violation[s]* of federal law") (emphasis original); *Williams On Behalf of J.E. v. Reeves*, 954 F. 3d 729, 738 (5th Cir. 2020) ("Plaintiffs must allege

9

10456164.3

that 'the defendant *is violating* federal law, not simply that the defendant has done so' at some point in the past") (citation omitted) (emphasis original).

The most recent action that Lipton relies on allegedly occurred on November 15, 2024 (and this was not even an action by a Trustee, but by one of the student groups that Lipton alleges Trustees Vassar and Denno had connections with). Simply stated, an action by a non-party that occurred six months ago—*before* the filing of the operative Amended Complaint—is insufficient under the "straightforward analysis" mandated by the Supreme Court. Lipton must instead show that there is an ongoing violation of federal law to invoke the *Ex parte Young* exception to sovereign immunity. He has not done so.

## III.   CONCLUSION

Lipton's response abandons most of his claims and fails to adequately address the remainder. The Board and the Moving Trustees thus respectfully request that the Court grant their Motion and dismiss Lipton's claims against them.

10456164.3

                                              Respectfully submitted,

                                              ZAUSMER, P.C.

                                              <u>s/ Mark J. Zausmer</u>
                                              MARK J. ZAUSMER (P31721)
                                              MICHAEL A. SCHWARTZ (P74361)
                                              JASON M. SCHNEIDER (P79296)
                                              Attorneys for Defendants MSU Board, Byrum, Kelly, Knake Jefferson, Pierce, Scott, and Tebay
                                              32255 Northwestern Highway, Ste. 225
                                              Farmington Hills, MI  48334
                                              (248) 851-4111; Fax: (248) 851-0100
                                              mzausmer@zausmer.com
                                              mschwartz@zausmer.com
Dated: May 16, 2025                  jschneider@zausmer.com