UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES DIANNE BYRUM, DENNIS DENNO,
DAN KELLY, RENEE KNAKE JEFFERSON,
SANDY PIERCE, BRIANNA T. SCOTT,
KELLY TEBAY and REMA VASSAR,
in their individual and official capacities,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

**REPLY BY DEFENDANT DR. REMA VASSAR TO
PLAINTIFF'S RESPONSE TO HER MOTION TO DISMISS
PLAINTIFF'S CLAIMS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

**TABLE OF CONTENTS**

Table of Contents………………………………………………………………………………….i

Index of Authorities…………………………………………………………………………… ii

Introduction……………………………………………………………………………………..1

      A.    Plaintiff has not responded to Dr. Vassar's motion to dismiss Count II, a claim under *Monell* that does not apply to Dr. Vassar or to her alleged conduct………………………………………………………………………1

      B.    Plaintiff has not established that any exception from the protections of the Eleventh Amendment applies to his claims against Dr. Vassar.. …………….…..2

      C.    Plaintiff has not shown that he has stated a claim on which relief can be granted in his response to Dr. Vassar's motion……………………………………..4

          1.    Plaintiff's speech was not protected because he was performing his job duties when communicating with the Detroit News……………….5

          2.    Plaintiff has not alleged facts sufficient to show that he has suffered any adverse action from his communications with the Detroit News……..6

      D.    Plaintiff has not met his burden of showing that Dr. Vassar is not protected by qualified immunity……………………………………………………………..8

CONCLUSION AND RELIEF REQUESTED……………………………………………..10

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(1)………………………….11

CERTIFICATE OF SERVICE…………………………………………………………..12

# INDEX OF AUTHORITIES

**Case Law**

*Ashford v. University of Michigan*,
89 F.4th 960 (6th Cir. 2024)……………………………………………………………..4

*Colvin v. Caruso*,
605 F.3d 282 (6th Cir. 2010)…………………………………………………………….8

*Commissioner v. Wooster Brush Co.*,
727 F.2d 566 (6th Cir. 1984)……………………………………………………………4

*Davis v. Hall*,
192 F. Supp. 3d  847 (E.D. Mich. 2016)……………………………………………..…7

*Ex parte Young*,
209 U.S. 123 (1908)…………………………………………………………………..2, 3, 4

*Fritz v. Charter Township of Comstock*,
592 F.3d 718 (6th Cir. 2010)………………………………………………………….…7

*Fox v. Traverse City Area Public Schools*,
605 F.3d 345 (6th Cir. 2010)…………………………………………………………….6

*Garcetti v. Ceballos*,
547 U.S. 410 (2006)……………………………………………………………………..5

*Hilton v. Mish*,
720 Fed. Appx. 260 (6th Cir. 2018)……………………………………………………..8

*Ladd v. Marchbanks*, 971 F.3d 574
(6th Cir. 2020)…………………………………………………………………………..2

*Lane v Franks*,
573 U.S. 228 (2014)…………………………………………………………………..5, 8

*Mayhew v. Town of Smyrna*,
856 F.3d 456 (6th Cir. 2017)…………………………………………………………....6

*Monell v. Department of Social Services of the City of New York*,
436 U.S. 658 (1978)………………………………………………………..………..1, 2

# INTRODUCTION

Plaintiff did not respond to Defendant Dr. Rema Vassar's argument explaining why this Court should dismiss Count II. Therefore, this Court should find that he has abandoned Count II of the Amended Complaint and dismiss it with prejudice. His response also does not show that (1) any exception from 11th Amendment Immunity applies, (2) qualified immunity does not protect Dr. Vassar in her personal capacity or (3) he has stated any claim on which relief could be granted even if his claims were not otherwise barred. Therefore, this Court should grant this Motion and dismiss all claims against Dr. Vassar.

### A. Plaintiff has not responded to Dr. Vassar's motion to dismiss Count II, a claim under *Monell* that does not apply to Dr. Vassar or to her alleged conduct.

