UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES, DIANNE BYRUM, in her individual and official capacities, DENNIS DENNO, in his individual and official capacities, DAN KELLY, in his individual and official capacities, RENEE KNAKE JEFFERSON, in her individual and official capacities, SANDY PIERCE, in her individual and official capacities, BRIANNA T. SCOTT, in her individual and official capacities, KELLY TEBAY, in her individual and official capacities, and REMA VASSAR, in her individual and official capacities,

Defendants.

Case No. 24-1029

Hon. Hala Y. Jarbou

**ORAL ARGUMENT REQUESTED**

---

**DEFENDANT DENNIS DENNO'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. LAW AND ARGUMENT ........ 2

A. Plaintiff Concedes that Dismissal of the Portion of Count I Seeking Damages Against Mr. Denno in Official Capacity is Warranted ........ 2

B. Additionally, this Court Must Dismiss Count I in its Entirety as to Mr. Denno in his Official Capacity Because the *Ex parte Young* Exception Does Not Apply... 2

C. This Court Must Dismiss Count I as Asserted Against Mr. Denno in His Individual Capacity ........ 5

1. Plaintiff Fails to Show that He Engaged in a Constitutionally Protected Activity ........ 5

2. Plaintiff Fails to Show that Any Purportedly Retaliatory Action Personally Taken by Mr. Denno Caused Plaintiff to Suffer an Adverse Action ........ 6

3. Plaintiff Fails to Show that Any Purportedly Retaliatory Action Taken by Mr. Denno as Part of a Conspiracy Caused Plaintiff to Suffer an Adverse Action ........ 10

4. Plaintiff Fails to Carry His Burden of Demonstrating that Mr. Denno is not Entitled to Qualified Immunity ........ 11

D. Plaintiff Concedes that Dismissal of Count II is Warranted ........ 12

IV. CONCLUSION ........ 12

# INDEX OF AUTHORITIES

**Cases:**

*Armstrong v. Shirvell*,
596 F. App'x 433, 438 (6th Cir. 2015)....10

*Christian Healthcare Centers, Inc. v. Nessel*,
117 F.4th 826, 848 (6th Cir. 2024)....4

*Davis v. Robert*,
192 F. Supp. 3d 847 (E.D. Mich. 2016)....7, 8

*DeCrane v. Eckart*,
12 F.4th 586, 597 (6th Cir. 2021)....5, 6

*Diaz v. Bank of Am., N.A.*,
No. 1:14-CV-411, 2014 WL 2253672, at *2 (W.D. Mich. May 29, 2014)....2

*Dickerson v. McClellan*,
101 F.3d 1151, 1158 (6th Cir. 1996)....11

*Everson v. Leis*,
556 F.3d 484, 494 (6th Cir. 2009)....11

*Fledderjohann v. Celina City Sch. Bd. of Educ.*,
825 F. App'x 289, 294 (6th Cir. 2020)....5

*Fritz v. Charter Twp. of Comstock*,
592 F.3d 718, 724 (6th Cir. 2010)....7, 8

*Henderson v. City of Flint*,
751 F. App'x 618, 623 (6th Cir. 2018)....6

*Hildebrant v. Meredith Corp.*,
63 F. Supp. 3d 732, 738 (E.D. Mich. 2014)....9

*Magley v. Wright*,
No. 5:98-CV-012, 2001 WL 36126924, at *7 (W.D. Mich. Mar. 30, 2001)....7, 12

*Milkovich v. Lorain Journal Co.*,
497 U.S. 1, 19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)....9

*O'Brien v. City of Saginaw,*
No. 10-12700-BC, 2011 WL 8143, at *4 (E.D. Mich. Jan. 3, 2011)....9

*Whiting v. City of Athens*,
699 F. Supp. 3d 652, 662 (E.D. Tenn. 2023) .......... 3

*Wurzelbacher v. Jones-Kelley,*
675 F.3d 580, 584 (6th Cir. 2012) .......... 3

**Federal Rules**

Fed. R. Civ. P. 12(b)(1) .......... 12

Fed. R. Civ. P. 12(b)(6) .......... 12

# I. INTRODUCTION

In his response, Plaintiff abandons most of his claims against Mr. Denno by failing to address Mr. Denno's arguments. Indeed, the only claims that Plaintiff does not abandon are: (1) his claim for prospective injunctive relief against Mr. Denno in Mr. Denno's official capacity; (2) his claim for damages against Mr. Denno in Mr. Denno's individual capacity.

