UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

           Plaintiff,                    Case No. 24-1029

v.

                                    Hon. Hala Y. Jarbou

MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES, DIANNE
BYRUM, in her individual and official
capacities, DENNIS DENNO, in his
individual and official capacities, DAN
KELLY, in his individual and official
capacities, RENEE KNAKE JEFFERSON,
in her individual and official capacities,
SANDY PIERCE, in her individual and
official capacities, BRIANNA T. SCOTT,
in her individual and official capacities,
KELLY TEBAY, in her individual and official
capacities, and REMA VASSAR, in her
individual and official capacities,

           Defendants.

**ORAL ARGUMENT
REQUESTED**

---

## DEFENDANT DENNIS DENNO'S MOTION TO CORRECT ORDER REGARDING MOTION TO DISMISS PURSUANT TO FRCP 60(a)

### ORAL ARGUMENT REQUESTED

Defendant Dennis Denno ("Mr. Denno"), by and through his respective attorneys, Starr, Butler, & Stoner, PLLC, moves this Court to correct its Order (ECF No. 71) on Mr. Denno's motion to dismiss to conform to the holding reached in this Court's Opinion (ECF No. 70) on Mr. Denno's motion to dismiss.

On Monday, June 9, 2025, the undersigned counsel sought concurrence in the requested relief from Plaintiff's counsel via phone at approximately 11:30 AM EDT. The undersigned counsel explained the basis for this motion during his phone call with Plaintiff's counsel. Plaintiff's counsel. Plaintiff's counsel stated that she would discuss the motion with her client

{00137281.DOCX}

and thereafter advise whether Plaintiff would oppose the motion. As of the time this motion was filed, the undersigned counsel has not received an update from Plaintiff's counsel.

For the reasons stated in the attached brief, Mr. Denno respectfully requests that this Court correct its order (ECF No. 71) on Mr. Denno's motion to dismiss to conform to the holding reached in this Court's Opinion (ECF No. 70), and thus, enter an amended order dismissing Counts II and III as to Mr. Denno.

Respectfully submitted,

STARR, BUTLER, & STONER, PLLC

By:    s/ Daniel C. Waslawski
       Daniel C. Waslawski (P78037)
       Attorney for Defendant Denno only
       20700 Civic Center Dr., Ste. 290
       Southfield, MI  48076
       (248) 864-4931
       dwaslawski@starrbutler.com

Dated:  June 11, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

               Plaintiff,                                  Case No. 24-1029

v.

                                              Hon. Hala Y. Jarbou

MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES, DIANNE
BYRUM, in her individual and official
capacities, DENNIS DENNO, in his
individual and official capacities, DAN
KELLY, in his individual and official
capacities, RENEE KNAKE JEFFERSON,
in her individual and official capacities,
SANDY PIERCE, in her individual and
official capacities, BRIANNA T. SCOTT,
in her individual and official capacities,
KELLY TEBAY, in her individual and official
capacities, and REMA VASSAR, in her
individual and official capacities,

               Defendants.

**ORAL ARGUMENT
REQUESTED**

_____

## **BRIEF IN SUPPORT OF DENNIS DENNO'S MOTION TO CORRECT ORDER REGARDING MOTION TO DISMISS PURSUANT TO FRCP 60(a)**

{00137281.DOCX}

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES ................................................................................................. ii

I.      RELEVANT BACKGROUND ............................................................................... 1

II.     MOTION STANDARDS ........................................................................................ 4

        A.      Standard Under Fed. R. Civ. P. 54(b) ...................................................... 5

III.    LAW AND ARGUMENT ....................................................................................... 5

        A.      Correction of this Court's Order (ECF No. 71) as it pertains to Mr. Denno
                is necessary to conform to this Court's Opinion (ECF No. 79) ............................ 5

IV.     CONCLUSION ........................................................................................................ 6

## <u>INDEX OF AUTHORITIES</u>

**<u>Cases</u>:**

*Buback v. Romney*,
156 N.W.2d 549, 553 (Mich. 1968)............................................................................3

*In re Walter*,
282 F.3d 434, 440 (6th Cir. 2002) ............................................................................5

*Keweenaw Bay Indian Cmty. v. Khouri*,
621 F. Supp. 3d 828, 831 (W.D. Mich. 2022) ............................................................5

*Monell v. Department of Social Services of the City of New York*,
436 U.S. 658 (1978)...................................................................................................1, 2

*Tucker v. Skytta*,
No. 2:19-CV-235, 2021 WL 12268551, at *1 (W.D. Mich. Mar. 16, 2021)...................5

*Will v. Mich. Dept. of State Police*,
491 U.S. 58, 69-71 (1989) .........................................................................................2

**<u>Statutes</u>:**

42 U.S.C. § 1983 ......................................................................................................1, 2

Mich. Comp. Laws § 168.293 ...................................................................................3

