UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES et al.,

    Defendants.

Case No. 1:24-cv-01029-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

**MOTION BY DEFENDANT REMA VASSAR TO AMEND OR CORRECT ORDER (ECF DOC. 71) REGARDING MOTIONS TO DISMISS AND BRIEF SUPPORTING MOTION TO AMEND OR CORRECT ORDER**

    Defendant Rema Vassar, through her counsel, Lipson Neilson P.C., pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), for her Motion to Amend or Correct Order on Defendants' Motion to Dismiss, states as follows:

    1.    All of the Defendants filed Motions to Dismiss as their initial response to the Plaintiff's Amended Complaint.

    2.    In her Motion, Defendant Vassar requested that this Court dismiss Count II, which alleged that all defendants are "liable for the constitutional violations alleged herein under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)"[1] because *Monell* liability applies only to municipalities or other local units of government.[2] She also explained that *Monell* liability is limited to implementing or executing a policy statement, ordinance, regulation or decision officially adopted or promulgated by a public body, but Plaintiff does not allege that

---

[1] Amended Complaint, § 198, PageID.98.
[2] ECF No. 38, Vassar Motion to Dismiss, ¶ 2, PageID. 236 and Brief Supporting Motion to Dismiss, pp. 23-25, PageID.258-260.

any Defendant violated such policies.[3]

3. In his Response to the Defendants' Motions, Plaintiff did not mention *Monell*, let along respond to either argument.[4] In other words, he did not oppose the dismissal of Count II.

4. In its Opinion, this Court agreed with Dr. Vassar's unopposed argument finding:

> Lipton also tries to state a claim against the BOT, as an entity, and the BOT members under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). But *Monell* liability only applies to local governments, not state entities. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 69-71 (1989). And because an official-capacity claim serves as a claim against the official's public entity, the Monell claims fail as a matter of law; Lipton does not allege any municipal or local government involvement. He also does not allege any policy or pattern of behavior.[5]

5. But, despite agreeing Plaintiff had not stated a claim on which relief could be granted on Count II, this Court entered an Order denying Dr. Vassar's Motion to Dismiss in its entirety.[6]

6. This error in the Order appears to be of a clerical nature, but it has significance because "[a] court speaks through its written orders and judgments . . . ."[7] As a result, Count II remains in the case even though this Court agrees that it does not state a claim on which relief can be granted. Pursuant to Federal Rule of Civil Procedure 59(e) and 60(a), this Court should correct or amend its Order so that it dismiss Count II of the Amended Complaint.

7. Dr. Vassar also requested that this Court dismiss Plaintiff's request, in Count III of the Amended Complaint, for an injunction asking this Court to remove Dr. Vassar from the Board

---

[3] *Id.*
[4] See ECF No. 56: Plaintiff's Opposition to Defendants' Motions.
[5] ECF No. 70, Opinion, pp 15-16, n. 3, PageID.483-484.
[6] "**IT IS FURTHER ORDERED** that Defendant Vassar's motion to dismiss (ECF No. 38) is DENIED." (ECF No. 71: Order, PageID.486).
[7] *United States v. Coccia*, 598 F.3d 293, 296 (6th Cir. 2010).

of Trustees because this Court does not have the legal authority to grant this relief.[8] Once again, Plaintiff did not oppose this requested relief.[9]

8. In its Opinion, this Court again agreed with Dr. Vassar that it "lacks the authority to grant such relief.[10] But, this Court nonetheless denied Dr. Vassar's motion in its entirety[11] instead of granting Dr. Vassar's motion to dismiss as to this form of injunctive relief being sought in Count III of the Amended Complaint.

9. As noted above, "a court speaks through its written orders and judgments . . ."[12] This Court should amend or correct its written Order (ECF No. 71) to make its consistent with the holdings expressed in its Opinion (ECF No. 71), dismiss Count II and dismiss the request for an injunction seeking the removal of Dr. Vassar from the Board of Trustees in Count III. Otherwise, these claims will remain in the case even though this Court has determined them to be groundless.

WHEREFORE Defendant Rema Vassar requests that this Honorable Court grant this Motion and amend or correct its Order (ECF No. 71) to reflect the partial granting of the Motion to Dismiss filed by Dr. Vassar and grant such other relief as this Court deems just or equitable.

Respectfully submitted,

LIPSON NEILSON P.C.
/s/ C. Thomas Ludden
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tludden@lipsonneilson.com

Dated: June 11, 2025

---

[8] ECF No. 38, Motion to Dismiss, ¶ 5, PageID.236-237, and Brief Supporting Motion to Dismiss, pp. 25-27, PageID.260-262.
[9] See ECF No. 56: Plaintiff's Opposition to Defendants' Motions.
[10] ECF No. 70, Opinion, p. 16, PageID.484.
[11] "**IT IS FURTHER ORDERED** that Defendant Vassar's motion to dismiss (ECF No. 38) is DENIED." (ECF No. 71: Order, PageID.486).
[12] *United States v. Coccia*, 598 F.3d 293, 296 (6th Cir. 2010).

## BRIEF SUPPORTING MOTION TO AMEND OR CORRECT ORDER

The Court agrees with Dr. Vassar that Dr. Lipton has not stated a claim for relief in Count II and that she cannot be held liable under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).[13] This Court also agrees with Dr. Vassar that it lacks the authority to issue an injunction removing her from the Michigan State University Board of Trustees.[14] Moreover, Plaintiff did not even dispute either argument in his Response to the Motions to Dismiss. But, this Court nonetheless entered an order that denied Dr. Vassar's Motion to Dismiss in its entirety instead of granting her Motion in part.[15]

Given the procedural posture, this appears to be a clerical mistake, oversight or omission in the preparation of the Order. The Federal Rules of Civil Procedure provide that:

> (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.[16]

This Court also has the power to amend judgments.[17]

This Court should exercise its discretion and correct or amend its Order to expressly dismiss Count II of the Amended Complaint and to dismiss the portion of Count III seeking the removal of Dr. Vassar from the MSU Board of Trustees. Otherwise, these claims, which this Court agrees to be groundless, will remain in the case and be the subject of discovery and additional motion practice.

---

[13] ECF No. 70, Opinion, pp 15-16, n. 3, PageID.483-484.
[14] ECF No. 70, Opinion, p. 16, PageID.484.
[15] "**IT IS FURTHER ORDERED** that Defendant Vassar's motion to dismiss (ECF No. 38) is DENIED." (ECF No. 71: Order, PageID.486).
[16] Fed. R. Civ. P. 60(a).
[17] Fed. R. Civ. P. 59(e).

## CONCLUSION AND RELIEF REQUESTED

This Court should grant this Motion, correct its May 28, 2025 Order, dismiss Count II with Defendant Dr. Rema Vassar with prejudice and dismiss the portion of Count III seeking an injunction that orders the removal of Dr. Vassar from the Board of Trustees.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000

Dated: June 11, 2025

tludden@lipsonneilson.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(1)**

This brief complies with Local Rule 7.3(b)(1) because it contains <u>1281</u> words, excluding the caption, signature block, this certification and the certificate of service. This brief was prepared in Microsoft® Word for Microsoft 365 MSO, whose word count feature was used to determine compliance with rule.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LIPSON NEILSON P.C. |
|  | <u>/s/ C. Thomas Ludden</u><br>C. Thomas Ludden (P45481)<br>Attorneys for Defendant Vassar Only<br>3910 Telegraph Road, Suite 200<br>Bloomfield Hills, Michigan 48302<br>(248) 593-5000 |
| Dated: June 11, 2025 | tludden@lipsonneilson.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ C. Thomas Ludden