UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK LIPTON,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1029

Hon. Hala Y. Jarbou

## ORDER

Plaintiff Jack Lipton brings this lawsuit against Defendants Michigan State University Board of Trustees ("BOT"), Dianne Byrum, Dennis Denno, Dan Kelly, Renee Knake Jefferson, Sandy Pierce, Brianna T. Scott, Kelly Tebay, and Rema Vassar. (Am. Compl., ECF No. 10.) Each individual defendant is a member of the BOT sued in their individual and official capacities. (*Id.* ¶ 40.) The Court dismissed all claims against BOT, Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay. (5/28/2025 Op., ECF No. 70; 5/28/2025 Order, ECF No. 71.) The Court dismissed the official capacity claim against Denno because Lipton's theories of official capacity liability raised against Denno all failed as a matter of law. (5/28/2025 Op.; 5/28/2025 Order.) However, Lipton's individual and official capacity claims against Vassar, and his individual capacity claim against Denno, remain.

Vassar and Denno request that the Court clarify its previous order to (1) reflect the dismissal of Lipton's *Monell*-based theory of liability, and (2) explicitly reject Lipton's specific request for court-ordered removal of certain BOT members. (ECF Nos. 74, 76.) A "plaintiff's

various arguments are not separable claims, but rather different theories." *Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001).  Thus, the rejection of certain theories does not render a claim dismissed.  Vassar and Denno acknowledge in their pending motions that the Court's opinion clearly articulated that Lipton's *Monell*-based theory of liability failed.  But the failure of this theory of liability does not warrant dismissing Lipton's individual and official capacity claims against Vassar or his individual capacity claim against Denno.

Additionally, as both Vassar and Denno acknowledge, "an injunction is a remedy, not a claim."  *Madej v. Maiden*, 951 F.3d 364, 369 (6th Cir. 2020).  There is no claim here to dismiss.  Nonetheless, the Court previously clarified that some of the relief Lipton seeks (i.e. removal of BOT members) is inappropriate.  (5/28/2025 Op. 16-17.)  No further clarification is necessary.

**IT IS ORDERED** that Defendant Denno's motion to amend or correct (ECF No. 74) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Vassar's motion to amend or correct (ECF No. 76) is **DENIED**.

Dated: June 12, 2025                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE