UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

        Plaintiff,

v.

DENNIS DENNO, in his individual capacity, and REMA VASSAR, in her individual and official capacities,

        Defendants.

Case No. 24-1029

Hon. Hala Y. Jarbou

**ORAL ARGUMENT REQUESTED**

### DEFENDANT DENNIS DENNO'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL

### ORAL ARGUMENT REQUESTED

Defendant Dennis Denno ("Mr. Denno"), by and through his attorneys, Starr, Butler, & Stoner, PLLC, moves this Court to stay the proceedings in this matter—with the exception of this Court's jurisdiction over the two subpoenas issued on non-parties (one of which is located at ECF No. 42, the other of which accompanies this motion as **Exhibit 1**)—pending the outcome of Mr. Denno's interlocutory appeal by right and Dr. Vassar's interlocutory appeal by right with the Sixth Circuit Court of Appeals from this Court's denial of qualified immunity in accordance with 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985).

On Tuesday, June 10, 2025, the undersigned counsel initially sought concurrence in the requested relief from Plaintiff's counsel, Coriann Gastol, via phone at approximately 1:30 PM. During the call, the undersigned counsel explained the basis for this motion. Thereafter, the undersigned counsel engaged in several follow-up phone calls with Plaintiff's attorneys and similarly exchanged numerous emails. Most recently, the undersigned counsel communicated with Liz Abdnour, lead counsel for Plaintiff, via phone on Monday, June 23, 2025 and via email

{00137544.DOCX}

on June 24, 2025. On June 24-25, 2025, Plaintiff's counsel provided written confirmation that she does not oppose the stay, so long as the Court retains jurisdiction to address and enforce two subpoenas seeking documents and information from an entity and person who are not parties to this lawsuit. As detailed in the accompanying brief, Mr. Denno and Dr. Vassar accepted these conditions. Thus, Plaintiff does not oppose Mr. Denno's motion.

For the reasons stated in the accompanying brief, Mr. Denno respectfully requests that this Court stay the proceedings in this matter (with the exception of this Court's jurisdiction over the two subpoenas issued on non-parties; one of which is located at ECF No. 42, the other of which accompanies this motion as **Exhibit 1**) pending the outcome of Mr. Denno's and Dr. Vassar's interlocutory appeals by right with the Sixth Circuit Court of Appeals. A proposed order reflecting the stipulation of the parties is attached hereto as **Exhibit 2**.

        Respectfully submitted,

        STARR, BUTLER, & STONER, PLLC

By:    s/ Daniel C. Waslawski
        Daniel C. Waslawski (P78037)
        Attorney for Defendant Denno only
        20700 Civic Center Dr., Ste. 290
        Southfield, MI  48076
        (248) 864-4931
        dwaslawski@starrbutler.com

Dated:  June 27, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

        Plaintiff,

v.

DENNIS DENNO, in his individual capacity, and REMA VASSAR, in her individual and official capacities,

        Defendants.

Case No. 24-1029

Hon. Hala Y. Jarbou

**ORAL ARGUMENT REQUESTED**

---

# BRIEF IN SUPPORT OF DEFENDANT DENNIS DENNO'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL

**ORAL ARGUMENT REQUESTED**

{00137544.DOCX}

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ..................................................................................................... 1

I.    RELEVANT BACKGROUND ................................................................................. 2

III.    LAW AND ARGUMENT ........................................................................................ 5

    A.    This Court Should Stay All Trial Court Level Proceedings as to Mr. Denno Because Mr. Denno's Filing of the Notice of Appeal Transfers Jurisdiction to the Sixth Circuit Court of Appeals ............................................................... 5

    B.    Alternatively, This Court Should Stay All Trial Court Level Proceedings Because All Four Factors Assessed in Entering a Stay Favor Entry of a Stay ........... 8

        1.    There is a Strong Likelihood That Defendant Denno Will Prevail on the Merits of His Appeal ........................................................................... 8

        2.    Defendant Denno Will Suffer Irreparable Harm if the Matter is Not Stayed ............................................................................................... 11

