# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| Jack Lipton<br>*Plaintiff*<br>v.<br>Dennis Denno, individually, and Rema Vassar, individually and in her official capacity,<br>*Defendant* | Civil Action No. 1:24-cv-1029 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: MSU Board of Trustees, Hannah Administration Building, 426 Auditorium Rd, Room 450, East Lansing, MI 48824

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A, attached hereto. Said documents and information shall be produced either by delivering to the address below, and/or by emailing or otherwise electronically serving to the address noted below.

| Place: Abdnour Weiker, LLP, 325 E. Grand River, Ste. 250, East Lansing, MI 48823, liz@education-rights.com | Date and Time:<br>07/03/2025 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/02/2025

*CLERK OF COURT*

OR

_____           s/Elizabeth Abdnour
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Jack Lipton , who issues or requests this subpoena, are:

Elizabeth Abdnour, 325 E. Grand River, Ste. 250, East Lansing, MI 48823, liz@education-rights.com, (517) 292-0067

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-1029

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Definitions**

1. The terms "you" or "your" mean Michigan State University ("MSU") and the MSU Board of Trustees and agents, representatives, employees, attorneys, consultants, or any person acting or purporting to act on its behalf for any purpose or reason whatsoever on behalf of MSU and/or the MSU Board of Trustees.

2. The terms "relate to" or "relating to," including any variations thereof, shall be construed broadly and mean to involve, to bear upon, to concern, to reflect, to support, to refer to, to contain a discussion, description, notation, identification, or statement about, a reference to, or in any way a mention of, in whole or in part.

3. The terms "and" or "or" as used herein are terms of inclusion and not of exclusion, and they should be construed either disjunctively or conjunctively as necessary, to bring within the scope of this demand any documents or information that otherwise might be construed to be outside of its scope.

4. "Document" means any reduction of information to tangible form, including any information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. "Document" includes, but is not limited to correspondence, memoranda, reports, notes, minutes, transcripts, recordings, email, voicemail, calendar entries, text messages, computer data or documents stored on computers, computer disks, or computer backup tapes, and documents or data available on phones or other hand-held electronic devices. The term "Document" specifically includes electronically stored information ("ESI").

5. "Communication" means the transmittal of information (in the form of words, facts,

1

ideas, inquiries or otherwise), including any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone, e-mail or any other medium, whether formal or informal.

6. "Complaint" means the Amended Complaint in this action.

### Instructions

1. To the extent that any document or portion of a document is redacted or withheld on the basis of an assertion of privilege or work product, each such document shall nevertheless be Bates numbered and you shall, on a rolling basis no later than seven calendar days after the document is produced, produce or update a log containing, as to each such document or portion, the following information:

> • the Bates number(s);
>
> • the date;
>
> • the subject matter;
>
> • the purpose for which the document was created;
>
> • the identities of each person creating, sending, editing, or receiving the document, or any version or draft thereof, and whether such person was a lawyer acting as such with respect thereto; and
>
> • the basis for withholding or redacting the document.

2. The requests herein are continuing in nature. Please supplement your responses as necessary following any initial response.

3. If you cannot respond to any request fully, after exercising due diligence to secure the full information or knowledge you have concerning the request, so state and answer the

2

remaining portion stating whatever information or knowledge you have concerning the remaining portion and detailing your attempt to secure the unknown information.

  4. In answering these requests, furnish all information, including hearsay, however obtained, which you have in your possession, or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody, or control.

  5. If any portion of any document is responsive to any request, please produce the entire document. Documents produced pursuant to this request should be produced in the order in which they are kept in your files and shall not be shuffled or otherwise rearranged. Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form. Please advise in writing as to each document produced the document request herein to which the document is responsive.

  6. Identify the source of each of the documents or communications produced.

  7. If you have any questions regarding the scope, meaning, or intent of these requests, please promptly contact undersigned counsel in writing.

  8. Unless otherwise specified, these requests are limited to information and documents from January 16, 2024 to present.

  9. Documents shall be Bates-numbered, with each page separately numbered. The Bates number shall contain an alphabetical prefix that reasonably identifies the producing party. Documents produced in native format shall contain a Bates number as part of the file name.

  10. Text, word-processing, presentation (*e.g.*, PowerPoint), or similar electronic documents other than spreadsheets may be produced in native format if desired but otherwise shall

3

be produced in multipage .pdf form, with each separate document being produced as a separate file. It is *not* acceptable to group multiple documents into a single .pdf.

11. Spreadsheets (other than existing, printed copies thereof, which shall be treated as existing physical documents) must be produced in native format. Excel is the preferred format; please advise if spreadsheets will be produced in some other format.

12. E-mails may be produced either in .pdf form as above or in native format (please inform us in advance of production what file formats will be used if native format is chosen).

13. A draft or copy (whether or not identical) is a separate document.

a) Where multiple identical copies of a document exist in a single file location, only one copy need be produced.

b) Where, however, identical copies exist in separate file locations, the production must either include a separate copy from each location or identification of each location in which such a copy exists.

c) A document with handwritten, typewritten or other recorded notes, editing marks, etc., is a separate document from one without such modifications, additions, or deletions.

d) Any page of a document with a "Post-It" or similar note affixed to it shall be produced twice, as consecutive pages in the production, once with the note affixed and once without the note affixed.

14. When asked to identify: (a) a natural individual, means to state their full name, current or last known home address and telephone number, and current or last known business address and telephone number; (b) a corporation, means to state its full corporate name and any name under which it does business, its state of incorporation, the address of its principal place of

4

business; and the addresses of all of its offices in the United States of America; or (c) a business, means to state the full name under which the business is conducted, its business address or addresses, the type of business, and the identity of the person or persons who own, operate, and control the business.

15. If any documents or other tangible items identified herein are no longer in your possession, custody or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document: (i) describe the nature of the document (e.g., letter or memorandum); (ii) state the date of the document; (iii) identify the persons who sent and received the original and a copy of the document; (iv) state in as much detail as possible the content of the document; and (v) state the manner and date of disposition of the document.

16. All requests for production are requests for all electronically stored information ("ESI") responsive to these requests in addition to any physical documents.

17. All requests for documents are limited to those documents within your possession, custody, or control.

18. If you object to any of these discovery requests, please state the grounds for your objection and respond to the request.

**Documents Requested**

1. Please produce all documents containing the current physical and e-mail addresses and telephone number(s) of student Miselo "Missy" Chola maintained by the MSU Office of the Registrar, the MSU Neighborhood Student Success Center, and MSU Human Resources.

2. Please produce all documents containing the current physical and e-mail addresses and telephone number(s) of anyone identified as an emergency or other alternate contact for student Miselo "Missy" Chola maintained by the MSU Office of the Registrar.

3. All documentation of communications sent from or received by the MSU Board of Trustees related to the indemnification of Defendant Rema Vassar and/or Defendant Dennis Denno in the present action.

4. All documentation of internal communications exchanged among the MSU Board of Trustees related to the indemnification of Defendant Rema Vassar and/or Defendant Dennis Denno in the present action.

5. All personal notes, recordings, or other documents related to the indemnification of Defendant Rema Vassar and/or Defendant Dennis Denno in the present action.