UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JACK LIPTON,

       Plaintiff,

v.

MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES DIANNE BYRUM, DENNIS DENNO,
DAN KELLY, RENEE KNAKE JEFFERSON,
SANDY PIERCE, BRIANNA T. SCOTT,
KELLY TEBAY and REMA VASSAR,
in their individual and official capacities,

       Defendants.

Case No. 1:24-cv-01029-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

**<u>ORAL ARGUMENT
REQUESTED</u>**

---

**<u>UNOPPOSED MOTION BY DEFENDANT REMA VASSAR FOR STAY PENDING
RESOLUTION OF PENDING APPEALS AND CONCURRENCE IN UNOPPOSED
MOTION BY DEFENDANT DENNIS DENNO TO STAY PROCEEDINGS</u>**

       Defendant Rema Vassar, through her counsel, Lipson Neilson P.C., concurs in the

Unopposed Motion by Defendant Dennis Denno to Stay Proceedings[1] and moves for an Order

staying proceedings during her appeal, stating as follows:

       1.     This Court has denied the motion to dismiss filed by  Defendant Rema Vassar and

denied in part the motion to dismiss by Defendant Dennis Denno. These motions were based, in

part, upon Eleventh Amendment Immunity and Qualified Immunity. Therefore, the order denying

these motions was appealable by right. Both Defendants Vassar and Defendant Denno have timely

claimed an appeal as of right from the denial of these motions.[2]

       2.     The United States Supreme Court has held that all discovery must cease during an

---

[1] ECF No. 88: Denno Unopposed Motion to Stay Proceedings, PageID.605 et seq.
[2] *See* ECF No. 83: Notice of Vassar Appeal, PageID.595-596 and ECF no. 84: Notice of Denno
Appeal, PageID.597.

interlocutory appeal as of right from the denial of a motion to dismiss based upon governmental immunity. This Motion, and the Unopposed Motion filed by Defendant Denno, request the entry of an order staying discovery in this Court while these Defendants' appeals as of right are pending.

3.      Counsel for Defendants have sought concurrence as required by Local Rule 7.1(d). Plaintiff's counsel does not oppose the relief sought by this Motion and has approved the form and content of the proposed Order attached as Exhibit 2 to the Unopposed Motion filed by Defendant Dennis Denno. Defendant Vassar will file a Certificate of Compliance with Local Rule 7.1(d) with this Court.

WHEREFORE Defendant Dr. Rema Vassar requests that this Honorable Court grant this Motion, grant the Unopposed Motion filed by Trustee Denno, enter the Order attached as Exhibit 2 to the trustee Denno's Motion and grant such other relief as this Court deems just or equitable.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
Dated: July 10, 2025                                   tludden@lipsonneilson.com

## SUPPORTING BRIEF

### INTRODUCTION

Plaintiff Jack Lipton claims that Defendants have unlawfully retaliated against him in violation of his rights under the First Amendment to the United States Constitution. All Defendants moved to dismiss his claims on several grounds, including the Eleventh Amendment to the United States Constitution, which limits the jurisdiction of federal courts, sovereign immunity and qualified immunity. This Court denied the motion filed by Dr Vassar, partially denied the motion

filed by Trustee Denno and granted the motions filed by the other Defendants.[3]

Defendants Vassar and Denno are now appealing this denial of their motions as of right to the Sixth Circuit Court of Appeals.[4] Under controlling precedent, this Court should stay discovery in this case until these appeals are resolved. Plaintiff does not contest the relief sought by this Motion or the Unopposed Motion filed by Defendant Denno.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 23, 2024, Plaintiff filed his Amended Complaint,[5] which named as Defendants the MSU Board of Trustees, and eight MSU Trustees, in both their individual and official capacities.[6] One of the Trustees named as a Defendant by that pleading is the movant, Dr. Rema Vassar. She and the other Defendants moved to dismiss the Amended Complaint as their initial response to this pleading.[7]

In Count I of his Amended Complaint, the Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 because Defendants allegedly retaliated against him for exercising his First Amendment rights.  All the Defendants have moved to dismiss this claim because the Eleventh Amendment bars suits against a state, its agencies or state officials sued in their official capacity.[8]  They also sought dismissal because they are protected by qualified immunity from the claims against them in their personal capacity.[9]

---

[3] ECF No. 71: Order, PageID.486.
[4] *See* ECF No. 83: Notice of Vassar Appeal, PageID.595-596 and ECF no. 84: Notice of Denno Appeal, PageID.597.
[5] PageID.65 et seq.
[6] Amended Complaint, ¶¶ 32, 40-41, PageID.71-72.
[7] ECF No. 38: Dr. Vassar's Motion to Dismiss, PageID.230-268; ECF No. 35: Trustee Denno's Motion to Dismiss, PageID.186-225; ECF No. 33: Motion to Dismiss by MSU Board of Trustees and other Trustees, PageID.148-185.
[8] *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (cleaned up).
[9] ECF No. 38, pp. 22-23, PageID.257-258 (relying upon *Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985); and *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).

3

## ARGUMENT

Defendant Vassar is appealing the denial of her Motion to Dismiss to the Sixth Circuit Court of Appeals.[10] Defendant Denno has appealed the partial denial of his Motion to Dismiss.[11] Both appeals will raise the issue of whether they have qualified immunity from this suit. Defendant Vassar will also raise the issue of whether the Eleventh Amendment prevents this Court from exercising subject matter jurisdiction over Plaintiff's claims against her in her official capacity.

"The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Discovery should not continue until the threshold question of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982). The Supreme Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). The policy behind this doctrine is to "avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) (internal quotation marks omitted) (citing *Harlow*, 457 U.S. at 816).

The Supreme Court has held that absolute immunity is treated the same as qualified immunity as it relates to discovery during an appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985) ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable . . ."). "When the defendant takes an interlocutory appeal, all discovery must cease."

---

[10] *See* ECF No. 83: Notice of Vassar Appeal, PageID.595-596.
[11] *See* ECF No. 84: Notice of Denno Appeal, PageID.597.

*Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir. 1988) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).

Defendants Vassar and Denno have taken interlocutory appeals as of right from the denial of their motions to dismiss. Under controlling precedent issued by the United States Supreme Court and the Sixth Circuit Court of Appeals, discovery cannot proceed in this Court against Defendants Vassar and Denno until their appeals are resolved. Plaintiff's counsel does not dispute this and, subject to two narrow exceptions for subpoena issued to third parties, has agreed to the stay. These two exceptions are acceptable to Defendants Denno and Vassar.

### CONCLUSION AND RELIEF REQUESTED

This Court should grant this Motion, grant the Unopposed Motion by Trustee Denno and enter the Order attached as Exhibit 2 to Trustee Denno's Unopposed Motion to Stay Proceedings.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
Dated: July 10, 2025                       tludden@lipsonneilson.com

5

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(b)(1)**

This motion and brief comply with Local Rule 7.3(b)(1) because they contain  1194  words, excluding the caption, signature block, this certification and the certificate of service. This motion and brief were prepared in Microsoft Word for Microsoft 365 MSO, whose word count feature was used to determine compliance with rule.

Respectfully submitted,

LIPSON NEILSON P.C.

*/s/ C. Thomas Ludden*
C. Thomas Ludden (P45481)
Attorneys for Defendant Vassar Only
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302
(248) 593-5000
tludden@lipsonneilson.com

Dated: July 20, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, I electronically filed the foregoing Unopposed Motion to stay and Concurrence in Motion for Stay with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ C. Thomas Ludden