Count II is entitled "*Monell* Liability, 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution (All Defendants)."[1] In Count II, Plaintiff alleges Defendants are "liable for the constitutional violations alleged herein under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)."[2] In her Motion to Dismiss, Dr. Vassar explained that:

- *Monell* liability "is . . . limited to local governmental units which are not considered part of the State for Eleventh Amendment purposes."[3]

- *Monell* liability therefore does not apply to Defendants because Michigan State University is not a municipality or local governmental unit, but a "body corporate" of the state of Michigan;[4]

- *Monell* liability for local governing bodies is limited to "action that . . . implements

---

[1] Amended Complaint, page 34, PageID.98.
[2] *Id.*, ¶ 198, PageID.98.
[3] ECF 38: Vassar Motion to Dismiss, p. 24, PageID.259 (citing *Monell*, 436 U.S. at 662 n. 54).
[4] *Id*.

1

- or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers;"[5]

- The Amended Complaint does not allege that any of the alleged misconduct "implemented or executed a policy statement, ordinance, regulation or decision officially adopted or promulgated by" the Board of Trustees;[6] and

- Even if Michigan State University were a municipality or local governmental entity, *Monell* would therefore not apply.[7]

Plaintiff's Response does not address any of these arguments or challenge any of these legal conclusions. Therefore, this Court should dismiss Count II pursuant to Rule 12(b)(6).

### B. Plaintiff has not established that any exception from the protections of the Eleventh Amendment applies to his claims against Dr. Vassar.

Dr. Vassar also requested that this Court dismiss the claims against her in her official capacity pursuant to Rule 12(b)(1) because they were barred by Eleventh Amendment immunity.[8] In his Response, Plaintiff contends exception in the *Ex parte Young*, 209 U.S. 123 (1908) applies and allows him to pursue a claim for injunctive relief against Dr. Vassar in her official capacity.[9]

Plaintiff agrees that the *Ex parte Young* exception applies only to claims for prospective injunctive or declaratory relief to remedy an ongoing violation of federal law, not to claims seeking retroactive relief.[10] Plaintiff relies upon *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) to support his position that he is permitted to seek injunctive relief "properly characterized as prospective." The rationale underlying this exception is that while the Eleventh Amendment

---

[5] ECF 38: Vassar Motion to Dismiss, pp. 24-25, PageID.259-260 (citing *Monell*, 436 U.S. at 690).
[6] *Id.*, p. 25, PageID.260.
[7] *Id.*
[8] *Id.*, pp. 9-12, PageID.244-247.
[9] ECF 56: Plaintiff's Response, pp. 30-34, PageID.383-387.
[10] *Id.*, p. 31, PageID.384.

prohibits awarding monetary damages, it does not prevent a federal district court from ordering a state or its officials not to do something in the future.

But, for *Ex parte Young* to apply, the violation of the plaintiff's rights must be ongoing. As explained by Dr. Vassar's Motion, the Amended Complaint alleged discrete events, such as Dr. Vassar's disagreeing with Dr. Lipton at a September 5, 2024 lunch meeting or her attending a reception and the investiture of new MSU President Guskiewicz on September 25, 2024.[11] Plaintiff's Response does not identify any ongoing violation of Dr. Lipton's rights, but merely references events in 2023, along with the 2024 lunch and investiture.[12] Because Plaintiff cannot identify an alleged ongoing violation of Plaintiff's rights by Dr. Vassar, this Court should find that the *Ex parte Young* exception does not apply.

Moreover, neither of the two types of injunctive relief that Plaintiff seeks would justify finding that the *Ex parte Young* exception applies. First, he requests that this Court enter an injunction that results in "the recall, resignation, or removal of Vassar and Denno from their positions on the MSU Board of Trustees."[13] It seems that Plaintiff believes that Dr. Vassar's simply serving as a Trustee violates his rights. The MSU Trustees, however, are elected public officials.[14] The Michigan Governor is authorized to suspend certain Michigan public officials and remove them from office.[15] However, as Dr. Vassar and other Defendants explain, no legal authority authorizes any court to remove a state elected public official from office.[16] Therefore, while this

---

[11] Amended Complaint, ¶¶ 148-157, 162-170, PageID.91-95.
[12] ECF Doc. 56: Plaintiff's Response, pp. 31-32, PageID.384-385 (also referencing a November 15, 2024 Instagram post by a student organization, rather than any Defendant).
[13] Amended Complaint, ¶ 211, PageID.100; *see also* Prayer for Relief, PageID.103 (seeking "injunction removing Vassar and Denno from their positions on the MSU Board of Trustees").
[14] Mich. Const. art. VIII, § 5.
[15] Mich. Const. art. V, § 10 (specifically excepting legislative and judicial officials from this power).
[16] *See* ECF Doc. 38: Vassar Motion, pp. 26-27, PageID.261-262; ECF Doc. 33: MSU Board

3

request for injunctive relief might be forward looking, it is not injunctive relief that can be granted. Accordingly, it would not be a basis for applying the *Ex parte Young* exception.