Although Plaintiff attempts to recast his claims in a context that is somehow unrelated to his employment, his own allegations show that all of the alleged underlying factual events are entirely entangled with and arise out of Plaintiff's employment with MSU. As such, Plaintiff's arguments regarding the alleged constitutionally protected nature of his speech and the existence of an adverse employment action are without merit.

As has been briefed across numerous filings submitted by the separately represented defendants, Plaintiff's claim for prospective injunctive relief fails as a matter of law because Plaintiff fails to plead facts plausibly alleging the existence of an ongoing violation of his First Amendment rights. To the contrary, he relies on events that occurred more than half a year ago. Therefore, any reliance on the *Ex parte Young* exception is without merit.

Moreover, despite having the burden of demonstrating that Mr. Denno is not entitled to qualified immunity, Plaintiff fails to show that Mr. Denno's alleged actions violated a clearly established constitutional right of which a reasonable person would have known. At best, Plaintiff relies on the actions of unnamed third parties whose actions were purportedly orchestrated by Mr. Denno. But as detailed in Mr. Denno's principal brief and again below, this conspiracy claim (a term that Plaintiff goes to great lengths to ignore) fails to state a claim upon which relief may be granted for numerous reasons, including the abject failure the existence of a conspiracy with the requisite specificity required under Sixth Circuit law.

Dismissal of all of Plaintiff's claims against Mr. Denno is warranted.

## II. LAW AND ARGUMENT

### A. Plaintiff Concedes that Dismissal of the Portion of Count I Seeking Damages Against Mr. Denno in Official Capacity is Warranted

Previously, Mr. Denno argued that the portion of Count I seeking damages from Mr. Denno is his official capacity must be dismissed because Denno is not a person under any § 1983 claim. ECF No. 35, PageID.210-211. Plaintiff fails to address this argument anywhere in his response. *See* ECF No. 56. Accordingly, through his failure to address Mr. Denno's arguments, Plaintiff concedes that dismissal of this portion of Count I is warranted. *See Diaz v. Bank of Am., N.A.,* No. 1:14-CV-411, 2014 WL 2253672, at *2 (W.D. Mich. May 29, 2014) (recognizing that a non-moving party abandons claims by failing to address the moving party's arguments in a response to a motion to dismiss).

### B. Additionally, this Court Must Dismiss Count I in its Entirety as to Mr. Denno in his Official Capacity Because the *Ex parte Young* Exception Does Not Apply

In his principal brief, Mr. Denno extensively argued that the Eleventh Amendment renders him, a member of the Board (i.e., a state official), immune from suit in his official capacity. ECF No. 35, PageID.212-214. Related to this argument, Mr. Denno argued that to the extent Plaintiff relies on the *Ex parte Young* exception to the Eleventh Amendment, any such argument lacks merit because remedying past violations of federal law through injunctive relief—as opposed to remedying ongoing violations of federal law—provides no basis for applying *Ex parte Young*. ECF No. 35, PageID.212-214.

Unsurprisingly, Plaintiff argues that there is an "ongoing violation of his First Amendment rights" that permits application of *Ex parte Young*. ECF No. 56, PageID.384-385. Problematically for Plaintiff, however, Plaintiff relies on discrete events that occurred approximately six to eight months ago to establish an "ongoing" violation of his First

Amendment rights. ECF No. 56, PageID.385. Moreover, the alleged ongoing "violations" of his First Amendment rights do not even constitute violations of Plaintiff's First Amendment rights.