**<u>Federal Rules</u>:**

Fed. R. Civ. P 12(b)(1)..............................................................................................1

Fed. R. Civ. P 12(b)(6)..............................................................................................1

Fed. R. Civ. P. 54(b) .................................................................................................5

Fed. R. Civ. P 60(a) ...............................................................................................4, 5

**<u>Local Rules</u>:**

LR 7.4 .......................................................................................................................5

## I.  RELEVANT BACKGROUND

1.      On October 1, 2024, Plaintiff filed the instant lawsuit. ECF No. 1. In his initial Complaint, Plaintiff asserted claims for First Amendment retaliation under 42 U.S.C. § 1983 and injunctive relief against the Michigan State University Board of Trustees ("BOT") as a corporate body. ECF No. 1, PageID.1. On December 6, 2024, the BOT moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P 12(b)(6) and 12(b)(1). ECF No. 6.

2.      On December 23, 2024, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 10.

3.      In the FAC, Plaintiff added Dianne Byrum, Mr. Denno, Dan Kelly, Renee Knake Jefferson, Sandy Pierce, Brianna T. Scott, Kelly Tebay, and Dr. Vassar (i.e., current and former trustees of the Board) as individual defendants. *See generally*, ECF No. 10.

4.      In the FAC, Plaintiff asserted three counts against Mr. Denno: (1) "42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution" (ECF No. 10, PageID.96); (2) "*Monell* Liability" (ECF No. 10, PageID.98); and (3) "Injunctive Relief" (ECF No. 10, PageID.100).

5.      Plaintiff's claims against Mr. Denno were asserted against Mr. Denno in both his individual and official capacity. *See* ECF No. 10, Page ID.72, ¶41 ("The named Board Members are being sued both in their individual capacities and in their official capacities as members of the Board of Trustees.").

6.      By and through their counsel, Zausmer P.C., the BOT, Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay filed a motion to dismiss. ECF No. 33.

7.      Mr. Denno, by and through the undersigned counsel, also filed a motion to dismiss. ECF No. 35.

8.      Dr. Rema Vassar, by and through her counsel, Lipson Neilson P.C., also filed a motion to dismiss. ECF No. 38.

9.      Relevantly to this motion, Mr. Denno argued that dismissal of any claim seeking injunctive relief from him was warranted because there was no exception to his Eleventh Amendment immunity and that there was no legally cognizable underlying cause of action that could support a remedy of injunctive relief as to him. *See* ECF No. 35, PageID.212-214; ECF No. 35, PageID.224-225. Through these arguments, Mr. Denno sought dismissal of the portion of Count I that asserted an official capacity claim as to Mr. Denno and Count III in its entirety. *See* ECF No. 35, PageID.212-214; ECF No. 35, PageID.224-225.

10.      Additionally, Mr. Denno also argued that Count II failed to state a claim upon which relief may be granted because the claim was premised on *Monell* liability, which does not provide a basis for providing liability as to Mr. Denno because a viable 42 U.S.C. § 1983 *Monell* claim only encompasses municipalities or other local governing body (in contrast to a state or state official, such as Mr. Denno). *See* ECF No. 35, PageID.223-224.

11.      The BOT, Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay asserted similar arguments in their motion to dismiss. ECF No. 33.

12.      Likewise, Dr. Vassar asserted similar arguments in her motion to dismiss. ECF No. 35.

13.      On My 28, 2025, this Court issued an Opinion on all three motions to dismiss. ECF No. 70.

14.      In its Opinion, this Court concluded that Plaintiff's *Monell* claim "fail[ed] as a matter of law." Specifically, this Court held:

> Lipton also tries to state a claim against the BOT, as an entity, and the BOT members under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). But *Monell* liability only applies to local governments, not state entities. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 69-71 (1989). And because an official-capacity claim serves as a claim against the official's public entity, the *Monell* claims fail as a matter of law; Lipton does not allege any

municipal or local government involvement. He also does not allege any policy or pattern of behavior.

ECF No. 70, PageID.483-484 at n3.

15.    Additionally, this Court concluded that there was no basis for injunctive relief against any defendant (including Mr. Denno), with the exception of Dr. Vassar:

> Lipton seeks a number of equitable remedies, although many must be sought through other avenues. For example, Lipton "is seeking the recall, resignation, or removal of Vassar and Denno from their positions on the MSU Board of Trustees." (Am. Compl. ¶ 211.) The Court does not have the authority to grant such relief. *See* Mich. Comp. Laws § 168.293 (the governor has removal power for BOT members); *Buback v. Romney*, 156 N.W.2d 549, 553 (Mich. 1968) (the judiciary may not exercise removal power assigned to another branch of government). Lipton does not seek prospective relief that could apply to Byrum, Kelly, Jefferson, Pierce, Scott, or Tebay. Thus, claims against these defendants—raised in their official capacity—will also be dismissed.