        3.    A Stay Will Not Harm Others, Including Plaintiff, Because Only Plaintiff's Individual Capacity Claim for Monetary Damages Remains Pending ........................................................................................... 12

        4.    The Public Interest Will be Served by a Stay Pending Resolution of Mr. Denno's Appeal ................................................................................ 12

IV.    CONCLUSION ....................................................................................................... 13

# INDEX OF AUTHORITIES

**Cases:**

*Chuman v. Wright*,
960 F.2d 104, 105 (9th Cir. 1992) ......................................................................................6

*Coal. to Defend Affirmative Action v. Granholm*,
473 F.3d 237, 244 (6th Cir. 2006) ......................................................................................8

*Dickerson v. McClellan*,
37 F.3d 251, 252 (6th Cir. 1994) .....................................................................................6, 9

*Everson v. Leis*,
556 F.3d 484, 494 (6th Cir. 2009) ..................................................................................9, 11

*Goshtasby v. Bd. of Trustees of Univ. of Illinois*,
123 F.3d 427 (7th Cir. 1997) .............................................................................................6

*Harlow v. Fitzgerald*,
457 U.S. at 818, 102 S.Ct. at 2738 (1982) .....................................................................8, 9

*Hulon v. City of Lansing*,
No. 1:20-CV-1023, 2023 WL 11959798, at *2 (W.D. Mich. Nov. 16, 2023) ................12

*Hunter v. Bryant*,
502 U.S. 224, 227 (1991) ............................................................................................11, 12

*Kennedy v. City of Cleveland*,
797 F.2d 297, 299 (6th Cir. 1986) .................................................................................6, 8

*Magley v. Wright*,
No. 5:98-CV-012, 2001 WL 36126924, at *7 (W.D. Mich. Mar. 30, 2001) ....................9

*Mitchell v. Forsyth*,
472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985) ....................... *passim*

*Sexton v. Cernuto*,
No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) .............................7, 8

*Speers v. Cnty. of Berrien*,
No. 4:04-CV-32, 2005 WL 1907525, at *3 (W.D. Mich. Aug. 10, 2005) ........................6

*Williams v. Brooks*,
996 F.2d 728, 729-30 (5th Cir. 1993) ...............................................................................6

*Yates v. City of Cleveland*,
941 F.2d 444, 448 (6th Cir. 1991) ...................................................................................................7

*Zakora v. Chrisman*,
No. 1:19-CV-1016, 2023 WL 12092473, at *1 (W.D. Mich. June 28, 2023) ................................6

**Statutes:**

28 U.S.C. § 1291 ........................................................................................................................1, 4, 5

42 U.S.C. § 1983 .............................................................................................................................2, 3

**Federal Rules:**

Fed. R. Civ. P. 12 ................................................................................................................................1

Fed. R. Civ. P 12(b)(1) ...................................................................................................................2, 3

Fed. R. Civ. P 12(b)(6) .......................................................................................................................2

Fed. R. Civ. P. 26(f) ............................................................................................................................5

## I. INTRODUCTION

Over the time period of March 6, 2025 through March 12, 2025, all Defendants moved to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12. (ECF Nos. 33, 35, and 38). In their separate motions, the individual defendants argued that qualified immunity entitled them to dismissal of Plaintiff's constitutional claims brought against the individual defendants in their individual capacities. On May 28, 2025, this Court issued an Opinion on all three motions. (ECF No. 70). In its Opinion, the Court: (1) dismissed Plaintiff's claims against the MSU Board of Trustees and individual defendants Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay; (2) granted in part and denied in part Mr. Denno's motion by dismissing the official capacity claims against Mr. Denno but denying dismissal of the individual capacity claim; and (3) denied Dr. Vassar's motion to dismiss. The Court specifically denied Mr. Denno's and Dr. Vassar's assertion of qualified immunity at this stage.

On June 20, 2025, Mr. Denno filed an interlocutory appeal by right with the Court of Appeals for the Sixth Circuit from this Court's denial of qualified immunity in accordance with 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985). *See* ECF No. 84.