The second type of injunctive relief requested by Plaintiff to invoke the *Ex parte Young* exception is "enjoining any further disparagement or retaliation for his protected speech by any employee, agent, representative or Trustee of MSU."[17] As Dr. Vassar and other Defendants have explained, this type of injunctive relief is too vague to be issued.[18] Plaintiff offers some case law to contend that his relief is not too broad, but all is readily distinguishable. For example, in *Commissioner v. Wooster Brush Co.*, 727 F.2d 566, 575 (6th Cir. 1984),[19] the injunctive relief as modified by the Sixth Circuit was preventing an employer from discriminating against employees by having disability insurance that did not include pregnancy disability benefits. This is an example of enjoining specific and limited conduct, not a broad "follow the law" injunction. Similarly, in *Ashford v. University of Michigan*, 89 F.4th 960, 969 (6th Cir. 2024), the injunctive relief requested was a prohibition upon employee discipline, including termination, and a removal of discipline records from his personnel file.

In this case, Plaintiff is not requesting similar, focused, injunctive relief.[20] Therefore, this Court should find that the *Ex parte Young* exception does not apply and dismiss all claims against Dr. Vassar in her official capacity.

### C. Plaintiff has not shown that he has stated a claim on which relief can be granted in his response to Dr. Vassar's motion.

Dr. Vassar also moved for dismissal of Count I because it failed to state a claim on which

---

Motion, p. 22, PageID.180; and ECF Doc. 63: MSU Board Reply, pp. 4-5, PageID.421-422.
[17] ECF Doc. 56: Plaintiff's Response, p. 32, PageID.385.
[18] *See* ECF Doc. 38: Vassar Motion, p. 27, PageID.262; and ECF Doc. 33: MSU Board Motion, pp. 34-36, PageID.181-183.
[19] Cited by Plaintiff in his Response at p. 33, PageID.386.
[20] Other than the removal of Dr. Vassar from the Board, which this Court does not have the authority to order.

4

relief could be granted.[21] To avoid dismissal, Plaintiff must have alleged sufficient facts to show that (1) his speech was protected by the First Amendment and (2) Dr. Vassar took adverse action against Plaintiff. This Court should find that Plaintiff cannot sustain his burden on either prong element.

### 1. Plaintiff's speech was not protected because he was performing his job duties when communicating with the Detroit News.

Plaintiff agrees that his speech would only be protected if he were speaking as a private citizen.[22] Plaintiff then contends that the proper test for determining whether his speech is protected was established by *Lane v Franks*, 573 U.S. 228 (2014).[23] In *Lane*, the Supreme Court held that the testimony of a public employee, compelled by subpoena at a criminal trial and outside the scope of his ordinary job duties, was protected by the First Amendment. *Id.* at 238. However, in *Lane*, "it was undisputed that Lane's ordinary job duties did not include testifying in court proceedings." *Id.* at 238 n. 4 (cleaned up). Therefore, *Lane* did not even consider whether the speech at issue was part of the plaintiff's ordinary job duties, let alone devise a test for resolving the issue that was not before it.

Therefore, *Lane* did not modify the test established by *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) for determining if public employees' speech was part of their job duties. In G*arcetti*, the Supreme Court expressly held that "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen." 547 U.S. at 421-22. Under *Garcetti*, then, this Court should determine if Plaintiff's speech "owes its existence to a public employee's professional responsibilities. "Speech by a public employee made pursuant to *ad hoc* or *de facto* duties not appearing in any

---

[21] ECF Doc. 38: Vassar Motion, pp. 12-22; PageID.247-257.
[22] ECF Doc. 56: Plaintiff's Response, p. 13, PageID.366.
[23] *Id.*

written job description is nevertheless not protected if it 'owes its existence to [the speaker's] professional responsibilities.'"[24] *Fox v. Traverse City Area Public Schools*, 605 F.3d 345, 348 (6th Cir. 2010) (citation omitted). Finally, whether an employee's speech is protected is usually a question of law, not fact. *See Mayhew v. Town of Smyrna*, 856 F.3d 456, 464 (6th Cir. 2017).