First, Plaintiff asserts "Vassar publicly humiliated Dr. Lipton and accused him of labeling students at the September 5, 2024 meeting with top administrators, PageID.91-92 at ¶¶148-157." ECF No. 56, PageID.385. Plaintiff does not explain how this alleged conduct of Dr. Vassar at a discrete event that occurred over eight months ago is attributable to Mr. Denno—let alone how it provides a basis for concluding that Mr. Denno is violating Plaintiff's First Amendment rights on an ongoing basis.

But, even if one assumed, *arguendo*, that: (a) Dr. Vassar's purported statement could be attributed to Mr. Denno despite the absence of any facts plausibly alleging such attribution; and (b) the discreate event somehow constitutes an ongoing violation of Plaintiff's First Amendment rights, any such purported action is *de minimis*, and thus, inactionable. As Plaintiff himself acknowledges on page 18 of his brief (ECF No. 56, PageID.371), "when a plaintiff's alleged adverse action is inconsequential, resulting in nothing more than a *de minimis injury*, the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 584 (6th Cir. 2012). Here, there are no allegations that Dr. Vassar's action: (a) caused Plaintiff to suffer any sort of cognizable injury that affected his livelihood; (b) involved a disclosure of public disclosure of intimate or embarrassing information; or (c) involved anything that the Court of Appeals for the Sixth Circuit has recognized as constituting a legally cognizable injury. *See id. See also Whiting v. City of Athens*, 699 F. Supp. 3d 652, 662 (E.D. Tenn. 2023) (a city manager's alleged statement attributing blaming the cancellation of a public fireworks display on the plaintiff was *de minimis* for First Amendment retaliation purposes because while, "the negative

attention may have caused [the plaintiff] emotional stress, that stress did not arise from the disclosure of intimate or embarrassing private information . . .”).

Second, Plaintiff argues that Mr. Denno’s mere attendance at a investiture ceremony on September 29, 2024 somehow presents an ongoing First Amendment violation:

> Then, the Named Board Members allowed Vassar and Denno to participate in the September 29, 2024 investiture ceremony and reception in a deliberate public display of support. PageID.93-94 at ¶¶162-164; PageID.94-95 at ¶¶168-169. Vassar and Denno were invited to sit on the stage in full academic regalia, with Dr. Lipton sitting ten rows from the stage. PageID.94 at ¶¶163, 165. This blatant disregard for the censure and public display of support for Vassar and Denno further chilled Dr. Lipton’s speech. PageID.95 at ¶170.

ECF No. 56, PageID.385.

But nowhere in his response does Plaintiff explain how this allegation constitutes an ongoing (or even past) violation of his First Amendment rights. Tellingly, Plaintiff cites no legal authority supporting the notion that Mr. Denno’s mere attendance at a public event almost eight months ago constitutes an ongoing violation of Plaintiff’s First Amendment rights. Taking Plaintiff’s argument to its logical extreme, Mr. Denno’s mere involvement in public any Board function somehow violates Plaintiff’s First Amendment rights – a position that is untenable. Nonetheless, although Plaintiff may have subjectively felt aggrieved, “mere allegations of a subjective chill on protected speech” are generally insufficient to establish a First Amendment claim. *Christian Healthcare Centers, Inc. v. Nessel*, 117 F.4th 826, 848 (6th Cir. 2024) (internal quotations and citation omitted). In sum, there are no allegations in the FAC plausibly alleging that Plaintiff is unable to currently exercise his First Amendment rights because of Mr. Denno’s presence at an investiture ceremony and reception almost eight months ago.

Finally, Plaintiff argues that Mr. Denno is currently violating Plaintiff’s First Amendment rights because “[a]s recently as November 15, 2024 a BSA Instagram post falsely accused Dr.