> The only appropriate prospective relief Lipton seeks is an injunction that prevents continued retaliation against his speech. While Lipton has alleged facts that suggest Vassar continues to retaliate against him for his protected speech and is unlikely to stop without injunctive relief (Am. Compl. ¶¶ 148-55), **he has not alleged facts that indicate Denno has continued to retaliate post-censure**. Lipton seeks injunctive relief preventing Vassar from the alleged continued retaliation, so the claim against Vassar in her official capacity will remain. **However, Lipton has not adequately demonstrated continuing constitutional violations against Denno, so his official-capacity claim against Denno will be dismissed**.

ECF No. 70, PageID.484-485 (bold typeface added).

16.    In its conclusion, the Court held, "Lipton's individual and official capacity claims against Vassar, and his individual capacity claim against Denno, will remain. The rest of Lipton's claims will be dismissed. An order consistent with this Opinion will issue." ECF No. 70, PageID.485.

17.    Thus, according to the Court's opinion, the only claim asserted against Mr. Denno in Plaintiff's FAC that survived Mr. Denno's motion to dismiss was Plaintiff's individual capacity claim.

18.    Immediately following the issuance of the Court's Opinion, the Court entered an

Order on the motions to dismiss. ECF No. 71.

19.    The Court's order states:

In accordance with the opinion entered this date,

**IT IS ORDERED** that Defendants Michigan State University Board of Trustees ("BOT"), Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay's motion to dismiss (ECF No. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against BOT, Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Denno's motion to dismiss (ECF No. 35) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the official-capacity claim against Denno is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Vassar's motion to dismiss (ECF No. 38) is **DENIED**.

ECF No. 71.

20.    Thus, the Court's order did not address Counts II or III as to Mr. Denno despite

the holding of the Court's Opinion and its conclusion that "Lipton's . . . individual capacity

claim against Denno, will remain. The rest of Lipton's claims will be dismissed." ECF No. 70,

PageID.485.

## II.    <u>MOTION STANDARDS</u>

FRCP 60(a) provides:

Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

{00137281.DOCX}                                    4

"Rule 60(a) authorizes a court to correct clerical mistakes and mistakes arising from oversight or omission." *Keweenaw Bay Indian Cmty. v. Khouri*, 621 F. Supp. 3d 828, 831 (W.D. Mich. 2022). "Clerical mistakes include those made by judges as well as ministerial employees." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

## A.    Standard Under Fed. R. Civ. P. 54(b)

In relevant part, FRCP 54(b) provides:

> . . . [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment." *Tucker v. Skytta*, No. 2:19-CV-235, 2021 WL 12268551, at *1 (W.D. Mich. Mar. 16, 2021). Local Rule 7.4 of this Court's Local Civil Rule addresses motions for reconsideration. Subsection (a) of LR 7.4 states:

> <u>Grounds</u> -- Generally, and without restricting the discretion of the court, motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

## III.    LAW AND ARGUMENT

## A.    Correction of this Court's Order (ECF No. 71) as it pertains to Mr. Denno is necessary to conform to this Court's Opinion (ECF No. 79)

As detailed above, this Court concluded its Opinion by holding, "Lipton's . . . individual capacity claim against Denno, will remain. The rest of Lipton's claims will be dismissed." ECF No. 70, PageID.485. This conclusion followed the Court's holding that: (a) the "the *Monell* claims fail as a matter of law" (ECF No. 70, PageID.483-484 at n3); and (b) there was no basis for any claim seeking injunctive relief against Mr. Denno (ECF No. 70, PageID.484-485).

{00137281.DOCX}                                    5

However, this Court's Order on Mr. Denno's motion only expressly dismissed the official capacity claim against Mr. Denno; it did not expressly dismiss Count II or III.

Given the Court's express intent on Counts II and III as set forth in its Opinion, Mr. Denno respectfully requests that this Court correct its Order (ECF No. 71) by entering an amended order that expressly dismisses Counts II and III.

## IV.   CONCLUSION

WHEREFORE, for the reasons stated above, Mr. Denno respectfully requests that this Court correct its order (ECF No. 71) on Mr. Denno's motion to dismiss to conform to the holding reached in this Court's Opinion (ECF No. 70), and thus, enter an amended order dismissing Counts II and III as to Mr. Denno.

Respectfully submitted,

STARR, BUTLER, & STONER, PLLC

By:     s/ Daniel C. Waslawski
        Daniel C. Waslawski (P78037)
        Attorney for Defendant Denno only
        20700 Civic Center Dr., Ste. 290
        Southfield, MI  48076
        (248) 864-4931
        dwaslawski@starrbutler.com

Dated:  June 11, 2025

### CERTIFICATE OF SERVICE

The undersigned says that on June 11, 2025, she has caused to be served a copy of **Defendant Dennis Denno's Motion to Correct Order Regarding Motion to Dismiss Pursuant to FRCP 60(a), Brief in Support of Motion, and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

s/ Kiersten Plane