Mr. Denno now moves this Court to stay proceedings—with the exception of this Court's jurisdiction over the two subpoenas issued on non-parties (one of which is located at ECF No. 42, the other of which accompanies this motion as **Exhibit 1**)—in this matter at the trial court level, pending the outcome of this appeal. Under binding precedent, the filing of the Notice of Appeal (ECF No. 84) on the issue of qualified immunity transferred jurisdiction of this matter to the Court of Appeals for the Sixth Circuit. Accordingly, as a matter of law, Mr. Denno is automatically entitled to a stay of proceedings pending resolution of the interlocutory appeal on

the issue of qualified immunity. Alternatively, even if this Court disagrees with the foregoing argument, application of the traditional stay-factors supports the entry of a stay.

For these reasons, which are briefed in detail below, Mr. Denno respectfully requests that this Court stay the proceedings in this matter (with the exceptions identified previously and again below) pending the outcome of Mr. Denno's interlocutory appeal by right with the Sixth Circuit Court of Appeals.

## II. RELEVANT BACKGROUND

1. On October 1, 2024, Plaintiff filed the instant lawsuit. ECF No. 1. In his initial Complaint, Plaintiff asserted claims for First Amendment retaliation under 42 U.S.C. § 1983 and injunctive relief against the Michigan State University Board of Trustees ("BOT") as a corporate body. ECF No. 1, PageID.1.

2. On December 6, 2024, the BOT moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P 12(b)(6) and 12(b)(1). ECF No. 6.

3. On December 23, 2024, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 10.

4. In the FAC, Plaintiff added Dianne Byrum, Mr. Denno, Dan Kelly, Renee Knake Jefferson, Sandy Pierce, Brianna T. Scott, Kelly Tebay, and Dr. Vassar (i.e., current and former trustees of the Board) as individual defendants. *See generally*, ECF No. 10.

5. In the FAC, Plaintiff asserted three counts against Mr. Denno: (1) "42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution" (ECF No. 10, PageID.96); (2) "*Monell* Liability" (ECF No. 10, PageID.98); and (3) "Injunctive Relief" (ECF No. 10, PageID.100).

6. Plaintiff's claims against Mr. Denno were asserted against Mr. Denno in both his individual and official capacity. *See* ECF No. 10, Page ID.72, ¶41 ("The named Board Members

are being sued both in their individual capacities and in their official capacities as members of the Board of Trustees.").

7. By and through their counsel, Zausmer P.C., the BOT, Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay filed a motion to dismiss. ECF No. 33.

8. Mr. Denno, by and through the undersigned counsel, also filed a motion to dismiss. ECF No. 35.

9. Dr. Rema Vassar, by and through her counsel, Lipson Neilson P.C., also filed a motion to dismiss. ECF No. 38.

10. All three of these motions sought dismissal of Plaintiff's FAC in its entirety with prejudice.

11. Relevantly to this motion, Mr. Denno argued that under Fed. R. Civ. P. 12(b)(1), this Court should dismiss Plaintiff's 42 U.S.C. § 1983 claim asserting First Amendment Retaliation against Mr. Denno in his individual capacity on the basis of Mr. Denno's qualified immunity.

12. The BOT, Byrum, Kelly, Jefferson, Pierce, Scott, and Tebay asserted similar arguments in their motion to dismiss. ECF No. 33.

13. Likewise, Dr. Vassar asserted similar arguments in her motion to dismiss. ECF No. 35.

14. On My 28, 2025, this Court issued an Opinion on all three motions to dismiss. ECF No. 70.

15. In sum, the Court held, "Lipton's individual and official capacity claims against Vassar, and his individual capacity claim against Denno, will remain. The rest of Lipton's claims will be dismissed. An order consistent with this Opinion will issue." (ECF No. 70, PageID.485).

{00137544.DOCX}    3

16. In holding that Lipton's individual capacity claim would remain pending against Mr. Denno, this Court concluded, "Lipton has alleged facts showing that Vassar and Denno violated his clearly established constitutional rights. Thus, at this stage, qualified immunity for Vassar and Denno will be denied. Lipton has stated a claim against Vassar and Denno in their individual capacities." (ECF No. 70, PageID.483).