Plaintiff spoke at the October 27, 2023 Board of Trustees meeting in his capacity as Chair of the MSU Faculty Senate.[25] In this capacity, Plaintiff speaks at all meetings of the MSU Board of Trustees.[26] Therefore, at a minimum, his *ad hoc* duties as Faculty Senate Chair, which he voluntarily assumed, ordinarily include speaking publicly on behalf of the Faculty Senate. Dr. Lipton then communicated with the Detroit News, which subsequently quoted him in an article regarding the Board Meeting at which Dr. Lipton had just undisputedly spoken as the MSU Faculty Senate Chair.

As a result, this Court should find that Plaintiff's communications with the Detroit News "owes its existence to [Plaintiff's] professional responsibilities" as Faculty Senate Chair.[27] This alone justifies dismissing Count I for failing to state a claim on which relief can be granted.

> 2. <u>Plaintiff has not alleged facts sufficient to show that he has suffered any adverse action from his communications with the Detroit News</u>.

To survive this Motion, Plaintiff must also allege facts showing that Dr. Vassar took adverse action against Plaintiff because of what he said to the Detroit News. It is undisputed that Plaintiff was not suspended from his position at MSU, demoted, fired or subject to any other sort

---

[24] *Id.*
[25] Amended Complaint, ¶¶ 14-15, PageID.68.
[26] *Id.*, ¶ 12, PageID.68.
[27] Plaintiff seems to contend that his characterizing his communications as being as a private citizen resolves the question. But, "[a] statement of fact is not shielded from an action for defamation by being prefaced with the words 'in my opinion'. . . ." *Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir. 1995). Nor should Plaintiff's subjective allegation resolve the question of law before this Court.

of discipline. In fact, Plaintiff was recently promoted to the position of "Associate Dean for Research Analytics,"[28] even though he alleged that someone told him Defendants' conduct "was seen as a liability for a promotion to [that] position . . . ."[29]

Despite the absence of any tangible harm, Plaintiff contends that he allegedly suffered harm similar to that of the plaintiffs in *Davis v. Hall*,[30] 192 F. Supp. 3d 847 (E.D. Mich. 2016) and *Fritz v. Charter Township of Comstock*, 592 F.3d 718 (6th Cir. 2010). But, in both of these cases, the defendant took affirmative steps directed at terminating the plaintiff's employment or contractual relationships. In *Davis*, for example, the defendant allegedly attempted to have "Plaintiff removed from his position with AFSCME Council 25." 192 F. Supp. 3d at 857. *Davis* held this was adverse action because an influential public official endangering plaintiff's livelihood would deter the plaintiff from speaking. 192 F. Supp. 3d at 858. Similarly, in *Fritz*, the defendant threatened plaintiff's livelihood by trying to persuade the plaintiff's employer to rein her in to avoid defendant's interfering with the employer's business. 592 F.3d at 725-726.

But, Plaintiff does not allege he suffered similar interference with his employment or economic livelihood. Instead, Plaintiff received the promotion to Associate Dean for Research Analytics that he claimed was at risk. Moreover, Plaintiff does not allege that any Defendant took any steps directed at preventing Plaintiff from obtaining that promotion, which is starkly different from the allegations in *Davis* or *Fritz*. Similarly, Plaintiff claims an unnamed "executive search firm associate shared that the public attacks on his character labeling him a "racist" will negatively impact his employment chances, despite his superb qualifications."[31] But, Plaintiff does not even

---

[28] Amended Complaint, ¶ 1, PageID.66.
[29] Amended Complaint, ¶ 137, PageID.89.
[30] Plaintiff refers to this case as *Davis v. Robert*.
[31] *Id.*, ¶ 138, PageID.89.

allege that he did not receive a new job offer because of the conduct he contends was retaliatory. Nor does he allege that any Defendant was communicating with Plaintiff's potential new employers to try to persuade them not to hire Plaintiff.