Lipton of harassing students via the instant lawsuit, demonstrating Defendants' ongoing failure to address Vassar and Denno's false and retaliatory campaign against him. *Id.* at ¶¶171-174." ECF No. 56, PageID.385.[1] Utterly absent, however, are any allegations that Mr. Denno created this social media post or is responsible for its creation. And it if one put aside the aforementioned fatal deficiencies, Plaintiff does not allege that the BSA is engaging in an ongoing campaign of making false accusations against Plaintiff under the direction and control of Mr. Denno. Thus, there is simply no basis to conclude that this lone social media post constitutes an ongoing violation of Plaintiff's First Amendment rights that was perpetrated by Mr. Denno.

For these reasons and for the reasons stated in Mr. Denno's principal brief, dismissal of Count I as to Mr. Denno in his official capacity is warranted in its entirety.

### C. This Court Must Dismiss Count I as Asserted Against Mr. Denno in His Individual Capacity

The portion of Count I asserted against Mr. Denno is his individual capacity must also be dismissed. Aside from failing to state a claim upon which relief may be granted, Plaintiff fails to carry his burden of showing that Mr. Denno is not entitled to qualified immunity.

#### 1. Plaintiff Fails to Show that He Engaged in a Constitutionally Protected Activity

Under U.S. Supreme Court and Sixth Circuit precedent, courts are required "to consider the impetus for or motivations behind the employee's speech." *DeCrane v. Eckart*, 12 F.4th 586, 597 (6th Cir. 2021) (citing *Fledderjohann v. Celina City Sch. Bd. of Educ.*, 825 F. App'x 289, 294 (6th Cir. 2020). Moreover, "speech made pursuant to ad hoc or de facto duties not appearing in any written job description is nevertheless not protected if it owes its existence to the speaker's

[1] Plaintiff's FAC alleges that the Instagram post took issue with being referenced in Plaintiff's lawsuit. ECF No. 10, PageID.95 at ¶172.

professional responsibilities." *Henderson v. City of Flint*, 751 F. App'x 618, 623 (6th Cir. 2018) (cleaned up) (internal citations omitted).

Here, Plaintiff admits that his mob statement was made to support Trustee Brianna Scott in her attempt to call for Dr. Vassar's resignation. ECF No. 56, PageID.368. This, of course, was an extension of the prior action that he took in his role as Faculty Senate Chair, *i.e.,* reading a passed resolution from the Faculty Senate that called for Vassar's resignation—an action that owes its existence to Plaintiff's employment. Accordingly, Plaintiff admits that the purpose of his statement was to garner "support" for removing Vassar from the Board as initially called for by Scott and thereafter called for by Plaintiff in his capacity as Faculty Senate Chair on behalf of the Faculty Senate at a Board meeting. These activities simply have nothing to do with Plaintiff's individualized opinions as a private citizen.

Plaintiff's primary cited support, *DeCrane*, 12 F.4th 586, is entirely distinguishable. In *DeCrane*, the alleged protected activity involved "leak[ing] embarrassing information to the media about its chief's insufficient training hours." Unlike the instant case, the alleged leak was not an extension of a public employee's ad hoc job duties.

Given Plaintiff's failure to show that his "mob" statement constitutes constitutionally protected speech, his claim fails as a matter of law.

**2. Plaintiff Fails to Show that Any Purportedly Retaliatory Action Personally Taken by Mr. Denno Caused Plaintiff to Suffer an Adverse Action**

As detailed in Mr. Denno's brief, the alleged retaliatory actions that Mr. Denno personally took against Plaintiff are limited to Plaintiff's allegations that Mr. Denno read from a prepared statement on December 14, 2023 and accused Plaintiff of "criminalizing students" and described Plaintiff's usage of the word "mob" as "racism and violent language." ECF No. 35, PageID.201. *See also* ECF No. 10, PageID.79, ¶¶84-88 (allegations in FAC). Plaintiff's response

confirms that this action is the only alleged retaliatory action that Mr. Denno personally took against Plaintiff. *See* ECF No. 56, PageID.358-364. But as detailed above and in Mr. Denno's principal brief, "criticisms, accusations, threats, or 'bad mouthing" are not enough to establish a First Amendment retaliation claim. *Magley v. Wright*, No. 5:98-CV-012, 2001 WL 36126924, at *7 (W.D. Mich. Mar. 30, 2001) (collecting cases). *See also* ECF No. 35, PageID.217-218.