17. On June 20, 2025, Mr. Denno filed an interlocutory appeal by right with the Court of Appeals for the Sixth Circuit from this Court's denial of qualified immunity in accordance with 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985). *See* ECF No. 84.

18. From June 10 – June 24, the undersigned counsel extensively communicated with Plaintiffs' attorneys regarding the relief requested in this motion.

19. On Tuesday, June 10, 2025, the undersigned counsel initially sought concurrence in the requested relief from Plaintiff's counsel, Coriann Gastol, via phone at approximately 1:30 PM. The undersigned counsel explained the basis for this motion during his phone call with Plaintiff's counsel.

20. Thereafter, the undersigned counsel engaged in several phone calls with Plaintiff's attorneys and similarly exchanged numerous emails. Most recently, the undersigned counsel communicated with Liz Abdnour, lead counsel for Plaintiff, via phone on Monday, June 23, 2025 and via email on June 24, 2025. Plaintiff's counsel provided written confirmation that she does not oppose the stay, so long as the Court retains jurisdiction to address and enforce two subpoenas seeking documents and information from persons who are not parties to this lawsuit.

21. The first of these subpoenas is a subpoena that Plaintiff issued on April 4, 2025. Through the subpoena, Plaintiff seeks documents from fact witness Missy Chola, who Mr.

Denno understands to be a student at MSU. *See* ECF No. 42. The subpoena was issued before the parties held their Fed. R. Civ. P. 26(f) conference and was the subject of competing motion practice between Plaintiff and co-defendant Dr. Vassar. *See* ECF No. 43; ECF No. 47.[1] Ultimately, Magistrate Judge Berens granted Plaintiff's motion (ECF No. 47) and dismissed Dr. Vassar's motion as moot (ECF No. 43). *See* ECF No. 55.

22. The second of these subpoenas is a subpoena issued by Plaintiff on June 2, 2025. *See* **Exhibit 1**. The subpoena seeks contact information for Missy Chola and documents relating to the indemnification of Mr. Denno and Dr. Vassar in this lawsuit. *Id.*

23. Because Mr. Denno has no objection to the third-party subpoenas and they are limited in scope, Mr. Denno has no objection to this Court retaining jurisdiction to address discovery-related issues arising out of the subpoenas.

### III. LAW AND ARGUMENT

**A.** **This Court Should Stay All Trial Court Level Proceedings as to Mr. Denno Because Mr. Denno's Filing of the Notice of Appeal Transfers Jurisdiction to the Sixth Circuit Court of Appeals.**

In its Opinion, this Court partially denied Mr. Denno's motion to dismiss, reasoning that qualified immunity will be denied at this stage. (ECF No. 70, PageID.483). Ordinarily, federal courts of appeal only have jurisdiction over final orders. *See* 28 U.S.C. § 1291. However, in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985), the United States Supreme Court held that a district court's denial of qualified immunity to a governmental official—even at the pleadings stage—is a "final decision" within the meaning of 28 U.S.C. § 1291 that is immediately appealable. *Id.* at 527-30. The Supreme Court explained that, "[t]he

---

[1] Neither Mr. Denno, nor the other MSU Trustees (all of whom have since been dismissed from this lawsuit) opposed the early issuance of the subpoena, subject to limited conditions. *See* ECF No. 51; ECF No. 53.

{00137544.DOCX}                                                    5

entitlement [to qualified immunity] is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id* at 526.

Approximately one year after the Supreme Court issued its decision in *Mitchell*, the Court of Appeals for the Sixth Circuit recognized, "[b]ecause *Mitchell* contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of that issue, *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided." *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (citing *Mitchell*, 105 S. Ct. at 2816 and *Harlow v. Fitzgerald*, 457 U.S. at 818, 102 S.Ct. at 2738 (1982)). *See also Zakora v. Chrisman*, No. 1:19-CV-1016, 2023 WL 12092473, at *1 (W.D. Mich. June 28, 2023) (recognizing same) (citing *Michell* and *Kennedy*). Further, "[a] proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).[2] *See also Speers v. Cnty. of Berrien*, No. 4:04-CV-32, 2005 WL 1907525, at *3 (W.D. Mich. Aug. 10, 2005) (in the context of an appeal from a denial of qualified immunity, recognizing "the general rule that the notice of appeal divests the district court of jurisdiction" and that there is "automatic entitlement to a stay of proceedings pending resolution of the interlocutory appeal"). The trial court only has discretion to deny a stay in