Accordingly, this Court should find that Plaintiff's Response does not show that he has alleged facts sufficient to support either element of a retaliation claim. Therefore, it should dismiss his claims pursuant to Rule 12(b)(6).

### D. Plaintiff has not met his burden of showing that Dr. Vassar is not protected by qualified immunity.

Dr. Vassar seeks dismissal of the claims against her in her personal capacity pursuant to the doctrine of qualified immunity.[32] Dr. Vassar having raised this defense, Plaintiff has the burden of showing that "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Hilton v. Mish*, 720 Fed. Appx. 260, 264 (6th Cir. 2018) (cleaned up); and *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (cleaned up).

Dr. Vassar explains in the prior section why Plaintiff failed to state a claim on which relief can be granted because he cannot show that his First Amendment rights were violated. But, even if he has alleged enough to survive the Rule 12(b)(6) dismissal, Plaintiff cannot show that his right was so clearly established that Dr. Vassar does not have qualified immunity. "Qualified immunity [exists to] give[] government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Lane*, *supra*, 573 U.S. at 243. In *Lane*, the United States Supreme Court affirmed the dismissal of plaintiff's claims on qualified immunity grounds even though it held that plaintiff's speech was protected by the First Amendment. *Id.*

Applying *Lane*, the question is whether Dr. Vassar could reasonably have believed that she

---

[32] *See* ECF Doc. 38: Vassar Motion, pp. 22-23, PageID.257-258.

8

was permitted to take the alleged actions that Plaintiff claims violated his First Amendment rights. Dr. Vassar's alleged actions were:

- Attending the December 15, 2023 meeting "together in the same room with multiple student members of BSA, MSU NAACP, and the MSU Hurriya Coalition."[33]

- Requesting a meeting with Dr. Vassar to discuss the Faculty Senate resolution after the October 27, 2023 Board meeting, but then canceled the meeting.[34]

- Asking Dr. Lipton at a September 5, 2024 lunch meeting to share an example of a lack of uncivil discourse by the Board and then disagreeing with him and explaining why she found his conduct inappropriate.[35]

- Attending the September 24, 2024 investiture of new MSU President Guskiewicz, participating in the investiture, attending a reception afterwards and having her picture taken with the other Trustees and the new MSU President.[36]

No federal court has ever found that a government official has violated the First Amendment rights of a public employee by canceling a meeting, attending an investiture or expressing a disagreement at a lunch meeting. There is no evidence that Dr. Vassar has ever threatened Dr. Lipton's livelihood or employment. In fact, it is undisputed that Dr. Lipton was promoted after he expressed his opinion to the Detroit News. Therefore, there is no basis for Dr.

---

[33] *Id.*, ¶ 98, PageID.98.
[34] *Id.*, ¶¶ 73-75, PageID.78.
[35] *Id.*, ¶¶ 148-154, PageID.91-92.
[36] *Id.*, ¶¶ 162-170, PageID.93-95.

Vassar to have believed that she was violating Dr. Lipton's rights under the existing state of the law.

Accordingly, this Court should find that Plaintiff has not met his burden of showing that qualified immunity does not protect Dr. Vassar and dismiss all claims against her in her personal capacity.

## CONCLUSION AND RELIEF REQUESTED

This Court should grant this Motion and dismiss the claims against Defendant Dr. Rema Vassar.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tludden@lipsonneilson.com

Dated: May 20, 2025

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(b)(1)**

This brief complies with Local Rule 7.2(b)(1) because it contains <u>2864</u> words, excluding the caption, signature block, this certification and the certificate of service. This brief was prepared in Microsoft Office 2016, whose word count feature was used to determine compliance with rule.

                Respectfully submitted,

                LIPSON NEILSON P.C.

                */s/ C. Thomas Ludden*
                C. Thomas Ludden (P45481)
                Attorneys for Defendant Vassar Only
                3910 Telegraph Road, Suite 200
                Bloomfield Hills, Michigan 48302
                (248) 593-5000
Dated: May 20, 2025         tludden@lipsonneilson.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ C. Thomas Ludden