Plaintiff's reliance on *Davis v. Robert*, 192 F. Supp. 3d 847 (E.D. Mich. 2016) and *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010) is unavailing. In *Davis*, the defendant allegedly approached individual union members in an effort to remove the plaintiff from his job. *Davis*, 192 F. Supp. 3d at 847. The Court concluded that this sufficiently alleged an adverse action because "[c]ausing Plaintiff's employer to consider terminating his employment is sufficiently serious on its own to qualify as adverse action." *Id.* at 857. Here, Plaintiff makes no such allegation. Indeed, there is no allegation that Mr. Denno ever attempted to remove Plaintiff from his position or that Plaintiff suffered harm in his position at MSU. To the contrary, Plaintiff was admittedly promoted in May 2024. ECF No. 10, PageID.73, ¶50. *See also* ECF No. 35, PageID.206 (summarizing allegations).

Similarly, in *Fritz*, the plaintiff was an employee of Farm Bureau Insurance Company ("Farm Bureau"). *Fritz*, 592 F.3d at 720. On three separate occasions, a local township supervisor spoke to the plaintiff's supervisor at Farm Bureau about Plaintiff's participation at several township meetings. *Id.* at 720-21. During the conversations, the township supervisor attempted to convince Farm Bureau to terminate the plaintiff's employment—going so far as to tell the plaintiff's supervisors that "Farm Bureau's presence in Comstock was in jeopardy because of Plaintiff's conduct." *Id.* at 721. Less than three weeks after the third call, Farm Bureau terminated the plaintiff's employment, citing concerns that the township supervisor

expressed to Farm Bureau. *Id.* at 721. Upon analyzing the adverse employment requirement, the Court of Appeals observed, "public employees . . . might have to endure more than the average citizen." *Id.* at 724. The Court then observed, "[p]laintiff is not a public employee, official, or prisoner, and so the level of injury she must allege would be the lower limit of a cognizable injury for a First Amendment retaliation claim." *Id.* at 724. Only after recognizing the plaintiff's status as a private individual did the court conclude that plaintiff sufficiently alleged an adverse action in the context of her case. *Id.* at 725-26.

Here, unlike the private employees in *Davis* and *Fritz*, Plaintiff is an employee of MSU. MSU's Board, which includes Mr. Denno, is the governing body of MSU. ECF No. 10, PageID.71 at ¶¶30-32. As a public employee, Sixth Circuit law holds that Plaintiff is expected to endure more than the average citizen. *Fritz*, 592 F.3d at 724. And although Plaintiff tries to distance his lawsuit from the employment context, the alleged underlying factual events of this lawsuit unquestionably arise out of Plaintiff's performance of his duties as a public employee. *See, e.g.,* ECF No. 10, PageID.68 (discussing Plaintiff's involvement in an alleged Board dispute due to his faculty position). Further, other than the President of MSU, it is difficult to conceive of a higher-ranking MSU official other than the individual Board members, including Mr. Denno. Yet, there are no allegations that Plaintiff's employment has suffered any meaningful harm at MSU; in fact, Plaintiff concedes just the opposite through his admission regarding his May 2024 promotion. ECF No. 10, PageID.73. This might be a different case if Plaintiff alleged that Mr. Denno attempted to unlawfully remove Plaintiff from his position through actions such as conversing with Plaintiff's direct supervisor about removing Plaintiff from his position. But there are no such allegations in Plaintiff's FAC.