---

[2] Many federal circuit courts follow the traditional rule that district courts are divested of jurisdiction and discovery is automatically stayed upon the filing of an interlocutory qualified immunity appeal. *See, e.g., Williams v. Brooks*, 996 F.2d 728, 729-30 (5th Cir. 1993) (holding that the "filing of the interlocutory appeal on the immunity issue divested the district court of jurisdiction to proceed against [the individual defendant]" and collecting cases from other federal circuit courts reaching the same conclusion); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (same); *Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427 (7th Cir. 1997) ("when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay proceedings.").

{00137544.DOCX}                                6

limited circumstances where an appeal is frivolous or taken with dilatory intent. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). Neither of those factors are in play here.

The only claim against Mr. Denno that survived Mr. Denno's motion to dismiss was Plaintiff's individual capacity claim against Mr. Denno. Under binding U.S. Supreme Court precedent, Mr. Denno is entitled to an immediate appeal as of right on the qualified immunity issue. *Mitchell*, 472 U.S. at 527-30. Moreover, Mr. Denno's appeal is neither frivolous or nor taken to improperly delay the proceedings. As discussed in detail in Section III.B(1), Mr. Denno presents colorable arguments on the merits of his appeal. Further, as the Eastern District of Michigan has previously recognized based on binding Sixth Circuit precedent, a challenge to a trial court's legal determinations on the issue of qualified immunity generally do not present grounds to conclude that an appeal is frivolous—even if the court ultimately disagrees with the merits of the arguments. *See, e.g., Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) (extensively analyzing the applicable standards and concluding, "[defendant's] challenge to the Court's denial of his claim of qualified immunity clearly has at least some 'legal aspect' to it. For this reason, the Court concludes that [the] appeal is not frivolous."). Finally, there is no reasonable basis to conclude that Mr. Denno is acting with dilatory intent. To the contrary, this case has been pending for less than one year, has never been on appeal, and presents an important legal question that is central to the disposition of the lone claim pending against Mr. Denno.

For these reasons, and consistent with the binding precedent cited above, jurisdiction of this matter lies with the Court of Appeals for the Sixth Circuit. Accordingly, this Court should enter an order to stay the proceedings (with the limited exceptions noted above) pending a decision on Mr. Denno's timely Notice of Appeal.

**B.    Alternatively, This Court Should Stay All Trial Court Level Proceedings Because All Four Factors Assessed in Entering a Stay Favor Entry of a Stay.**

As stated above, Mr. Denno submits that this Court is required to enter a stay under U.S. Supreme Court and Sixth Circuit precedent. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (citing *Mitchell*, 105 S. Ct. at 2816 and *Harlow v. Fitzgerald*, 457 U.S. at 818, 102 S.Ct. at 2738 (1982)). However, to the extent that this Court disagrees, Mr. Denno submits that this Court should nonetheless enter a stay of proceedings (with the limited exceptions noted above) pending resolution of Mr. Denno's appeal.[3]

To determine whether to exercise discretion on a motion to stay of proceedings pending an appeal, courts within the Sixth Circuit consider four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (internal citations and quotations omitted). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Id.* (internal citation omitted).

**1.    There is a Strong Likelihood That Defendant Denno Will Prevail on the Merits of His Appeal.**

Mr. Denno can demonstrate that there is a strong likelihood that he will succeed on the merits of his appeal to the Court of Appeals.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[3] At least one court has expressly concluded that the standard set forth in section I(A)—and not than the analysis set forth in section I(B)—must be applied when resolving the issue of entering a stay of proceedings while an appeal on qualified immunity is pending. *See Sexton v. Cernuto,* No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021) (comparing and analyzing the applicable standards for entering a stay).