Plaintiff's argument that Mr. Denno's statement on December 14, 2023 was "defamatory," and therefore, constitutes an adverse action under Sixth Circuit jurisprudence, see ECF No. 36, PageID.377, is without merit. In making this argument, Plaintiff ignores the legal standard for defamation. "To be considered defamatory, statements must assert facts that are 'provable as false.'" *Hildebrant v. Meredith Corp.*, 63 F. Supp. 3d 732, 738 (E.D. Mich. 2014) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)). In no way can Mr. Denno's statement on December 14, 2023 be "provable as false." Plaintiff's own cited authority of *O'Brien v. City of Saginaw*, No. 10-12700-BC, 2011 WL 8143, at *4 (E.D. Mich. Jan. 3, 2011), supports this assertion. In *O'Brien*, the defendants called the plaintiff a "racist" who "hates children." *Id.* at *4. Notably, the court observed that "whether or not Plaintiff is a 'racist' who 'hates children' is a subjective question of opinion that cannot be objectively proved false." *Id.* at *4. The court went on to hold that when faced with such statements, the accusation must be "viewed in the context described in the complaint" to determine whether they are defamatory. *Id.* at *5.

Here, Plaintiff admittedly referred to a group of African American and minority students who lawfully spoke out at an October 27, 2023 meeting as a "mob." Regardless of Plaintiff's subjective intent for this statement, Mr. Denno's characterization of Plaintiff's statement cannot constitute a false statement of fact given: (a) it constitutes a subjective question of opinion that cannot be objectively proved false; (b) Plaintiff compared the students to a violent criminal organization; (c) Plaintiff made blanket, disparaging remarks about minority students who exercised their First Amendment rights—unquestionably one could perceive racial overtones in Plaintiff's remarks.

Further, Plaintiff's cited case of *Armstrong v. Shirvell*, 596 F. App'x 433, 438 (6th Cir. 2015) involved extreme facts that are distinguishable from Plaintiff's allegations. In *Armstrong*, the defendant made numerous abhorrent statements, including but not limited to: (a) making a blog post that "featured a picture of [the plaintiff's] face next to a swastika"; (b) calling the plaintiff "a radical homosexual activist, racist, elitist, & liar"; (c) stating the plaintiff had a "Nazi-like hatred of the First Amendment"; (d) stating "'[m]uch like Nazi Germany's leaders, many of whom were also homosexuals, [the plaintiff] believes that any and all opposition must be suppressed by whatever means necessary'"; and (e) repeatedly accusing the plaintiff of facilitating underage drinking. Here, Plaintiff does not allege that Mr. Denno made the types of extreme statements found in *Armstrong* (e.g., drawing a comparison between Plaintiff and Nazis).

Accordingly, dismissal of Count I as to Mr. Denno in is individual capacity is warranted.

**3. Plaintiff Fails to Show that Any Purportedly Retaliatory Action Taken by Mr. Denno as Part of a <u>Conspiracy</u> Caused Plaintiff to Suffer an Adverse Action**

Instead of relying on Mr. Denno's personal actions towards Plaintiff, Plaintiff's response confirms that his allegations primarily focus on Mr. Denno's purported role as co-conspirator in a retaliatory conspiracy involving MSU students and other third parties. ECF No. 56, PageID.358-364. However, as briefed previously, Plaintiff's allegations fall well short of pleading any sort of conspiracy with the requisite specificity required under Sixth Circuit jurisprudent. ECF No. 35, PageID.218-220.