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). When a "defendant raises qualified immunity as a defense, the *plaintiff* bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (emphasis added). Courts apply a two-part test to determine whether Plaintiff can defeat qualified immunity. First, a court must determine whether "a constitutional right has been violated." *Id.* Second, if the court determines that a right has been violated, the court must then consider "whether it involved clearly established constitutional rights of which a reasonable person would have known." *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996). "The doctrine protects all but the plainly incompetent or those who knowingly violate the law." *Everson*, 556 F.3d at 494 (internal citation and quotations omitted). Thus, to defeat Mr. Denno's qualified immunity, Plaintiff must show *both* that Mr. Denno violated Plaintiff's constitutional rights and that a reasonable university official would have known that Plaintiff's rights were being violated.

On appeal, Mr. Denno will argue that the Court erred in its analysis of both parts of the two-part test. First, Mr. Denno will argue that the Court erred in holding that Mr. Denno violated Plaintiff's First Amendment rights. At best, the only alleged violation of Plaintiff's First Amendment rights that Plaintiff plausibly alleged as attributable to Mr. Denno was Mr. Denno's alleged criticism of Plaintiff during a lunch meeting involving MSU administrators on December 14, 2023. (ECF No. 10, PageID.79). However, mere criticisms, accusations, and bad mouthing are insufficient to establish a violation of constitutional rights. *Magley v. Wright*, No. 5:98-CV-012, 2001 WL 36126924, at *7 (W.D. Mich. Mar. 30, 2001) (recognizing same and collecting cases).

Moreover, Plaintiff's response confirmed that Mr. Denno's criticism of Plaintiff on December 14, 2023 was the only alleged retaliatory action that Mr. Denno personally took against Plaintiff. (*See* ECF No. 56, PageID.358-364). Yet, the Court improperly cited the alleged acts of other third parties despite the absence of any allegations plausibly alleging that Mr. Denno caused the unnamed third parties to take the actions alleged in the FAC. For instance, Plaintiff relied on the allegation that two students filed administrative complaints against him and that they were purportedly encouraged by Mr. Denno. (ECF No. 56, PageID.376). The Court relied on this allegation in holding that Mr. Denno violated Plaintiff's constitutional rights. (ECF No. 70, PageID.373). This ignored the facts alleged in the FAC. Indeed, Plaintiff alleges that Chola "filed the complaint at Vasser's behest." (ECF No. 10, PageID.79, ¶83). Further, Plaintiff admits that Chola's OIE Complaint was filed at "Vassar's behest" on October 30, 2023—*i.e.,* <u>before</u> Mr. Denno allegedly met with MSU students and encouraged them to "file false complaints of race discrimination against [Plaintiff]." (*Compare* ECF No. 10, PageID.79, ¶83 and ECF No. 10, PageID.86, ¶114 *with* ECF No. 10, PageID.78, ¶77); (*See also* ECF No. 35, PageID.219-220 (Mr. Denno's argument on this subject)). Thus, assuming the allegations in the FAC to be true, it was not possible for Mr. Denno to push Chola to file an administrative complaint. Moreover, regarding the second administrative complaint (which was purportedly filed by unspecified members of the MSU Hurriya Coalition with the HLC)—Plaintiff pleaded no facts showing an agreement and plan between unnamed members of the MSU Hurriya Coalition and Mr. Denno that caused the MSU Hurriya Coalition to file an administrative complaint with the HLC in an effort to deprive Plaintiff of his alleged First Amendment rights.

Secondly, Mr. Denno intends to argue that Plaintiff did not carry his burden of showing that Mr. Denno's purported actions did not involve violations of clearly established

constitutional rights of which a reasonable person would have known. Plaintiff did not identify a single case holding that Mr. Denno should have known that his alleged criticism of Plaintiff during a lunch meeting involving MSU administrators on December 14, 2023 violated Plaintiff's First Amendment Rights.

Further, it is Mr. Denno's position that this Court did not sufficiently differentiate the cases cited by Plaintiff, nor did the Court address similar cases cited by Mr. Denno that support his qualified immunity claim. (*See, e.g,* ECF No. 68, PageID.458-61).