Plaintiff relies on the fact that on two students filed administrative complaints against him and that they were purportedly encouraged by Mr. Denno. ECF No. 56, PageID.376. But this completely ignores the facts alleged in the FAC. As Mr. Denno previously argued with respect to the first administrative complaint, Plaintiff alleges that Chola "filed the complaint at

Vasser's behest." ECF No. 10, PageID.79, ¶83. Moreover, Plaintiff admits that Chola's OIE Complaint was filed at "Vassar's behest" on October 30, 2023—*i.e.,* before Mr. Denno allegedly met with MSU students and encouraged them to "file false complaints of race discrimination against [Plaintiff]." *Compare* ECF No. 10, PageID.79, ¶83 and ECF No. 10, PageID.86, ¶114 *with* ECF No. 10, PageID.78, ¶77. *See also* ECF No. 35, PageID.219-220 (Mr. Denno's argument on this subject).

Further, regarding the second administrative complaint (which was purportedly filed by unspecified members of the MSU Hurriya Coalition with the HLC)—Plaintiff pleads no facts showing an agreement and plan between unnamed members of the MSU Hurriya Coalition and Mr. Denno that caused the MSU Hurriya Coalition to file an administrative complaint with the HLC in an effort to deprive Plaintiff of his alleged First Amendment rights.

Finally, Plaintiff admits that the two administrative complaints were closed without any investigation or adverse rulings. ECF No. 10, PageID.86, ¶¶114-115. Thus, they did not cause Plaintiff injury; therefore, they cannot form the basis for a cause of action. *See Siefert*, 951 F.3d at 768 (overt act committed in furtherance of the conspiracy must cause injury to the plaintiff).

**4. Plaintiff Fails to Carry His Burden of Demonstrating that Mr. Denno is not Entitled to Qualified Immunity**

Mr. Denno has raised qualified immunity as a defense; thus, it is Plaintiff's burden to demonstrate that Mr. Denno is not entitled to qualified immunity. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009). Accordingly, Plaintiff must show: (1) that his constitutional right has been violated, and (2) the allegedly violated constitutional right involved clearly established constitutional rights of which a reasonable person would have known. *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996).

As detailed *supra*, Plaintiff fails to show that his First Amendment rights were violated. *See also* ECF No. 35, PageID.214-220 (arguments from Mr. Denno's principal brief). But even assuming *arguendo* that Plaintiff could make such a showing, he points to no cases holding that Mr. Denno should have known that his alleged criticism of Plaintiff during a lunch meeting involving MSU administrators on December 14, 2023 violated Plaintiff's First Amendment Rights. Contrary to any such argument, criticisms, accusations, and bad mouthing are insufficient. *Magley v. Wright*, No. 5:98-CV-012, 2001 WL 36126924, at *7 (W.D. Mich. Mar. 30, 2001) (recognizing same and collecting cases). And to the extent Plaintiff relies on the alleged acts of other third parties, any such claim fails to state a claim upon which relief may be granted for the reasons briefed *supra* II.C.3. *See also* ECF No. 35, PageID.218-220.

Plaintiff fails to carry his burden of demonstrating that Mr. Denno is not entitled to qualified immunity. Thus, dismissal of Count I as to Mr. Denno in his individual capacity is warranted.

### D. Plaintiff Concedes that Dismissal of Count II is Warranted

Previously, Mr. Denno argued that Count II must be dismissed because *Monell* does not provide a basis for finding liability against Mr. Denno, regardless of Plaintiff's allegations. ECF No. 35, PageID.223-224. Plaintiff fails to address this argument anywhere in his response. *See* ECF No. 56. Accordingly, through his failure to address Mr. Denno's arguments, Plaintiff concedes that dismissal of Count II is warranted.

## V. CONCLUSION

WHEREFORE, Defendant Dennis Denno respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted,

STARR, BUTLER, & STONER, PLLC

By: s/ Daniel C. Waslawski
Daniel C. Waslawski (P78037)
Attorney for Defendant Denno only
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 864-4931
dwaslawski@starrbutler.com

Dated: May 23, 2025

**CERTIFICATE OF SERVICE**

The undersigned says that on May 23, 2025, she has caused to be served a copy of **Defendant Dennis Denno's Reply Brief in Support of his Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(1) and (6) and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

s/ Kiersten Plane