In sum, full analysis by the Sixth Circuit will likely lead to a different result. While this Court likely disagrees given its Opinion (ECF No. 70), Mr. Denno respectively submits that the first factor – the likelihood that Mr. Denno will prevail on the merits of his appeal– supports a stay of the proceedings (with the limited exceptions noted above) pending the appeal.

**2. Defendant Denno Will Suffer Irreparable Harm if the Matter is Not Stayed.**

Unless this Court stays the proceedings in this matter pending resolution of Mr. Denno's appeal, Mr. Denno will suffer irreparable harm. As a government official, qualified immunity shields Mr. Denno from civil liability. *Everson*, 556 F.3d at 493-94 n3. Moreover, qualified immunity is intended to avoid "the general costs of subjecting officials to the risks of trial . . . inhibition of discretionary action, and deterrence of able people from public service." *Mitchell*, 472 U.S. at 526. "Indeed . . . even such pre-trial matters as discovery are to be avoided if possible . . . ." *Id.* As the Supreme Court has further observed, "[b]ecause the entitlement is an immunity from suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Should this Court decline to stay this matter pending resolution of Mr. Denno's appeal, Mr. Denno will necessarily need to conduct discovery, appear for depositions, appear for facilitative mediation, and engage in ordinary pretrial activities despite the fact that he is immune from suit. Thus, Mr. Denno will have to defend himself while his appeal of this Court's denial of qualified immunity is still pending, which is directly contrary to *Mitchell* and *Hunter*. *See also Hulon v. City of Lansing*, No. 1:20-CV-1023, 2023 WL 11959798, at *2 (W.D. Mich. Nov. 16, 2023) (entering a stay of a lawsuit pending appeal to the Sixth Circuit on the issue of whether the trial court properly denied the assertion of qualified immunity at the summary judgment stage).

By entering a stay, this Court can avoid the irreparable harm of subjecting Mr. Denno to litigation that he may well be deemed to be immune from. Accordingly, the second factor supports entry of a stay of the proceedings pending appeal.

### 3. A Stay Will Not Harm Others, Including Plaintiff, Because Only Plaintiff's Individual Capacity Claim for Monetary Damages Remains Pending.

A stay of the proceedings in this case will not harm Plaintiff or others, as this Court ruled that Plaintiff may only seek monetary damages through his lone remaining claim against Mr. Denno. (ECF No. 70). In fact, Plaintiff has agreed to a stay; thus, Plaintiff himself has concluded that a stay will not harm him.

In contrast, the harm to Mr. Denno if a stay is denied is great for the reasons stated in the previous section.

### 4. The Public Interest Will be Served by a Stay Pending Resolution of Mr. Denno's Appeal.

Piecemeal litigation is not favored. If this Court proceeds with this matter without a stay, and the merits of Mr. Denno's appeal are successful, judicial resources and expenses could ultimately be found to be unnecessary. By staying proceedings pending appeal on the issue of

qualified immunity, this Court may ultimately avoid the substantial costs of discovery, pretrial activities, and trial – all of which will serve the public's interest. A stay should be entered in this matter.

### IV.    CONCLUSION

WHEREFORE, for the reasons stated above, Mr. Denno respectfully requests that this Court stay the proceedings in this matter (with the limited exceptions identified above) pending the outcome of Mr. Denno's and Dr. Vassar's interlocutory appeals by right with the Sixth Circuit Court of Appeals. A proposed order reflecting the stipulation of the parties is attached hereto as **Exhibit 2**.

Respectfully submitted,

STARR, BUTLER, & STONER, PLLC

By:    s/ Daniel C. Waslawski
Daniel C. Waslawski (P78037)
Attorney for Defendant Denno only
20700 Civic Center Dr., Ste. 290
Southfield, MI  48076
(248) 864-4931
dwaslawski@starrbutler.com

Dated:  June 27, 2025

### CERTIFICATE OF SERVICE

The undersigned says that on June 27, 2025, she has caused to be served a copy of **Defendant Dennis Denno's Unopposed Motion to Stay Proceedings Pending Appeal, Brief in Support of Unopposed Motion, and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

s/ Kiersten Plane

{00137544.DOCX}    13